Cindy A. Cohn (SBN 145997)
cindy@eff.org
Marcia Hofmann (SBN 250087)
marcia@eff.org
Nathan D. Cardozo (SBN 259097)
nate@eff.org
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Marco Simons (SBN 237314)
marco@earthrights.org
EARTHRIGHTS INTERNATIONAL
1612 K Street NW, Suite 401
Washington, DC 20006
Telephone: (202) 466-5188

Attorneys for Non-Party John Doe Movants

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEVRON CORP., <br><br> Plaintiff, <br><br> v. <br><br> STEVEN DONZIGER, *et al.* <br><br> Defendants. | Case No. CV-12-80237 MISC EJD <br><br> **ADMINISTRATIVE MOTION TO ENLARGE TIME FOR NON-PARTY JOHN DOES TO MOVE TO QUASH SUBPOENAS TO GOOGLE, INC. AND YAHOO!, INC. SEEKING IDENTITY AND EMAIL USAGE INFORMATION** |

1   Pursuant to Civil Local Rule 6-3, the John Doe Movants hereby move for an order

2   enlarging time to file a motion to quash two subpoenas issued by Chevron Corporation

3   ("Chevron")—one to Google, Inc. ("Google") and one to Yahoo!, Inc. ("Yahoo!"). Movants also

4   request an order preventing the service providers from disclosing the information prior to the

5   determination of the Movants' motion to quash. The subpoenas seek nine years' worth of identity

6   information, location information (in the form of IP logs), and unspecified "email usage

7   information" about 71 email addresses. These subpoenas, along with a third to Microsoft issued in

8   the District Court for the Northern District of New York, demand information about 101 email

9   addresses in total.

10   This motion arises from a lawsuit in the District Court for the Southern District of New

11   York captioned *Chevron Corp. v. Donziger, et al.*, Case No. 11-cv-0691 (LAK). On September 18,

12   2012, Chevron issued the subpoenas to Google and Yahoo!, providing the companies a return date

13   of October 5, 2012. (Declaration of Nathan D. Cardozo (hereafter "Cardozo Decl.") ¶ 5, Exhibits

14   B-C.) Pursuant to their internal policies, Google and Yahoo! sent emails to their customers

15   providing notice of the subpoenas, albeit not immediately. (Cardozo Decl. ¶ 6.) Moreover, some

16   individuals have reported to us that they do not check these email accounts regularly, so did not

17   receive notice of the subpoena until a few days after it was sent by their provider, and only then

18   began seeking counsel. (Cardozo Decl. ¶ 6.) We are informed and believe that some individuals

19   received notice of Chevron's subpoena for their account information as recently as October 2,

20   2012. (Cardozo Decl. ¶ 6.)

21   The vast majority of the individuals whose email addresses are listed in Chevron's

22   subpoenas are not named defendants in the underlying lawsuit. (Cardozo Decl. ¶ 7.) Several have

23   been involved in public advocacy and journalism about the underlying case and a related lawsuit in

24   Ecuador. Several others are former employees of counsel in the two cases. (Cardozo Decl. ¶ 7.)

25   The connection of others to the litigation is unclear. Undersigned counsel already represents many

26   of these non-party individuals, including as of the time of this filing owners of 18 Google Gmail

27   accounts and 9 Yahoo! email accounts, and are contacted by others on a daily basis. In fact, just

28   yesterday, October 4, 2012, we were approached by four additional individuals seeking legal

1

1   counsel in this matter.  Today, October 5, 2012, we were contacted by another individual for the

2   same purpose.  (Cardozo Decl. ¶ 7, Exhibit A.)

3         An order enlarging time is necessary and appropriate to allow counsel to conduct intake and

4   conflicts checks concerning these clients and potential clients; evaluate their particular factual

5   circumstances; and research, draft, and file their legal responses and declarations.  (Cardozo Decl.

6   ¶ 8.)  Additionally, the Movants intend to file a motion to quash the subpoenas that will raise

7   arguments based on the First Amendment rights to anonymity and association, among other

8   theories.  They will require sophisticated briefing and supporting declarations from at least some of

9   the email account holders, which themselves must be done anonymously in order not to moot the

10  very issue upon which the Movants seek review.  (Cardozo Decl. ¶ 9.)

11        In addition, an extension is necessary because the movants' attempts to negotiate an

12  extension, or even to discuss narrowing the subpoenas, with counsel for Chevron have been

13  unsuccessful.  (Cardozo Decl. ¶¶ 10-20.)  Undersigned counsel has repeatedly asked Chevron's

14  counsel to extend the subpoena compliance deadline to October 22, 2012 as to all the email

15  account holders listed in the subpoenas, explaining that we have been contacted by a number of

16  individuals whose identities and email usage information have been sought, and we expect to hear

17  from additional individuals as they continue to receive notice of the subpoenas from Google and

18  Yahoo!.  (Cardozo Decl. ¶¶ 11-12, 14, 16, 18-19.)  We have explained to counsel for Chevron that

19  we hope to eventually represent all the non-parties whose information Chevron seeks, and that we

20  intend to move to quash each subpoena in its entirety, given the extraordinary scope of information

21  requested by Chevron.  (Cardozo Decl. ¶ 12.)

22        We have also asked that Chevron extend the subpoena compliance deadline to allow

23  negotiation of the scope of the subpoenas, which might narrow the issues the Court must address or

24  entirely eliminate the need for our clients to file a motion to quash those subpoenas.  (Cardozo

25  Decl. ¶¶ 12, 14, 18-19.)  To date, however, Chevron has been unwilling to extend the subpoena

26  compliance deadline for any email account holders except those that we specifically identify as our

27  clients at this time, has not clarified what information the company is seeking, and has failed to

28  engage in negotiation to narrow the requests.  (Cardozo Decl. ¶¶ 15, 17 & 20.)

2

1    The Movants respectfully request that the Court issue an order enlarging time to file a

2    motion to quash each subpoena in its entirety up to and including October 22, 2012.  The extension

3    is necessary to ensure that all those who wish to participate in the motion have sufficient time to

4    secure representation.  It will also allow undersigned counsel sufficient time to prepare a motion to

5    quash, including multiple supporting Doe declarations, addressing the constitutional and other

6    issues raised by the subpoenas. (Cardozo Decl. ¶ 22.)  Counsel remains hopeful that Chevron will

7    be willing to discuss narrowing the subpoenas (which reach back to before Google's Gmail service

8    was even launched) in the intervening period.

9        Without the extension Movants seek, not only will their ability to present their arguments

10   fully to the Court be prejudiced, but the rights of additional potential movants will be substantially

11   and irreparably harmed.  Any potential motion on behalf of individuals who are just now receiving

12   notice of Chevron's subpoenas will be mooted if this extension is denied and Google or Yahoo!

13   produce their information to Chevron before those individuals are able to object. (Cardozo Decl.

14   ¶ 23.)

15       For the foregoing reasons, the Court should grant an enlargement of time until October 22,

16   2012 for the John Doe movants to move to quash the September 18, 2012 subpoenas served by

17   Chevron upon Google and Yahoo!, and order Google and Yahoo! not to comply with the

18   subpoenas until at least three days after the Court rules on the Movants' motion to quash to allow

19   time for an appeal, if necessary.

20   DATED:  October 5, 2012                Respectfully submitted,

21                                          ELECTRONIC FRONTIER FOUNDATION

22

23                                          Cindy A. Cohn, Esq.
                                            Marcia Hofmann, Esq.
24                                          Nathan D. Cardozo, Esq.
                                            Electronic Frontier Foundation
25                                          454 Shotwell Street
                                            San Francisco, CA 94110
26                                          Telephone:  (415) 436-9333
                                            Facsimile:   (415) 436-9993
27
                                            Counsel For Non-Party John Doe Movants
28

3

CV-12-80237 MISC EJD    ADMINISTRATIVE MOTION TO ENLARGE TIME FOR NON-
PARTY JOHN DOES TO MOVE TO QUASH SUBPOENAS