### IN THE UNITED STATES DISTRICT COURT
### Northern District of California
### RE THIRD PARTY SUBPOENA

**FILED**

OCT 1 6 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

| | |
|---|---|
| Chevron Corp. ) | |
| *Plaintiff* ) | Case No. 5:12-MC-80237 |
| ) | |
| v. ) | (also in District Court Southern District of NY |
| ) | as case no 11 Civ 0691 (LAK)) |
| Steven Donziger, et al. ) | |
| *Defendant* | |

## NONPARTY'S MOTION TO QUASH OR LIMIT CHEVRON SUBPOENA

I am representing myself pro se, and provide this Motion to Quash and/or Limit Subpoena. Google was served a subpoena (please see subpoena attached) to turn over personal and account information regarding my gmail account including: (A) detailed account information; and (B) usage of my gmail (rodgers.john@gmail.com) including IP logs, IP address information at time or registration and usage, and computer usage logs, among other information. The case no. cited by Google and on the subpoena is 11 Civ 10691 (LAK) in US District Court Southern District of New York. Based on discussions with the US District Court Northern District of California, I think the relevant case no. is 5:12-MC-80237.

I, John Rodgers, **affirm under penalty of perjury** that:

1.     I, John Rodgers, am a nonparty in the above entitled action, and respectfully move this Court, before the Honorable Edward J. Davila, United States District Judge, for an order pursuant to Rule 26 of the Federal Rules of Civil Procedure granting an order to quash or limit the Chevron subpoena.

2.     The reason is that the subpoena is overly broad, overly burdensome and is not reasonably calculated to lead to discovery of admissible evidence. My involvement with Steven Donziger's Ecuador work was extremely limited in time and scope, and involved no opinions or interaction with the court or appointed experts. If not quashed the subpoena should be limited in date and scope.

1

I provided support to Donziger's team as an environmental consultant, regarding the *Aguinda v. ChevronTexaco* case in Ecuador. I consulted over the two month period of May 1, 2007 to September 30, 2007 during which time I compiled an electronic database of data from publically available, hard copy existing reports as well as from hard copy judicial reports which were part of the *Aguinda v. ChevronTexaco* case record. I developed no new data, completed no analysis of the data, provided no opinions on the data, and had no further involvement in the case once the database was delivered.

Federal Rule of Civil Procedure, General Provisions Regarding Discovery, Rule 26 (b) (1) states that "Parties may obtain discovery regarding any nonprivileged matter **that is relevant** to any party's claim or defense ..." Section 26 (b) (2) (B) states "A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of **undue burden** or cost." Section 26 (b) (2) (C) (iii) states that "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that...the burden or expense of the proposed discovery **outweighs its likely benefit, considering the needs of the case**, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." [**bold** emphasis above is mine.]

Regarding Rule 26, the Chevron subpoena is unduly burdensome and overly broad. The vast majority of the data that would be divulged by Google is personal and completely unrelated to the Donziger case. The Chevron subpoena is for information related to my gmail account, which was in existence long before and since the brief two month period when I consulted in relation to the *Aguinda v. ChevronTexaco* case. The subpoena could have, but does not, set limits on the time period for which information is to be provided. Additionally, the subpoena is not limited to direct discovery towards information that is relevant to Chevron's claim. As such, the subpoena outweighs its likely benefit. Because this is my personal email, the subpoena would result in Google providing information extending far beyond what is relevant in this case. If not quashed, the subpoena should be limited to data associated with subject lines related to the consulting I did for ETech and/or that were sent to or received by individuals listed on the subpoena or associated with the *Aguinda v. ChevronTexaco* case. Additionally,

2

under 26 (b) (5), I claim that much of the information requested by Chevron is associated with spousal communications so is privileged. My wife Laura Belanger (email: belanger.laura@gmail.com) consulted on the Ecuador project with me, and is also listed on the subpoena. Though this subpoena is not requesting specific emails, any information related to my wife and me, not specifically associated with our Ecuador work, is private.

For the foregoing reasons, I respectfully request the Court to issue and order granting that the subpoena be quashed or limited. If the subpoena is not quashed in its entirety, then its overly broad requests should be narrowed considerably. The subpoena should be limited to the time period for which I consulted on the related case (May 1, 2007 through September 30, 2007) and to information associated with emails with subject lines related to this work and/or sent to or from individuals involved in the *Aguinda v. ChevronTexaco* case.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated:   Golden, Colorado          Signature _____          John Rodgers

_____ October 14, 2012 ___          Address  6090 Crestone Street, Golden, CO 80403

Telephone  720-771-8169 _____

CC: Honorable Edward J. Davila, United States District Judge

**Attached:** Chevron Google Subpoena

3

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | | |
|---|---|---|
| CHEVRON CORP. | ) | |
| *Plaintiff* | ) | Civil Action No.  11 Civ. 0691 (LAK) |
| v. | ) | |
| STEVEN DONZIGER, et al., | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Southern District of New York       ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Custodian of Records, Google, Inc., 1600 Amphitheatre Parkway, Mountain View, CA 94043

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

| Place: GIBSON, DUNN & CRUTCHER LLP | Date and Time: |
|---|---|
| 555 Mission Street, Suite 3000 | 10/05/2012 9:00 am |
| San Francisco, CA 94105 c/o Enrique Monagas | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:     09/07/2012

            CLERK OF COURT                              OR        *Rachel Brook*

    _____                    _____
        *Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*     Chevron Corporation
                                                        , who issues or requests this subpoena, are:

Rachel Brook, Gibson, Dunn & Crutcher LLP, 200 Park Ave., New York, NY 10166-0193
Telephone: (212)351-2609, rbrook@gibsondunn.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 11 Civ. 0691 (LAK)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

    $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

### DEFINITIONS

1. "DOCUMENT" has the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Rules for the United States District Court for the Southern District of New York and shall include all originals of any nature whatsoever and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise, including but not limited to all writings in any form, notes, memoranda, manuals, reports, records, correspondence, drawings, graphs, charts, photographs, phone records, data compilations of whatever nature (including those from which information can be obtained or translated if necessary), audio tapes, electronic mail messages, and electronic data (including any exchange of information between computers, all information stored in an electronic form or computer database, and all forms and formats of storage).

2. "RELATED TO," "RELATING TO," "IN RELATION TO," "REGARDING" and "CONCERNING" means in relation to, related to, consisting of, referring to, reflecting, concerning, discussing, evidencing, commenting on, describing, constituting, supporting, contradicting or having any logical or factual connection with the matter identified, in whole or in part.

### INSTRUCTIONS

1. These requests are governed by Rules 26 and 45 of the Federal Rules of Civil Procedure and any applicable law and Local Rule.

2. You are requested to produce all DOCUMENTS and things described below at Gibson, Dunn & Crutcher, LLP, c/o Enrique Monagas, 555 Mission Street, Suite 3000, San Francisco, CA 94105, on or before October 5, 2012.

3. In answering and responding to these document requests, you are requested to produce all DOCUMENTS that are in your possession, custody, or control, or that are in the possession, custody, or control of your principals, agents, employees, attorneys, representatives, insurers, and any other persons or entities, acting on your behalf.

4. If any of the information or DOCUMENTS supplied in response to these document requests does not come from your records, please specify the source of the DOCUMENTS.

5. If you refuse to produce any requested DOCUMENT under a claim of attorney-client privilege, work product privilege, or any other privilege or protection, it is requested that you submit for each DOCUMENT withheld a written statement that: specifies the privilege or other asserted basis for withholding the DOCUMENT; summarizes the substance of the DOCUMENT; identifies the person or entity who prepared the DOCUMENT and any persons or entities to which the DOCUMENT was sent or disclosed; and specifies the dates on which the DOCUMENT was prepared, transmitted, or received.

6.      The time period covered by these document requests runs from 2003 to the present. This is a continuing request. Any DOCUMENT obtained or located after the date of production that would have been produced had it been available or had its existence been known at that time should be produced immediately.

7.      If an objection is made to any numbered request, or any subpart thereof, state with specificity all grounds for the objection.

8.      All responsive and potentially responsive documents and tangible things should be preserved and maintained pending the outcome of this matter.

## DOCUMENTS REQUESTED

All DOCUMENTS RELATED TO (A) the identity of the user of the following email addresses, including but not limited to DOCUMENTS that provide all names, mailing addresses, phone numbers, billing information, date of account creation, account information and all other identifying information associated with the email address under any and all names, aliases, identities or designations RELATED TO the email address; (B) the usage of the following email addresses, including but not limited to DOCUMENTS that provide IP logs, IP address information at time of registration and subsequent usage, computer usage logs, or other means of recording information concerning the email or Internet usage of the email address; and (C) IP address information for the email sent by gringograndote@gmail.com to sdonziger@gmail.com on April 1, 2008 at 12:15 pm (likely Eastern or Central Time) with the subject "Fwd: Informe Final."

1.    sdonziger@gmail.com

2.    farihahzaman@gmail.com

3.    srd.asst@gmail.com

4.    gringograndote@gmail.com

5.    pafabibi@gmail.com

6.    ingrcabrerav@gmail.com

7.    rcabrerav@gmail.com

8.    casotexaco@gmail.com

9.    grahamrocks@gmail.com

10.   catmongeon@gmail.com

11.   belanger.laura@gmail.com

12.   richard.clapp@gmail.com

2

13.    ampage@gmail.com

14.    briansethparker@gmail.com

15.    manemachetes@gmail.com

16.    josephmutti@gmail.com

17.    garcesme@gmail.com

18.    echeverra.alejandra@gmail.com

19.    hueyzactlan@gmail.com

20.    kevinkoenigquito@gmail.com

21.    lupitadeheredia@gmail.com

22.    lauragarr@gmail.com

23.    katiafachgomez@gmail.com

24.    coldmtn@gmail.com

25.    firger@gmail.com

26.    cortelyou@gmail.com

27.    jeremylow@gmail.com

28.    goldstein.ben@gmail.com

29.    sayjay80@gmail.com

30.    drewwoods3@gmail.com

31.    john.wotowicz@gmail.com

32.    courtneyrwong@gmail.com

33.    rodgers.john@gmail.com

34.    marialya@gmail.com

35.    sara.colon@gmail.com

36.    tegelsimeon@gmail.com

37.    bandawatch@gmail.com

38.   invictusdocs2010@gmail.com

39.   comandocondor88@gmail.com

40.   kevinjonheller@gmail.com

41.   cara.parks@gmail.com

42.   javipi002@gmail.com

43.   osimonc@gmail.com

44.   wilsonaguinda@gmail.com

4