# EXHIBIT 7

| From: | Doug Beltman <dbeltman@stratus consulting.com> |
|---|---|
| Sent: | Friday, August 1, 2008 4:27 PM |
| To: | Pablo Fajardo Mendoza <pafabibi@gmail.com>; STEVEN DONZIGER <sdonziger@gmail.com> |
| Subject: | Plan de Trabajo -- Texpet cleanup |

Pablo y Steven:

Una de nuestras tareas para los comentarios sobre el informe de Cabrera en el Plan de Trabajo es conducir un análisis técnico de si la limpieza de Texpet en los años 90 se conformó con los requisitos técnicos para la limpieza. Cabrera menciona ya que el trabajo de Texpet no limpió realmente las piscinas, y la idea de este análisis era determinar si podríamos criticar más la limpieza de Texpet para no conformarse con los requisitos técnicos. Repasé cuidadosamente los requisitos técnicos para la limpieza en los cuales se especifican:

- El contrato del mayo de 1995 para ejecutar el trabajo y el lanzamiento remediadores de obligaciones, de la responsabilidad, y de demandas

- La Declaración del Trabajo de marzo de 1995 para la limpieza que se añade al contrato

- El Plan de Actuación Remediador (RAP) del agosto de 1995 escrito por un contratista de Texpet y aprobado por ROE.

Comparé los requisitos técnicos contenidos en esos documentos contra la descripción de la remediación y los resultados de la prueba que se describen en el informe 2000 de Woodward Clyde.

 Aunque haya algunas ambigüedades de la lengua y de cuestiones legales potenciales (tales como contradicciones evidentes entre la declaración del marzo de 1995 del trabajo y el RAP), no encontré ninguna casos clara donde Texpet no cumplió las condiciones requeridas en la limpieza. La excepción muy grande, por supuesto, es que el muestreo durante las inspecciones judiciales y por Cabrera demostrado que las piscinas "limpiados" de hecho todavía están contaminadas- sin embargo, el muestreo hecho por la poste-limpieza de Woodward Clyde demostró las piscinas para estar de acuerdo con los requisitos de contrato. Esta discrepancia importante alocución ya por Cabrera en su informe. Hay también la edición que el RAP está en conflicto con leyes del Ecuadorian, pero otra vez yo no hice evalúa eso aquí.

Por lo tanto, no tengo ninguna comentarios a prepararse en este aspecto del informe de Cabrera.

ENGLISH:

Pablo y Steven:

One of our tasks for the comments on the Cabrera Report in the Plan de Trabajo is to conduct a technical analysis of whether the Texpet cleanup in the 1990s complied with the technical requirements for the cleanup. Cabrera already points out that the Texpet work did not actually clean up the pits, and the idea of this analysis was to determine if we could further criticize the Texpet cleanup for not complying with the technical requirements.

I carefully reviewed the technical requirements for the cleanup that are specified in:

-The May 1995 contract for implementing remedial work and release from obligations, liability, and claims
-The March 1995 Statement of Work for the cleanup that is appended to the contract
-The August 1995 Remedial Action Plan (RAP) written by a Texpet contractor and approved by ROE.

I compared the technical requirements contained in those documents against the description of the remediation and the testing results that are described in the 2000 Woodward Clyde report.

STRATUS-NATIVE063668

Although there are some ambiguities of language and potential legal issues (such as apparent contradictions between the March 1995 Statement of Work and the RAP), I did not find any clear instances where Texpet did not meet the conditions required in the cleanup. The very large exception, of course, is that sampling during the Judicial Inspections and by Cabrera showed that the "cleaned" pits are in fact still contaminated - however, the sampling done by Woodward Clyde post-cleanup showed the pits to be in compliance with the contract requirements. This important discrepancy has already been addressed by Cabrera in his report. There is also the issue that the RAP conflicts with Ecuadorian laws, but again I didn't evaluate that here.

Therefore, I do not have any comments to prepare on this aspect of the Cabrera report.

================
Douglas Beltman
Executive Vice President
Stratus Consulting Inc.
303.381.8000
303.381.8200 (fax)
www.stratusconsulting.com

STRATUS-NATIVE063669