# EXHIBIT 21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
In re Application of

CHEVRON CORPORATION                                                    10 MC 00002 (LAK)

This Document Applies to ALL CASES
------------------------------------------------------------------ x

                              **ORDER**

```
┌────────────────────────────────────┐
│ USDS SDNY                          │
│ DOCUMENT                            │
│ ELECTRONICALLY FILED               │
│ DOC #: _____                    │
│ DATE FILED: |-2|-||                │
└────────────────────────────────────┘
```

LEWIS A. KAPLAN, *District Judge.*

       Part of what remains pending before me by virtue of a recent motion by Chevron Corporation ("Chevron"), joined by Rodrigo Pérez Pallares and Ricardo Reis Veiga (the "Individual Petitioners"),  is the application to require production by Donziger of mirror images of his hard drives for forensic inspection by Chevron and the Individual Petitioners.  At this point, Donziger has had a full opportunity to be heard on the issue, which is ripe for decision.  Several observations are appropriate.

       1.    The urgency of the application could not be greater.  The Individual Petitioners face a hearing in Ecuador to determine whether they must stand trial on criminal charges.  While the date of that hearing, which has been adjourned twice in the past couple of months, now is, as far as this Court is aware, uncertain, there is no reason to suppose that it could not be scheduled very promptly.  Moreover, despite Donziger's and the Lago Agrio plaintiffs' repeated protestations that no judgment is imminent in the civil litigation against Chevron, Donziger testified on January 18, 2011, that "at this point the judge could enter a judgment at any point" in the case.  Donziger Dep. 3255:19-25.

       2.    There is reason to believe that Donziger has not complied full and promptly with the subpoenas served upon him and with this Court's orders that he do so.

          •    In an effort to overturn this Court's orders, Donziger represented to the Court of Appeals that the enforcement of those orders would require him "to turn over . . . virtually his entire file" consisting of more than 200,000 documents. *In re Chevron,* No. 10-434, DI 4, at 2 & DI 112 at 1).  After that effort failed, Donziger produced less than 20,000 documents.  Chevron then obtained an order from this Court requiring Donziger to search his electronic files using search terms, at least many of which obviously should have been used in the first place.  Following those searches, Donziger produced an additional 87,080 documents over 85 percent of which are said to be responsive to the subpoenas and thus subject to the orders.

- Despite the belated additional production, there is evidence that at least suggests that Donziger may have erased or is withholding still other responsive documents. *See* letter, Randy M. Mastro, Jan. 21, 2011, at 1. Among other things, documents produced by Donziger have not included a good many relevant documents that were originated by or sent to Donziger that have been produced by others pursuant to subpoenas in other proceedings. In this electronic era, the likelihood that Donziger does not have those documents on his hard drives, absent some purging of those hard drives, seems remote. Moreover, a forensic examination might well succeed in determining whether any such purges occurred, who initiated them, and when they took place and in recovering some or all of the purged documents.

- Donziger testified on January 18, 2011 that the contents of a Yahoo e-mail account that he maintained to store documents of obvious possible relevance here – an account, the password to which he allegedly has forgotten – may have been erased and that "[i]t is possible" that he erased them, although he claims not to remember. Donziger Dep. 3012:14-3013:12, 3032:11-20.

3.      According to Donziger's counsel, the computer hard drives were imaged some time ago and are in the possession of that counsel. The production of those imaged hard drives for forensic examination by Chevron and the Individual Petitioners would impose no burden on Donziger. Indeed, Donziger's recent submission on this point does not claim otherwise. Letter, Bruce S. Kaplan, Jan. 18, 2011, at 5-6. Nor has there been any showing that imaging the hard drives for the period subsequent to the original imaging would present any great problem or cost. Accordingly, there is no basis for concluding that the information on the imaged hard drives "is not reasonably accessible because of undue burden or cost." *Ameriwodd Indus. Inc. v. Liberman,* No. 4:06CV524-DJS, 2006 WL 3825291, at *2 (E.D. Mo. Dec. 27, 2006).

In all the circumstances, including the substantial basis for concluding that electronic "documents" have been erased and searches of electronic files have been inadequate, grudging and delayed, so much of the motion as seeks an order requiring production of images of computer hard drives in Donziger's possession, custody or control is granted. Such images shall be produced forthwith.

SO ORDERED.

Dated:      January 21, 2011

_____
Lewis A. Kaplan
United States District Judge