# EXHIBIT 24



December 7, 2010

*Via Facsimile and U.S. Mail*
212-373-7901

Bruce Kaplan, Esq.
Friedman Kaplan Seller & Adelman LLP,
1633 Broadway, 46 Floor
New York, NY 10019

Re: ***In re: Application of Chevron Corporation, et al.***
**United States District Court, Southern District of New York, case no. 10-MC-0002**
(Internal Reference No. 167122)

Dear Mr. Kaplan:

Yahoo! Inc. ("Yahoo!") is in receipt of a subpoena dated November 29, 2010 issued in the above-referenced matter.

As we understand it, you are seeking data relating to a Yahoo! subscriber. Yahoo! is a resident of California and the vast majority of documents and information regarding its business is retrievable from its headquarters in Sunnyvale, California. Our understanding of Rule 45 of the Federal Rules of Civil Procedure is that a subpoena for production of documents should be issued from the court in the district where the production is to be made. As such, your subpoena should be issued from the U.S. District Court for the Northern District of California.

Subpoenas must be personally served or sent by certified mail or express delivery to Yahoo! at 701 First Avenue, Sunnyvale, California, 94089, to the attention of the Yahoo! Custodian of Records.

Please be advised that Yahoo! does not have access to user passwords. Password information is encrypted for the safety and security of the user account. As such, we are unable to provide user passwords for production in response to your request.

To the extent that the subpoena may be requesting email content for the Yahoo! subscriber identified in the subpoena, please be advised that pursuant to the Stored Communications Act ("SCA"), 18 U.S.C. §2701, *et seq.*, Yahoo! is prohibited from disclosing the contents of electronic communications absent certain exceptions. 18 U.S.C. § 2702(b). As courts have repeatedly recognized, this statute has no exception for civil discovery. *See, e.g., O'Grady v. Superior Court*, 2006 Cal. App. LEXIS 802, *2-3 (Ct. App. Cal. May 26, 2006) (no SCA exception for disclosure of communications pursuant to civil discovery subpoenas); *In re: Subpoena Duces Tecum to AOL, LLC*, 550 F.Supp.2d 606, 609-612 (E.D. Va. 2008).



701 First Avenue • Sunnyvale, CA 94089 • phone 408 349-3300 • fax 408 349-3301        yahoo.com

The primary exception under which disclosure is permitted is subscriber consent. Accordingly, if you seek to compel lawful disclosure from Yahoo!, we suggest you obtain consent of the subscriber in question. 18 U.S.C. § 2702(b)(3). Upon receipt of your confirmation that the subscriber identified in your request will consent to Yahoo!'s disclosure of the email or other content stored in his account, Yahoo! will provide you with its Consent to Search and Account Verification ("CSAV") form, which requires the subscriber to (1) provide information used by Yahoo! to verify their identity as the account holder; (2) identify the individual(s) to whom Yahoo! should send the requested documents after they have been collected and; (3) define the scope of Yahoo!'s disclosure.

Please note that with regard to email content, Yahoo! only maintains and has access to the contents a user retains in his or her email account.

Additionally, please be advised that upon receipt of a subpoena or other legal process, Yahoo! preserves the requested information and sends notice to the user indicating that the subpoena was issued requesting information regarding their account. It is Yahoo!'s policy that if a user objects to the production of the requested information by filing a Motion to Quash (or other legally proper objection) with the Court, Yahoo! will not produce any responsive documents until the court has ruled on the motion or objection.

At this time, Yahoo! does not have any documents responsive to the subpoena.

By this letter, Yahoo! does not waive any objection to further proceedings in this matter.

Please contact me if you have any questions.

Sincerely,

Christian Lee
Legal Assistant
408-349-8511


Enclosure

**Consent to Search**

I, _____, the account holder of the email address, _____, understand that my email communications are being sought in connection with a subpoena. I hereby grant my consent to authorize the following law firm: _____, to receive, review, copy, and otherwise obtain access to all information of any kind held by Yahoo! relating to my email communications maintained by Yahoo! relating to me or my email address.

In connection with this authority to release information, I do hereby agree to hold harmless and do forever hold harmless Yahoo! for the disclosure of such information and do forever waive on my behalf, and on behalf of my heirs and assigns, any and all claims resulting from Yahoo!'s disclosure of any information relating to my account pursuant to this authorization.

I acknowledge that this Consent to Search is not complete until I send an email from my account, _____, to notice-user@yahoo-inc.com verifying that this account belongs to me.