1   THEODORE J. BOUTROUS JR., SBN 132099
        tboutrous@gibsondunn.com
2   GIBSON, DUNN & CRUTCHER LLP
    333 South Grand Avenue
3   Los Angeles, California 90071-1512
    Telephone: 213.229.7000
4   Facsimile: 213.229.7520

5   ETHAN D. DETTMER, SBN 196046
        edettmer@gibsondunn.com
6   GIBSON, DUNN & CRUTCHER LLP
    555 Mission Street
7   San Francisco, California 94105-0921
    Telephone: 415.393.8200
8   Facsimile: 415.393.8306

9   Attorneys for Plaintiff
    CHEVRON CORPORATION

10

11              UNITED STATES DISTRICT COURT

12           NORTHERN DISTRICT OF CALIFORNIA

13

14  CHEVRON CORPORATION,                    Case No. C 12-80237 MISC

15                      Plaintiff,          DECLARATION OF REBECCA GRAY ON
                                            BEHALF OF CHEVRON CORPORATION
16          v.                              IN OPPOSITION TO DEFENDANTS'
                                            MOTION TO QUASH CHEVRON
17  STEVEN DONZIGER, et al.,                CORPORATION'S SUBPOENAS TO
                                            GOOGLE INC. AND YAHOO! INC.
18                      Defendant.

19

20

21

22

23

24

25

26

27

28

DECLARATION OF REBECCA GRAY ON BEHALF OF CHEVRON CORPORATION IN OPPOSITION TO
DEFENDANTS' MOTION TO QUASH CHEVRON CORPORATION'S SUBPOENAS TO GOOGLE INC. AND
YAHOO! INC. – CASE NO. C 12-80237 MISC

I, Rebecca Gray, declare:

1.  I am an attorney licensed to practice law in the State of Maryland and the District of Columbia. I am an associate in the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Chevron Corporation ("Chevron") in the above-captioned matter. I make this declaration, based on personal knowledge, on behalf of Chevron in opposition to Defendants' Motion to Quash Chevron Corporation's Subpoenas to Google Inc. and Yahoo! Inc. (Defendants' "Motion to Quash").

2.  Attached hereto as **"Exhibit A"** is a true and correct transcription of a voice message from Larry R. Veselka, counsel for certain Defendants in the above-captioned proceeding, which was received by my colleague, Christopher M. Joralemon, on Tuesday, October 2, 2012. In his message, Mr. Veselka indicates that he is "passing . . . on" a request from "counsel for some of the folks on the Google, Microsoft, Yahoo subpoenas . . . about trying to get an extension of the return date on those" and further notes that "it would be some convenience of getting all three of them at the same time."

3.  Attached hereto as **"Exhibit B"** is a true and correct copy of an email from my colleague, Howard S. Hogan, to Mr. Veselka on Wednesday, October 3, 2012. In his email, Mr. Hogan confirms receipt of Mr. Veselka's voice message and states that Chevron is "generally amenable to extensions upon reasonable request. If you would like an extension on behalf of any clients of yours that are registered holders of accounts listed in the subpoenas, please let me know which accounts are at issue and the basis for your extension request and I will respond promptly. Should counsel for any other account holders desire an extension, please have them contact me directly."

4.  I am informed and believe that Mr. Veselka did not send any response to Mr. Hogan's October 3 email before Defendants' Motion to Quash was filed.

5.  I am informed and believe that neither Mr. Veselka, nor any other counsel for the Defendants in the above-captioned matter, ever spoke face to face or by telephone to counsel for Chevron regarding any of the concerns set forth in Defendants' Motion to Quash prior to filing that Motion.

6.  On September 24, 2012, I spoke by telephone with Laura Belanger regarding Chevron's subpoena to Google. During that conversation, Ms. Belanger confirmed that she is the

2

Gibson, Dunn & Crutcher LLP

DECLARATION OF REBECCA GRAY ON BEHALF OF CHEVRON CORPORATION IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH CHEVRON CORPORATION'S SUBPOENAS TO GOOGLE INC. AND YAHOO! INC. – CASE NO. C 12-80237 MISC

1    owner of belanger.laura@gmail.com, and I confirmed that the subpoena does not request email

2    content.

3        7.    On September 29, 2012, I spoke by telephone with Joseph Mutti regarding Chevron's

4    subpoena to Google. During that conversation, Mr. Mutti confirmed that he is the owner of

5    josephmutti@gmail.com, and I confirmed that the subpoena does not request email content.

6        8.    On October 4, 2012, I spoke with Mark A. Robertson regarding Chevron's subpoena

7    to Google. During that conversation, Mr. Robertson represented that he is counsel for the owner of

8    john.wotowicz@gmail.com and asked about the date range of Chevron's requests to Google. I

9    confirmed that Chevron would be willing to narrow the date range requested in the subpoena based

10   on his client's representations as to the relevant date range so long as those representations were not

11   in conflict with evidence already in Chevron's possession.

12       9.    Attached hereto as **"Exhibit C"** is a true and correct copy of a letter I received from

13   Mr. Robertson on October 12, 2012, which says, "thank you for your willingness to limit the scope of

14   Chevron's document request to Google related to john.wotowicz@gmail.com." The letter continues:

15   "As we discussed, Mr. Wotowicz is the only person who has had access to this account and he does

16   not believe the e-mail account has ever been accessed by anyone other than himself. Mr. Wotowicz

17   had contact with Donziger and investigated funding from sometime in July 2009 to sometime in May

18   2010 and did not deal with Donziger or the investigation of funding outside that time period.

19   Accordingly, you have agreed to limit the document request to Google regarding

20   john.wotowicz@gmail.com to that time period. Mr. Wotowicz consents to the production of

21   documents responsive to Chevron's document request (B) to the extent that request (B) is limited to

22   July 1, 2009 through May 31, 2010."

23       10.   Attached hereto as **"Exhibit D"** is a true and correct copy of a letter I sent to Ms.

24   Nguyen, of Google, on October 15, 2012, to "advise [Google] that Chevron has reached agreement

25   with the owner of john.wotowicz@gmail.com." The letter states that "Chevron is dropping document

26   request (A) for john.wotowicz@gmail.com" and further notes that "the time period covered by

27   document request (B) should be limited to July 1, 2009, through May 31, 2010, for

28   john.wotowicz@gmail.com."

Gibson, Dunn &
Crutcher LLP

DECLARATION OF REBECCA GRAY ON BEHALF OF CHEVRON CORPORATION IN OPPOSITION TO
DEFENDANTS' MOTION TO QUASH CHEVRON CORPORATION'S SUBPOENAS TO GOOGLE INC. AND
YAHOO! INC. – CASE NO. C 12-80237 MISC

11.     On October 4, 2012, I spoke with Ethan A. Balogh regarding Chevron's subpoena to Google. During that conversation, Mr. Balogh represented that he is counsel for the owner of briansethparker@gmail.com and asked about the date range of Chevron's requests to Google. I confirmed that Chevron would be willing to narrow the date range requested in the subpoena based on his client's representations as to the relevant date range.

12.     Attached hereto as **"Exhibit E"** is a true and correct copy of a letter I sent to Mr. Balogh on October 9, 2012, which states that "Chevron's subpoena seeks information about the briansethparker@gmail.com email account as it was (or is) related to the activities and events at issue in *Chevron Corp. v. Donziger* . . . [a]ccordingly, we are willing to withdraw category (A) of Chevron's document requests if Mr. Parker confirms in writing that he created this account and maintained exclusive control over [it] from the time that it was created to the present . . . [f]urther . . . the scope of category (B) can be limited to the dates relevant to Mr. Parker's communications with the defendants and non-party co-conspirators named in the *Chevron Corp. v. Donziger* case."

13.     Attached hereto as **"Exhibit F"** is a true and correct copy of a letter dated October 3, 2012, from Mr. Hogan to Nathan Cardozo, counsel for several owners of email accounts listed on Chevron's subpoenas to Google and Yahoo! Inc. In the letter, Mr. Hogan states that "Chevron's subpoena seeks identifying information for the users of email accounts that have been identified through discovery, and seeks routine information about the dates and times that those email accounts were accessed. As is clear from the face of the subpoenas, they do not seek information about the contents or recipients of particular emails."

14.     Attached hereto as **"Exhibit G"** is a true and correct copy of an email exchange between myself and Edison Camino-Castro, who claims to be the owner of limcas2002@yahoo.com. In Mr. Mr. Camino-Castro's initial October 9, 2012, email, he states that he is "willing and ready to cooperate with you, should you require my information, data, documents and testimony." In my October 14, 2012, response email, I state that "Chevron's subpoena to Yahoo only seeks information directly from Yahoo, not from you. The subpoena asks Yahoo to provide us with user account information and IP logs . . . but not the content of any emails sent using those email addresses."

Gibson, Dunn & Crutcher LLP

DECLARATION OF REBECCA GRAY ON BEHALF OF CHEVRON CORPORATION IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH CHEVRON CORPORATION'S SUBPOENAS TO GOOGLE INC. AND YAHOO! INC. – CASE NO. C 12-80237 MISC

15.     Attached hereto as **"Exhibit H"** is a true and correct copy of a letter Mr. Hogan sent to Mr. Veselka on October 13, 2012, which states that "Chevron's subpoenas . . . include routine requests for user account information and IP logs . . . [and] do not call for the production of email content or internet searches.  Further, Chevron's document requests apply only to responsive information available as of the date of the request.  As a result, the claims raised in your motion to quash are unfounded.  We suggest again that you withdraw your motion to quash, given that it is based on an incorrect reading of the subpoena.  We remain willing to discuss the specific date ranges that you believe should be applied for each of the email accounts."

16.     Attached hereto as **"Exhibit I"** is a true and correct copy of a letter Mr. Veselka sent to Mr. Hogan on October 17, 2012, in which Mr. Veselka states that Defendants will not withdraw their Motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 19th day of October, 2012, in Washington, D.C.

Rebecca Gray

DECLARATION OF REBECCA GRAY ON BEHALF OF CHEVRON CORPORATION IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH CHEVRON CORPORATION'S SUBPOENAS TO GOOGLE INC. AND YAHOO! INC. – CASE NO. C 12-80237 MISC