# EXHIBIT F

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Howard S. Hogan
Direct: +1 202.887.3640
Fax: +1 202.530.9550
HHogan@gibsondunn.com

Client: 19624-00020

October 3, 2012

<u>VIA E-MAIL</u>

Nathan Cardozo
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA  94110

Re:   Chevron's Subpoenas to Google, Yahoo, and Microsoft in *Chevron v. Donziger, et al.*, No. 11-civ-0691 (S.D.N.Y.)

Dear Mr. Cardozo:

I write in response to your letter of October 2, 2012 to my colleague, Rebecca Gray.  We appreciate your attempt to provide a written summary of your position, but a number of issues require clarification.

Based on the statements in your letter, you may not be aware that the matter underlying this subpoena is a RICO case involving a $19 billion conspiracy to extort Chevron using a fraudulently obtained court judgment in Ecuador.  Evidence Chevron already has obtained from the plaintiffs' attorneys and consultants involved in the fraud, including email and other electronic documents, has established that the conspirators used multiple alias email accounts and the email accounts of affiliates and proxies to help them carry out and conceal their fraud.  Chevron's Amended Complaint in the underlying action details just some of the evidence that was available as of the time of filing as to defendants' repeated instances of ghostwriting and other frauds facilitated by the use of email.[1]  Other evidence that we have obtained through discovery (including evidence unearthed since the Amended Complaint was filed) indicates that secret email accounts have also been used to facilitate this fraud, and discovery into this activity continues.

Chevron's subpoena seeks identifying information for the users of email accounts that have been identified through discovery, and seeks routine information about the dates and times that those email accounts were accessed.  As is clear from the face of the subpoenas, they do not seek information about the contents or recipients of particular emails.  Obtaining basic identifying information and internet access information about email accounts that are associated with the RICO defendants' fraudulent scheme is reasonably calculated to assist

---

[1]   A copy of the Amended Complaint is available at <http://chevronecuadortrial.com/>.  You can also watch a summary of video evidence of the fraud at <http://www.youtube.com/texacoecuador>.

Brussels · Century City · Dallas · Denver · Dubai · Hong Kong · London · Los Angeles · Munich · New York
Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

# GIBSON DUNN

Nathan Cardozo
October 3, 2012
Page 2

Chevron in determining what additional discovery is required from the RICO defendants or third parties.

Moreover, as Ms. Gray has made clear, Chevron is willing to discuss reasonable limitations to those requests that affect your clients. Indeed, we have already extended the response deadline for each account you have identified as belonging to your clients to allow us to work with you to address any concerns about scope. We also have already concluded successful negotiations with other account holders and their counsel regarding the scope of the subpoenas as to their specific email addresses. And we continue to engage in productive discussions with the owners of other accounts. To the extent the Electronic Frontier Foundation (EFF) has an attorney-client relationship with additional account holders, we would be happy to discuss with you in good faith the scope and timing of the response to the subpoena with respect to those accounts. You have to date refused to identify all the email accounts that you claim to represent, and Chevron cannot engage in negotiations with you regarding discovery related to parties you are not authorized to represent, including those who we know have affirmatively chosen other counsel.

With regard to timing, Chevron provided the account owners with more than sufficient time to assert their rights with respect to these subpoenas—our initial response date provided approximately four weeks for notification and response (far longer than the customary two weeks). While we are willing to accommodate reasonable extensions, Chevron's ability to do so is limited by upcoming discovery deadlines in the RICO case. The deadline for service of new party discovery in the underlying action is December 1, 2012, and the information we expect to obtain from this subpoena is likely to require follow up discovery and implicate that deadline.

Accordingly, I reiterate Ms. Gray's request that you please identify all email accounts for which the owners have specifically authorized you to represent them. Regarding the six accounts that you have identified as held by your clients, and for which Chevron has extended the response deadline to October 22, we will be in touch shortly regarding the basis for our subpoenas and possible limitations.

Sincerely,

Howard S. Hogan

HSH/ppm
101378798.1