# EXHIBIT I

# SMYSER KAPLAN & VESELKA, L.L.P.

BANK OF AMERICA CENTER
700 LOUISIANA SUITE 2300 HOUSTON, TEXAS 77002
TELEPHONE 713.221.2300 FACSIMILE 713.221.2320

Direct Dial Number:
(713) 221-2325

Author's E-mail Address:
lveselka@skv.com

October 17, 2012

Howard S. Hogan
GIBSON, DUNN, CRUTCHER, LLP
1050 Connecticut Avenue, NM.W.
Washington, DC 20036-5306

Re: *Subpoenas to Google and Yahoo and Microsoft In Chevron Corp. v. Donziger No. 11-civ-0691 (S.D.N.Y)*

Dear Mr. Hogan:

Your letter of October 13, 2012 regarding our recent discussions about the above-referenced subpoenas contains numerous statements with which I disagree. I discuss below only those issues necessary to attempt to resolve the matter cooperatively.

This matter began with Chevron's issuance and service of the subject Google and Yahoo subpoenas on September 7, 2012 and of the subject Microsoft subpoena on September 10, 2012, without complying with the prior notice to all parties required by Federal Rule of Civil Procedure 45. When we pointed that out to Chevron by letter dated September 17, 2012, Chevron's counsel compounded the violation of the prior notice requirement by re-serving the same subpoenas on September 19, 2012, the same date that Chevron's counsel dismissively notified Defendants of that action. *See* Randy Mastro letter of September 18, 2012 attached. Re-serving these subpoenas on the same date as the "notice" likely does not even comply with the letter of the rule, but it certainly violates the spirit and intent of the Rule to allow Defendants time to seek Court intervention before service. Indeed, the subpoenas, although served that day, some 9-12 days later than the original service dates, called for responses and production on the original return dates – October 5 for the Google and Yahoo subpoenas and October 8 for the Microsoft subpoenas – a mere 16 to 19 days from the new service date.

Notwithstanding that history, Defendants did not reply to Mr. Mastro's letter so cavalierly dismissing failure to comply with Rule 45. Instead, we attempted to resolve the matter by professional cooperation. I called the Chevron counsel designated as the point man for conferring about discovery matters and left a voicemail on October 2, 2012 requesting that Chevron extend the return dates on the subpoenas until October 22, 2012 for all account holders whose information Chevron was seeking from the Internet Service Providers.

384807.1

Howard S. Hogan
GIBSON, DUNN, CRUTCHER, LLP
October 17, 2012
Page 2

---

You responded by voicemail and email on October 3, 2012. Your email did not agree to extend the date for all account holders. Instead, you offered (two days before the return date for the Google and Yahoo subpoenas) only to consider an extension for "any clients of yours that are registered holders" and requested that I identify the accounts and the "basis for your extension request...."

In light of that exchange, you should not have been surprised when we filed our motion to quash on the return date of October 5, 2012, as you purport to have been in your letter of October 13, 2012. Your letter also claims that your October 3, 2012 email addressed your potential willingness "to try to narrow the scope of the information requested." Your email included no reference to narrowing the scope, only potential extension of the return date for identified account holders.

Having forced us to file the motion to quash on October 5, 2012, Chevron then later that same day unilaterally extended the return dates to October 22, 2012, as I had requested initially.

You then contacted me to discuss our motion to quash. We discussed the matter on October 10. We explained how we thought that the definitions used and the description of the data requested went beyond the material permissible under federal law. We also questioned how Chevron felt it relevant to this case to seek data after February 14, 2011, the date of the Ecuadorian judgment, since Chevron was objecting to producing documents to the Donziger Defendants after that date as irrelevant. In our conversation, we asked you to propose in writing limitations to (a) the definitions and descriptions of the data being sought and (b) time frame covered for us to see if we could resolve the motion. I understood that you said that you would consider doing so. Your letter of October 13, 2012 does neither. It merely regurgitates your earlier denial and does not attempt to clarify, much less limit, the overly broad and improperly defined subpoena.

We would still like to resolve the matter without involving the Court if you will propose language limiting the scope and time frame of the data requested. Otherwise, we respectfully decline your request that we withdraw the motion.

Sincerely,

Larry R. Veselka   /s/ Larry R. Veselka by permission

cc:   Chris Joralemon
      Matthew Werdegar

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Randy M. Mastro
Direct: 212.351.3825
Fax: 212.351.5219
RMastro@gibsondunn.com

Client: T 19624-00020

September 18, 2012

VIA EMAIL

Craig Smyser
Smyser Kaplan & Veselka, LLP
700 Louisiana, Suite 2300
Houston, TX 77002

Re: *Chevron Corp. v. Donziger, et al.*, Case No. 11 Civ. 0691 (LAK)

Dear Mr. Smyser:

I write as counsel for Chevron Corporation ("Chevron") in response to your letter of yesterday regarding service of third-party document subpoenas. Your complaints are either unfounded, inconsequential, or both.

Your complaint about lack of notice concerning the subpoena to Andrew Woods is simply wrong. Prior to its service on the witness, all counsel of record were provided prior notice by email (attaching a copy of the subpoena) from my colleague, Anne Champion, sent at 1:57 PM EDT on Friday, September 14. We also contacted counsel for Mr. Woods at Keker & Van Nest that same day prior to service to ask whether they wanted to accept service of the subpoena before sending a process server. We understand from the process server that the subpoena was served on Saturday, September 15. Because all or the vast majority of the potentially responsive documents to that subpoena should have already been collected and reviewed in response to Chevron's subpoena to Mr. Woods from the Count 9 action, the two-week return date should be more than sufficient, but that is an issue to be addressed, if necessary, with Mr. Woods' counsel, not you.

Your complaint about lack of notice concerning the subpoenas to email service providers Google, Yahoo, and Microsoft is of no consequence. You received notice by email (attaching copies of the subpoenas) from my colleague, Rebecca Gray, yesterday morning at 7:13 AM EDT. And as you are undoubtedly now aware, the return dates on those document subpoenas are far out, October 5, 2012 for both Google and Yahoo, and October 8 for Microsoft. While we do not believe defendants have been prejudiced in any way from proceeding in this manner, in an abundance of caution, and to eliminate any issue whatsoever, we are immediately re-serving these subpoenas on the email service providers, Microsoft, Google, and Yahoo, and advising them by letter that we are amenable to affording them more time to respond to the re-served subpoenas if they need it.

It is obvious from your latest letter that you intend to continue your "obstruct and delay" tactics and to interpose any objection, no matter how meritless or frivolous, to try to block Chevron's discovery efforts here. This much is also evident from your demand that Chevron afford you 10

# GIBSON DUNN

September 17, 2012
Page 2

days' prior notice of subpoenas, which is nowhere required under any federal rule. We do not believe that Rule 45 requires any special protocol or timing for the provision of notice of a third-party subpoena. Rule 45 simply requires that notice of a document subpoena be provided to the parties "before it is served." Fed. R. Civ. P. 45(b)(1). Defendants have now received such notice for all of these subpoenas served by Chevron to date.

Sincerely,

Randy M. Mastro /A.S.

Randy M. Mastro

cc: All Counsel of Record