1   Cindy A. Cohn (SBN 145997)
    cindy@eff.org
2   Marcia Hofmann (SBN 250087)
    marcia@eff.org
3   Nathan D. Cardozo (SBN 259097)
    nate@eff.org
4   ELECTRONIC FRONTIER FOUNDATION
5   454 Shotwell Street
    San Francisco, CA 94110
6   Telephone: (415) 436-9333
    Facsimile: (415) 436-9993
7

8   Marco Simons (SBN 237314)
    marco@earthrights.org
9   EARTHRIGHTS INTERNATIONAL
    1612 K Street NW, Suite 401
10  Washington, DC 20006
    Telephone: (202) 466-5188
11

12  Attorneys for Non-Party John Doe Movants

13                  **UNITED STATES DISTRICT COURT**

14            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

15  CHEVRON CORP.,                    )  Case No. CV-12-80237 CRB (NC)
                                      )
16                      Plaintiff,    )  **DECLARATION OF MICHELLE**
                                      )  **HARRISON IN SUPPORT OF MOTION**
17        v.                          )  **OF NON-PARTY JOHN DOE MOVANTS**
                                      )  **TO QUASH SUBPOENAS TO GOOGLE,**
18  STEVEN DONZIGER, et al.           )  **INC. AND YAHOO! INC. SEEKING**
                                      )  **IDENTITY AND EMAIL USAGE**
19                      Defendants.   )  **INFORMATION**
                                      )
20                                    )
                                      )
21                                    )
                                      )
22                                    )
                                      )
23  _____ )

24

25

26

27

28

CV-12-80237                    HARRISON DECLARATION

1.     I, Michelle Harrison, have personal knowledge of all matters set forth in this declaration. If called upon to do so, I could and would testify to all matters set forth herein.

2.     I am a law clerk with EarthRights International, counsel of record for Non-Party John Doe Movants.

3.     EarthRights International and the Electronic Freedom Frontier represent the owners of the following email accounts: cortelyou@gmail.com, sayjay80@gmail.com, kevinkoenigquito@gmail.com, marialya@gmail.com, coldmtn@gmail.com, figer@gmail.com, bandawatch@gmail.com, catmongeon@gmail.com, briansethparker@gmail.com, lupitadeheredia@gmail.com, josephmutti@gmail.com, drewwoods3@gmail.com, katiafachgomez@gmail.com, tegelsimeon@gmail.com, lara_garr@gmail.com, richard.clapp@gmail.com, ampage@gmail.com, goldstein.ben@gmail.com, wilsonaguinda@gmail.com, sara.colon@gmail.com, farihahzaman@gmail.com, jeremylow@gmail.com and courtneyrwong@gmail.com, jenbilbao3@yahoo.com, kshuk22@yahoo.com, eriktmoe66@yahoo.com, drewwoods3@yahoo.com, lupitadeheredia@yahoo.com, and Lore_gamboa@yahoo.es. We also represent the owners of the following Microsoft email account addresses for the purpose of a separate motion to quash filed in the Northern District of New York: simeontegel@hotmail.com, mey_1802@hotmail.com, and lupitadeheredia@hotmail.com.

4.     We are filing representative sample declarations from our clients in support of the motion to quash the subpoenas. We can provide additional declarations if the court requires.

5.     The declarations are submitted and signed by our clients using their email address only. A copy of each declaration with the account holders' true names and signatures are on file with this office.

6.     Attached hereto as Exhibit 1 are true and correct copies of three subpoenas issued to Google, Yahoo! and Microsoft in *Chevron Corp. v. Donziger, et al.*, Case No. 11-cv-0691 (LAK) (S.D.N.Y. filed Feb. 1, 2011).

7.     Attached hereto as Exhibit 2 is a true and correct copy of a September 28, 2012 blog posting by Kevin Jon Heller, My Encounter With a Chevron Subpoena--and the ACLU's

1

1   Assistance (Updated), available at http://opiniojuris.org/2012/09/28/my-encounter-with-a-chevron-

2   subpoena-and-the-aclus-assistance/.

3       I declare under penalty of perjury under the laws of the United States of America that the

4   foregoing is true and correct. Executed on October 22, 2012.

5

6

7       _____

8       MICHELLE C. HARRISON

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# Exhibit 1

# Exhibit 1

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Randy M. Mastro
Direct: 212.351.3825
Fax: 212.351.5219
RMastro@gibsondunn.com

Client: T 19624-00020

September 18, 2012

<u>VIA HAND DELIVERY</u>

Custodian of Records
Google, Inc.
1600 Ampitheatre Parkway
Mountain View, CA  94043

Re:  Subpoena in *Chevron Corp. v. Donziger*, *et al.*, Case No. 11 Civ. 0691 (LAK)

To Whom It May Concern:

I write to inform you that, in order to ensure prior notice to all parties to the above-referenced action, Chevron Corporation ("Chevron") is formally re-serving the enclosed subpoena, which was previously served on September 7, 2012.

You will note that the return date for this subpoena remains October 5, 2012.  However, Chevron is amenable to reasonably extending that deadline if Google requires additional time to respond.

Should you have any questions regarding the enclosed subpoena, please contact my colleague, Rebecca Gray, at 202.887.3616 or rgray@gibsondunn.com.

Sincerely,

*Randy M. Mastro /VK*

Randy M. Mastro

Enclosure

cc: All Counsel of Record, *Chevron Corp. v. Donziger, et al.*, Case No. 11 Civ. 0691 (LAK)

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | |
|---|---|
| CHEVRON CORP. | ) |
| *Plaintiff* | ) |
| v. | ) |
| STEVEN DONZIGER, et al., | ) |
| *Defendant* | ) |

Civil Action No.   11 Civ. 0691 (LAK)

(If the action is pending in another district, state where:
Southern District of New York           )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Custodian of Records, Google, Inc., 1600 Amphitheatre Parkway, Mountain View, CA 94043

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

| Place: GIBSON, DUNN & CRUTCHER LLP | Date and Time: |
|---|---|
| 555 Mission Street, Suite 3000 | 10/05/2012 9:00 am |
| San Francisco, CA 94105 c/o Enrique Monagas | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:     09/07/2012

CLERK OF COURT

_____          OR          *Rachel Brook*
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Chevron Corporation
_____ , who issues or requests this subpoena, are:

Rachel Brook, Gibson, Dunn & Crutcher LLP, 200 Park Ave., New York, NY 10166-0193
Telephone:  (212)351-2609, rbrook@gibsondunn.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  11 Civ. 0691 (LAK)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

## DEFINITIONS

1.      "DOCUMENT" has the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Rules for the United States District Court for the Southern District of New York and shall include all originals of any nature whatsoever and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise, including but not limited to all writings in any form, notes, memoranda, manuals, reports, records, correspondence, drawings, graphs, charts, photographs, phone records, data compilations of whatever nature (including those from which information can be obtained or translated if necessary), audio tapes, electronic mail messages, and electronic data (including any exchange of information between computers, all information stored in an electronic form or computer database, and all forms and formats of storage).

2.      "RELATED TO," "RELATING TO," "IN RELATION TO," "REGARDING" and "CONCERNING" means in relation to, related to, consisting of, referring to, reflecting, concerning, discussing, evidencing, commenting on, describing, constituting, supporting, contradicting or having any logical or factual connection with the matter identified, in whole or in part.

## INSTRUCTIONS

1.      These requests are governed by Rules 26 and 45 of the Federal Rules of Civil Procedure and any applicable law and Local Rule.

2.      You are requested to produce all DOCUMENTS and things described below at Gibson, Dunn & Crutcher, LLP, c/o Enrique Monagas, 555 Mission Street, Suite 3000, San Francisco, CA  94105, on or before October 5, 2012.

3.      In answering and responding to these document requests, you are requested to produce all DOCUMENTS that are in your possession, custody, or control, or that are in the possession, custody, or control of your principals, agents, employees, attorneys, representatives, insurers, and any other persons or entities, acting on your behalf.

4.      If any of the information or DOCUMENTS supplied in response to these document requests does not come from your records, please specify the source of the DOCUMENTS.

5.      If you refuse to produce any requested DOCUMENT under a claim of attorney-client privilege, work product privilege, or any other privilege or protection, it is requested that you submit for each DOCUMENT withheld a written statement that: specifies the privilege or other asserted basis for withholding the DOCUMENT; summarizes the substance of the DOCUMENT; identifies the person or entity who prepared the DOCUMENT and any persons or entities to which the DOCUMENT was sent or disclosed; and specifies the dates on which the DOCUMENT was prepared, transmitted, or received.

6.      The time period covered by these document requests runs from 2003 to the present.  This is a continuing request.  Any DOCUMENT obtained or located after the date of production that would have been produced had it been available or had its existence been known at that time should be produced immediately.

7.      If an objection is made to any numbered request, or any subpart thereof, state with specificity all grounds for the objection.

8.      All responsive and potentially responsive documents and tangible things should be preserved and maintained pending the outcome of this matter.

## **<u>DOCUMENTS REQUESTED</u>**

All DOCUMENTS RELATED TO (A) the identity of the user of the following email addresses, including but not limited to DOCUMENTS that provide all names, mailing addresses, phone numbers, billing information, date of account creation, account information and all other identifying information associated with the email address under any and all names, aliases, identities or designations RELATED TO the email address; (B) the usage of the following email addresses, including but not limited to DOCUMENTS that provide IP logs, IP address information at time of registration and subsequent usage, computer usage logs, or other means of recording information concerning the email or Internet usage of the email address; and (C) IP address information for the email sent by gringograndote@gmail.com to sdonziger@gmail.com on April 1, 2008 at 12:15 pm (likely Eastern or Central Time) with the subject "Fwd: Informe Final."

1.      sdonziger@gmail.com

2.      farihahzaman@gmail.com

3.      srd.asst@gmail.com

4.      gringograndote@gmail.com

5.      pafabibi@gmail.com

6.      ingrcabrerav@gmail.com

7.      rcabrerav@gmail.com

8.      casotexaco@gmail.com

9.      grahamrocks@gmail.com

10.     catmongeon@gmail.com

11.     belanger.laura@gmail.com

12.     richard.clapp@gmail.com

2

13.   ampage@gmail.com

14.   briansethparker@gmail.com

15.   manemachetes@gmail.com

16.   josephmutti@gmail.com

17.   garcesme@gmail.com

18.   echeverra.alejandra@gmail.com

19.   hueyzactlan@gmail.com

20.   kevinkoenigquito@gmail.com

21.   lupitadeheredia@gmail.com

22.   lauragarr@gmail.com

23.   katiafachgomez@gmail.com

24.   coldmtn@gmail.com

25.   firger@gmail.com

26.   cortelyou@gmail.com

27.   jeremylow@gmail.com

28.   goldstein.ben@gmail.com

29.   sayjay80@gmail.com

30.   drewwoods3@gmail.com

31.   john.wotowicz@gmail.com

32.   courtneyrwong@gmail.com

33.   rodgers.john@gmail.com

34.   marialya@gmail.com

35.   sara.colon@gmail.com

36.   tegelsimeon@gmail.com

37.   bandawatch@gmail.com

38.     invictusdocs2010@gmail.com

39.     comandocondor88@gmail.com

40.     kevinjonheller@gmail.com

41.     cara.parks@gmail.com

42.     javipi002@gmail.com

43.     osimonc@gmail.com

44.     wilsonaguinda@gmail.com

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Randy M. Mastro
Direct: 212.351.3825
Fax: 212.351.5219
RMastro@gibsondunn.com

Client: T 19624-00020

September 18, 2012

<u>VIA HAND DELIVERY</u>

Custodian of Records
Yahoo, Inc.
701 First Avenue
Sunnyvale, CA  94089

Re:   Subpoena in *Chevron Corp. v. Donziger*, *et al.*, Case No. 11 Civ. 0691 (LAK)

To Whom It May Concern:

I write to inform you that, in order to ensure prior notice to all parties to the above-referenced
action, Chevron Corporation ("Chevron") is formally re-serving the enclosed subpoena, which
was previously served on September 10, 2012.

You will note that the return date for this subpoena remains October 5, 2012.  However, Chevron
is amenable to reasonably extending that deadline if Yahoo requires additional time to respond.

Should you have any questions regarding the enclosed subpoena, please contact my colleague,
Rebecca Gray, at 202.887.3616 or rgray@gibsondunn.com.

Sincerely,

Randy M. Mastro /VK

Randy M. Mastro

Enclosure

cc: All Counsel of Record, *Chevron Corp. v. Donziger, et al.*, Case No. 11 Civ. 0691 (LAK)

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| Chevron Corp. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   11 Civ. 0691 (LAK) |
| STEVEN DONZIGER, et al., | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Southern District of New York       ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Custodian of Records, Yahoo, Inc., 701 First Avenue, Sunnyvale CA, 94089

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

| Place: GIBSON, DUNN & CRUTCHER LLP | Date and Time: |
|---|---|
| 555 Mission Street, Suite 3000<br>San Francisco, CA 94105 c/o Enrique Monagas | 10/05/2012 9:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  _09/07/2012_

|                     CLERK OF COURT | OR | *Rachel Brook* |
|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | | _____<br>*Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Chevron Corporation
_____ , who issues or requests this subpoena, are:

Rachel Brook, Gibson, Dunn & Crutcher LLP, 200 Park Ave., New York, NY 10166-0193
Telephone: (212) 351-2609, rbrook@gibsondunn.com

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   11 Civ. 0691 (LAK)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**SCHEDULE A**

**<u>DEFINITIONS</u>**

1.      "DOCUMENT" has the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Rules for the United States District Court for the Southern District of New York and shall include all originals of any nature whatsoever and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise, including but not limited to all writings in any form, notes, memoranda, manuals, reports, records, correspondence, drawings, graphs, charts, photographs, phone records, data compilations of whatever nature (including those from which information can be obtained or translated if necessary), audio tapes, electronic mail messages, and electronic data (including any exchange of information between computers, all information stored in an electronic form or computer database, and all forms and formats of storage).

2.      "RELATED TO," "RELATING TO," "IN RELATION TO," "REGARDING" and "CONCERNING" means in relation to, related to, consisting of, referring to, reflecting, concerning, discussing, evidencing, commenting on, describing, constituting, supporting, contradicting or having any logical or factual connection with the matter identified, in whole or in part.

**<u>INSTRUCTIONS</u>**

1.      These requests are governed by Rules 26 and 45 of the Federal Rules of Civil Procedure and any applicable law and Local Rule.

2.      You are requested to produce all DOCUMENTS and things described below at Gibson, Dunn & Crutcher, LLP, c/o Enrique Monagas, 555 Mission Street, Suite 3000, San Francisco, CA  94105, on or before October 5, 2012.

3.      In answering and responding to these document requests, you are requested to produce all DOCUMENTS that are in your possession, custody, or control, or that are in the possession, custody, or control of your principals, agents, employees, attorneys, representatives, insurers, and any other persons or entities, acting on your behalf.

4.      If any of the information or DOCUMENTS supplied in response to these document requests does not come from your records, please specify the source of the DOCUMENTS.

5.      If you refuse to produce any requested DOCUMENT under a claim of attorney-client privilege, work product privilege, or any other privilege or protection, it is requested that you submit for each DOCUMENT withheld a written statement that: specifies the privilege or other asserted basis for withholding the DOCUMENT; summarizes the substance of the DOCUMENT; identifies the person or entity who prepared the DOCUMENT and any persons or entities to which the DOCUMENT was sent or disclosed; and specifies the dates on which the DOCUMENT was prepared, transmitted, or received.

6.      The time period covered by these document requests runs from 2003 to the present.  This is a continuing request.  Any DOCUMENT obtained or located after the date of production that would have been produced had it been available or had its existence been known at that time should be produced immediately.

7.      If an objection is made to any numbered request, or any subpart thereof, state with specificity all grounds for the objection.

8.      All responsive and potentially responsive documents and tangible things should be preserved and maintained pending the outcome of this matter.

<u>**DOCUMENTS REQUESTED**</u>

All DOCUMENTS RELATED TO (A) the identity of the user of the following email addresses, including but not limited to DOCUMENTS that provide all names, mailing addresses, phone numbers, billing information, date of account creation, account information and all other identifying information associated with the email address under any and all names, aliases, identities or designations RELATED TO the email address; and (B) the usage of the following email addresses, including but not limited to DOCUMENTS that provide IP logs, IP address information at time of registration and subsequent usage, computer usage logs, or other means of recording information concerning the email or Internet usage of the email address.

1.      [sdonziger@yahoo.com](mailto:sdonziger@yahoo.com)

2.      [Documents2010@ymail.com](mailto:Documents2010@ymail.com)

3.      [Sdonziger2@yahoo.com](mailto:Sdonziger2@yahoo.com)

4.      [ingrcabrerav@yahoo.com](mailto:ingrcabrerav@yahoo.com)

5.      [rcabrerav@yahoo.com](mailto:rcabrerav@yahoo.com)

6.      [Lcoca62@yahoo.com.mx](mailto:Lcoca62@yahoo.com.mx)

7.      [jdtorres@yahoo.com](mailto:jdtorres@yahoo.com)

8.      [elpezkadr@yahoo.com](mailto:elpezkadr@yahoo.com)

9.      [lupitadeheredia@yahoo.com](mailto:lupitadeheredia@yahoo.com)

10.     [Pedrofreire69@yahoo.es](mailto:Pedrofreire69@yahoo.es)

11.     [Fpenafiel1100@yahoo.com](mailto:Fpenafiel1100@yahoo.com)

12.     [Champcw1@yahoo.com](mailto:Champcw1@yahoo.com)

13.     [robinsoncofan@yahoo.es](mailto:robinsoncofan@yahoo.es)

14.     [limcas2002@yahoo.com](mailto:limcas2002@yahoo.com)

15.   drewwoods3@yahoo.com

16.   jenbilbao3@yahoo.com

17.   kshuk22@yahoo.com

18.   juanaulestia@yahoo.com.mx

19.   emu_25@yahoo.com

20.   eriktmoe66@yahoo.com

21.   doug_vilsack@yahoo.com

22.   valeramia@yahoo.com

23.   frente_de_defensa@yahoo.com

24.   ruben.miranda@rocketmail.com

25.   Lore_gamboa@yahoo.es

26.   limcas2002@yahoo.com

27.   sandragrimaldi12@yahoo.com

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Randy M. Mastro
Direct: 212.351.3825
Fax: 212.351.5219
RMastro@gibsondunn.com

Client: T 19624-00020

September 18, 2012

**VIA HAND DELIVERY**

Lee Howard
Microsoft Corporation
One Microsoft Way
Redmond, WA  98052-6399

Re:  Subpoena in *Chevron Corp. v. Donziger*, *et al.*, Case No. 11 Civ. 0691 (LAK)

Dear Ms. Howard:

I write to inform you that, in order to ensure prior notice to all parties to the above-referenced action, Chevron Corporation ("Chevron") is formally re-serving the enclosed subpoena, which was previously served on September 10, 2012.

You will note that the return date for this subpoena remains October 8, 2012.  However, Chevron is amenable to reasonably extending that deadline if Microsoft requires additional time to respond.

Should you have any questions regarding the enclosed subpoena, please contact my colleague, Rebecca Gray, at 202.887.3616 or rgray@gibsondunn.com.

Sincerely,

*Randy M. Mastro /VK*

Randy M. Mastro

Enclosure

cc: All Counsel of Record, *Chevron Corp. v. Donziger, et al.*, Case No. 11 Civ. 0691 (LAK)

Brussels · Century City · Dallas · Denver · Dubai · Hong Kong · London · Los Angeles · Munich · New York
Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Northern District of New York

| | |
|---|---|
| CHEVRON CORP. | ) |
| _Plaintiff_ | ) |
| v. | ) |
| STEVEN DONZIGER, et al., | ) |
| _Defendant_ | ) |

Civil Action No.   11 Civ. 0691 (LAK)

(If the action is pending in another district, state where:
Southern District of New York          )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Microsoft Registered Agent, Corporation Service Company, 80 State Street, Albany, NY 12207

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

| Place: GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166-0193 c/o Alex Marx | Date and Time:<br><br>10/08/2012 9:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   09/10/2012

| CLERK OF COURT | | |
|---|---|---|
| _____<br>_Signature of Clerk or Deputy Clerk_ | OR | _Rachel Brook_<br>_____<br>_Attorney's signature_ |

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_   Chevron Corporation
_____ , who issues or requests this subpoena, are:

Rachel Brook, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166-0193
Telephone:  (212)351-2609, rbrook@gibsondunn.com

Civil Action No.  11 Civ. 0691 (LAK)

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

## DEFINITIONS

1.       "DOCUMENT" has the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Rules for the United States District Court for the Southern District of New York and shall include all originals of any nature whatsoever and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise, including but not limited to all writings in any form, notes, memoranda, manuals, reports, records, correspondence, drawings, graphs, charts, photographs, phone records, data compilations of whatever nature (including those from which information can be obtained or translated if necessary), audio tapes, electronic mail messages, and electronic data (including any exchange of information between computers, all information stored in an electronic form or computer database, and all forms and formats of storage).

2.       "RELATED TO," "RELATING TO," "IN RELATION TO," "REGARDING" and "CONCERNING" means in relation to, related to, consisting of, referring to, reflecting, concerning, discussing, evidencing, commenting on, describing, constituting, supporting, contradicting or having any logical or factual connection with the matter identified, in whole or in part.

## INSTRUCTIONS

1.       These requests are governed by Rules 26 and 45 of the Federal Rules of Civil Procedure and any applicable law and Local Rule.

2.       You are requested to produce all DOCUMENTS and things described below at Gibson, Dunn & Crutcher, LLP, c/o Alex Marx, 200 Park Avenue, New York, NY 10166-0193, on or before October 8, 2012.

3.       In answering and responding to these document requests, you are requested to produce all DOCUMENTS that are in your possession, custody, or control, or that are in the possession, custody, or control of your principals, agents, employees, attorneys, representatives, insurers, and any other persons or entities, acting on your behalf.

4.       If any of the information or DOCUMENTS supplied in response to these document requests does not come from your records, please specify the source of the DOCUMENTS.

5.       If you refuse to produce any requested DOCUMENT under a claim of attorney-client privilege, work product privilege, or any other privilege or protection, it is requested that you submit for each DOCUMENT withheld a written statement that: specifies the privilege or other asserted basis for withholding the DOCUMENT; summarizes the substance of the DOCUMENT; identifies the person or entity who prepared the DOCUMENT and any persons or entities to which the DOCUMENT was sent or disclosed; and specifies the dates on which the DOCUMENT was prepared, transmitted, or received.

6.      The time period covered by these document requests runs from 2003 to the present.  This is a continuing request.  Any DOCUMENT obtained or located after the date of production that would have been produced had it been available or had its existence been known at that time should be produced immediately.

7.      If an objection is made to any numbered request, or any subpart thereof, state with specificity all grounds for the objection.

8.      All responsive and potentially responsive documents and tangible things should be preserved and maintained pending the outcome of this matter.

## DOCUMENTS REQUESTED

All DOCUMENTS RELATED TO (A) the identity of the user of the following email addresses, including but not limited to DOCUMENTS that provide all names, mailing addresses, phone numbers, billing information, date of account creation, account information and all other identifying information associated with the email address under any and all names, aliases, identities or designations RELATED TO the email address; and (B) the usage of the following email addresses, including but not limited to DOCUMENTS that provide IP logs, IP address information at time of registration and subsequent usage, computer usage logs, or other means of recording information concerning the email or Internet usage of the email address.

1.      Examen_pericial@hotmail.com

2.      muerteenlaselva@hotmail.com

3.      ingracabrerav@hotmail.com

4.      rcabrerav@hotmail.com

5.      cristobalvillao@hotmail.com

6.      luisvillacreces@hotmail.com

7.      julprieto@hotmail.com

8.      juanpasaenz@hotmail.com

9.      gaer69chzpr@hotmail.com

10.     donaldmoncayo@hotmail.com

11.     alex_anchundia2007@hotmail.com

12.     erikatorres_19@hotmail.com

13.     gabrielitaep@hotmail.com

14.     hannagoanna@hotmail.com

15.    duruti@hotmail.com

16.    aulestiajuan@hotmail.com

17.    maryelji20@hotmail.com

18.    mey_1802@hotmail.com

19.    monica_pareja@hotmail.com

20.    pirancha@hotmail.com

21.    nick_aussie@hotmail.com

22.    renatog85@hotmail.com

23.    selvaviva2004@hotmail.com

24.    simeontegel@hotmail.com

25.    patriciogarcia_2009@hotmail.com

26.    criscadena@hotmail.com

27.    albertoguerrab@hotmail.com

28.    faisal_baki@hotmail.com

29.    Hjploro@hotmail.com

30.    osimonc@hotmail.com

# Exhibit 2

Exhibit 2

# My Encounter with a Chevron Subpoena — and the ACLU's Assistance (Updated)

by Kevin Jon Heller

Last week, while I was participating in a conference, I received an email from Google with a puzzling subject line: "Subpoena Notice from Google (Internal Ref. No. 257121)." I opened the email, assuming that it was some kind of sophisticated phishing attempt. It wasn't. It was Google informing me — more than a little cryptically — that Chevron had subpoenaed my account information and that it intended to comply unless I filed a motion to quash. Here is Google's email, with only some identifying information redacted:

> Hello,
>
> Google has received a subpoena for information related to your Google account in a case entitled *Chevron Corp. v. Steven Donziger, et al.*, United States District Court for the Northern District of California, 11 Civ. 0691 (LAK) (Internal Ref. No. 257121).
>
> To comply with the law, unless you provide us with a copy of a motion to quash the subpoena (or other formal objection filed in court) via email at [Google email address] by 5pm Pacific Time on October 7, 2012, Google may provide responsive documents on this date.
>
> For more information about the subpoena, you may wish to contact the party seeking this information at:
>
> [Attorney name]
> Gibson, Dunn & Crutcher LLP
> 200 Park Ave
> New York, New York 10166-0193
> [Attorney phone number]
>
> Google is not in a position to provide you with legal advice.
>
> If you have other questions regarding the subpoena, we encourage you to contact your attorney.
>
> Thank you,
> Google Legal Support

My first reaction was shock. As regular readers know, I have often criticized Chevron's actions in Ecuador. But I could not imagine why Chevron was subpoenaing my private information; the sum total of my interaction with Steven Donziger, the Ecuadorian plaintiffs' lead attorney and the defendant in Chevron's lawsuit, consisted of two emails, neither of which contained anything substantive. What did Chevron think I had that would help them? Or were they simply trying to intimidate me?

My second reaction was anger. I am — obviously — a blogger. I am also, as a blogger, a journalist. I have sources who provide me with confidential information on a wide variety of issues; those sources could lose their jobs if their identities were ever revealed. It infuriated me that Chevron would try to obtain my account information — and I was equally frustrated that Google apparently had no intention whatsoever of protecting my privacy.

There was never any doubt in my mind that I would resist the subpoena. But this wasn't my area of law, so I immediately wrote for advice to my friend and *Guardian* blogger **Glenn Greenwald**, who has passionately defended the rights of bloggers and journalists. Glenn put me in touch with **Ben Wizner**, the Director of the ACLU's fantastic **Speech, Privacy & Technology Project**. To my relief, the ACLU quickly agreed to help me.

Our first step was to obtain a copy of the subpoena. Once I informed Google that the ACLU was assisting me, they provided one. The good news was that Chevron was not seeking the contents of my Gmail. The bad news was that they were asking for **nine years** of IP logs, which would likely have given them three types of information: (1) the geographic location from which I sent each and every Gmail; (2) the kind of device I used to send each and every Gmail (phone, computer, iPad); and (3) the service provider (internet, mobile, etc.) I used to send each and every Gmail. That was a remarkably intrusive request; I haven't even been blogging for nine years. And, of course, knowing the identity of my

service providers would make it easier for Chevron, were they so inclined, to seek even more of my private information.

(It is also worth noting that I am not the only person whom Chevron has targeted — nor even the only blogger. The subpoena asks Google to provide the same information for **43** other individuals, as well.)

The next step was to try to determine why Chevron wanted the subpoenaed information. Perhaps not surprisingly, they wouldn't tell us. Instead, after a number of fruitless discussions between the ACLU and Gibson Dunn, Chevron chose to withdraw the subpoena — thus ending my legal adventure, at least for now.

I will likely never know why Chevron subpoenaed me. But I do know that it is unacceptable for a party to litigation to try to obtain private information from a blogger-journalist who has criticized its tactics. This is not about my journalistic freedom; it is about the journalistic freedom of all bloggers. And it is not about Chevron; it is about any party that thinks it is acceptable to subpoena a blogger's private information. I would be no less critical of an attempt by Greenpeace to subpoena Glenn Reynolds. Tactics like this need to be exposed and resisted, no matter who uses them or whom they target; passive acquiescence is simply an invitation to further abuses.

I also think that Google needs to do far more to protect the privacy of its users. Twitter has been **very active** in resisting attempts to obtain its users' private information. Google has also **done so in the past**, but it did nothing to help me, even after I informed it via email that I was a law professor and a blogger-journalist. But again, this isn't about me. It's about all the other bloggers who might find themselves facing a similar subpoena. I'm lucky: I have friends like Glenn Greenwald to ask for help. I'm sure that the ACLU would assist anyone in my position — but not everyone knows that the ACLU is out there, much less that no case is seemingly too small or too unimportant for them to be concerned. More importantly, the ACLU should not have to get involved in every case like this one (and again, I am but one of 44 people named in the subpoena); Google itself — and all other service providers in similar situations — need to be the first line of defense.

This has been an interesting experience, to say the least. I want to thank Glenn Greenwald for his advice and assistance. I also want to thank my co-bloggers, who have without exception supported my efforts to resist the subpoena. And finally, I am deeply grateful to Ben Wizner, Aden Fine, and Brian Hauss at the ACLU. Their expert assistance has been much appreciated.

UPDATE: A **new article** in the *San Francisco Chronicle* about the Google subpoena — and similar subpoenas Chevron has sent to Yahoo and Microsoft — provides Chevron's "explanation" for seeking my private account information:

> *"It's very much in keeping with trying to defend this company against a $19 billion fraud," Robertson said. "We're trying to get to the bottom of that sort of conduct and understand how it contributed to the fraud."*
>
> *In Heller's case, Chevron dropped its demand for his information once the company was satisfied that his Gmail address was indeed his and that he had no involvement in the case.*
>
> *"It became a moot point," Robertson said.*

This is, shall we say, *unconvincing* — and makes it clear that Chevron was merely trying to harass and intimidate me. A simple **Google search** for my Gmail address ("kevinjonheller [at] gmail [dot] com") turns up literally dozens of my articles, blog posts, and the like that mention it. Moreover, the ACLU did not provide Chevron with information that validated my Gmail address. The point was thus moot long before I did anything to challenge the subpoena.

# Related Posts

No Related Post

## International & Comparative Law Quarterly
Read a selection of free articles here
60 YEARS

September 28th, 2012 - 10:00 AM EDT |   **Trackback Link**   |
http://opiniojuris.org/2012/09/28/my-encounter-with-a-chevron-subpoena-and-the-aclus-assistance/

**23 Responses**

If lawyers can be sanctioned for filing frivolous lawsuits, perhaps also for frivolous subpoens?

**9.28.2012**
**at 12:12 pm EST**

*Jordan*

Wow, that is messed up Kevin. I share your sense of injustice and outrage about this. I'm glad it ended well, and that you and the ACLU stood up to them.

**9.28.2012**
**at 1:44 pm EST**

**_Dan Joyner_**

Regardless of whether or not one agrees with your perspective on the Lago Agrio matter, this subpoena by Chevron goes too far and you are right to be outraged.

**9.28.2012**
**at 2:29 pm EST**

*Observer*

Dear Kevin,
It was remarkably gracious of you to omit the attorney's name from the email.  He or she does not merit such consideration.
Given your extremely tangential connection to the underlying suit, and the number of individuals who have received similar subpoenas, there is reason to wonder whether the attorney-in-question has violated his or her professional obligations.
Model Rule of Professional Conduct Rule 3.1, which has been adopted by New York State, prohibits frivolous filings (not just lawsuits) as well as the abuse of legal procedure.  See also Model Rule 4.4(a) ("In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person.").

**9.28.2012**
**at 3:23 pm EST**

*Milan*

My God that is scary.
I'm wondering if Google was required to notify you of the subpoena, or was it a sort of "courtesy"? Mainly because I am curious if this might happen under the radar (and how often it might happen), without the victims' knowledge.

**9.29.2012**
**at 8:04 pm EST**

*Liz*

Liz,
I assume they had to, but it's not really my area of law.

**9.29.2012**
**at 9:19 pm EST**

**_Kevin Jon Heller_**

The best protective measure against subpoenas like this one is not to trust third parties with your email or other data.

**10.03.2012**
**at 7:46 am EST**

*Anonymous Friend*

---

Hmm… Isn't it possible that they simply cast the net too wide with their subpoena? It's commonplace in big lawsuits for people with very-peripheral-to-nonexistent involvement to get roped in on the initial paperwork, yes?
To them, a mistake that had a very small chance of not being a mistake.

**10.03.2012**
**at 8:15 am EST**

*Ian*

---

I wonder what they would have done if you didn't know Glenn Greenwald and the ACLU hadn't stepped in. Thank God for the ACLU but people shouldn't NEED an organization to protect them from big corporations who use the coercive power of the government to intimidate or steal their private information.

**10.03.2012**
**at 9:22 am EST**

*JLS*

---

I can't help but wonder if any of this would have happened if you had not given an opinion in favor of Julian Assange in his asylum case?

**10.03.2012**
**at 9:32 am EST**

*JLS*

---

I, too, have received a notice that Google had been served with a subpoena. In my case, it was by the plaintiff acting pro se in her own frivolous lawsuit that ultimately was dismissed. In my email from Google, I was informed she wanted my account information (address, phone number, etc), but that I was welcome to hire counsel and get an injunction.
I didn't have the money for that – and I also knew she'd get nothing more than my name and the city I lived in – I purposely only gave that information in my profile anyway. So I let it happen, partly out of lack of funds and partly because part of me was childishly amused that she went through all this effort and money to get something she already had.
But do I wish Google had worked a little harder (after all, the subpeona wasn't even technically properly served)? Yes. I do.

**10.03.2012**
**at 9:43 am EST**

*Beth*

---

I think that Google was  required to notify you of the subpoena. However, if the government had sought your data using a warrant, then Google would **not** be required to notify you.
The Stored Communications Act is the law that generally controls such cases. It ought to be amended, as some are trying to do.
The Third Party Doctrine generally means that the Fourth Amendment doesn't come into play when you voluntarily share your data, hence only the lesser protections of the Stored Communications Act. At the same time, as a corporation Google doesn't have Fourth Amendment rights to resist subpoenas either.

**10.03.2012**
**at 11:59 am EST**

*John Thacker*

See 18 USC paragraph 2703:
http://www.law.cornell.edu/uscode/text/18/2703
**10.03.2012**
**at 12:00 pm EST**

*John Thacker*

This is now happening in rape cases as well- an Oregon court ruled a victim's google search queries fair game.
http://www.oregonlive.com/pacific-northwest-news/index.ssf/2012/10/bend_rape_victim_--_focus_of_a.html
**10.03.2012**
**at 1:34 pm EST**

*Jaimee*

**Trackbacks and Pingbacks**

[...] which led to a sharp response from Cassel, and some additional skirmishing at OJ. Heller has now posted a summary of the recent goings-on involving the [...]
**9.28.2012**
**at 10:23 am EST**

*Lago Agrio: The Heller Subpoena - Letters Blogatory*

[...] The email that he received from Google and his thoughts about it are available here. [...]
**9.28.2012**
**at 11:27 am EST**

*Blogger Served by Chevron to Reveal Gmail Information — Conflict of Laws .net*

[...] tells the story here. Remarkably, the lawyers representing Chevron in its long-standing series of disputes with Ecuador [...]
**9.28.2012**
**at 1:29 pm EST**

*Kevin Heller's Chevron Subpoena « EJIL: Talk!*

[...] who immediately backed down when they found out he was represented. Heller blasted Chevron in a blog posting today, saying he felt "shock" and "anger" and suggested the company tried to "intimidate" [...]
**9.29.2012**
**at 9:55 pm EST**

*Chevron Fights $19 Billion Environmental Judgement from Ecuador « @ THE PHILANTHROPE*

[...] Jon Heller, who writes for Opinio Juris, got an email from Google last month informing him that Chevron was seeking information about his email [...]
**10.03.2012**
**at 10:24 am EST**

*Google Outrages Blogger By Caving To Chevron's Demands For His Emails « Money & Business*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

[...] http://opiniojuris.org/2012/09/28/my-encounter-with-a-chevron-subpoena-and-the-aclus-assistance/ [...]
**10.03.2012**
**at 1:35 pm EST**

*My Encounter with a Chevron Subpoena — and the ACLU's Assistance (Updated) by Kevin Jon Heller «*
*NonviolentConflict*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

[...] Jon Heller talks about My Encounter with a Chevron Subpoena — and the ACLU's Assistance: Last week, while I
was participating in a conference, I received an email from Google with a [...]
**10.03.2012**
**at 3:32 pm EST**

*Midday open thread*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

[...] Jon Heller talks about My Encounter with a Chevron Subpoena — and the ACLU's Assistance: Last week, while I
was participating in a conference, I received an email from Google with a [...]
**10.03.2012**
**at 3:36 pm EST**

*Midday open thread | Hotspyer – Breaking News from around the web*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

[...] Jon Heller talks about My Encounter with a Chevron Subpoena — and the ACLU's Assistance: Last week, while I
was participating in a conference, I received an email from Google with a [...]
**10.03.2012**
**at 6:00 pm EST**

*Midday open thread - Online Political Blog*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .