

**ELECTRONIC FRONTIER FOUNDATION**
Protecting Rights and Promoting Freedom on the Electronic Frontier

November 6, 2012

Magistrate Judge Nathanael Cousins
United States District Court
for the Northern District of California
Courtroom A, 15th Floor
450 Golden Gate Avenue
San Francisco, CA  94102

      Re:    *Chevron Corp. v. Donziger*, 5:12-mc-80237 CRB (NC) – Motions to Quash

Dear Magistrate Judge Cousins:

Defendants Steven Donziger, The Law offices of Steven R. Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho (collectively, the "Defendants"), and 31 individual Non-Party Movants[1] each seek an order quashing two subpoenas issued by Plaintiff Chevron Corporation ("Chevron") to third-party email providers Google, Inc. ("Google") and Yahoo!, Inc. ("Yahoo!").  In compliance with the Court's October 23, 2012, order, the parties and Non-Party Movants respectfully submit this joint letter brief and request an opportunity for further briefing.

**Chevron's Subpoenas to Google and Yahoo!**
This dispute arises from a lawsuit in the District Court for the Southern District of New York captioned *Chevron Corp. v. Donziger*, Case No. 11-cv-0691 (LAK).  On September 19, 2012, Chevron served the subpoenas on Google and Yahoo!, seeking nine years of (A) identity and (B) computer usage and IP log information associated with 71 email accounts.  The subpoenas provided the companies a return date of October 5, 2012.  Chevron later extended the subpoenas' return date to October 22, 2012.

**Unresolved Issue**
The Non-Party Movants and Defendants object to Chevron's subpoenas on relevance, overbreadth, First Amendment, statutory, and California constitutional grounds.

**The Parties' and Non-Parties' Meet and Confer Efforts**
The Non-Party Movants and Chevron have engaged in six telephonic conferences (on September 25, September 28, October 1, October 5, October 10, and October 30, 2012) and exchanged at least eight letters over the same time period in a good faith effort to meet and confer regarding these subpoenas and attempt to resolve their dispute without court action.  Chevron offered to withdraw its request for identity information for any account owner who confirms in writing his or her identity and that he or she has maintained exclusive control over the account at issue.  Chevron also offered to narrow the timeframe of its request for computer usage and IP log information for any account owner who confirms the timeframe during which he or she was in communication with the Defendants.  Non-parties Laura Belanger and John Rodgers have accepted Chevron's offer to limit the scope of its subpoena.[2]  At this time, none of

---

[1] John Rodgers and Laura Belanger, previously representing themselves *pro se* in this action, have retained the same counsel as the Non-Party Movants and hereby join the Non-Party Movants' efforts to resolve this dispute.

[2] Non-parties Laura Belanger and John Rodgers confirmed in their *pro se* filing, and again through counsel after they joined the Non-Party Movants, that they owned the email addresses belanger.laura@gmail.com and rodgers.john@gmail.com and that their involvement was limited to the time period April 1, 2007 through June 30, 2007 for Ms. Belanger and April 1,

454 Shotwell Street • San Francisco, CA 94110 USA
+1 415 436 9333     +1 415 436 9993     www.eff.org     information@eff.org

the other Non-Party Movants have accepted Chevron's offer.

Defendants and Chevron engaged in telephonic conferences to discuss the subpoenas on October 10 and October 31, 2012. Chevron offered to withdraw its request for identity information for any of the Defendants who confirms in writing that he or she has maintained exclusive control over the account at issue. Defendant Javier Piaguaje Payaguaje has agreed to provide confirmation of ownership for his email address.

**Summary of Defendants' Position**
In addition to the Non-Party Movants' objections, which the Defendants join in full, Chevron's subpoenas must be quashed because they are overbroad on their faces and exceed the bounds of fair discovery. The subpoenas request nine years of information concerning email address use with no attempt to restrict the scope to any relevant communications related in some way to the litigation between the parties. First, Chevron has not restricted its subpoenas to a relevant time period or relevant subject matters. As to time period, information on usage after Chevron filed its RICO lawsuit is irrelevant. In assessing the relevance of the information sought, the Court should require that Chevron "provide the Court with its plans for the requested information." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 681 (N.D. Cal. 2006). Though the Moving Defendants see no possible relevance to the geographic information to be gleaned from Google's and Yahoo!'s records, if Chevron has identified specific relevant emails for which it desires IP information, it should have served narrow, targeted subpoenas seeking information for those emails. Instead, its blunderbuss subpoenas demand information on *all* email and account usage, making no attempt to protect the obvious privacy interests of email users, including interests in not disclosing information about email usage that has nothing to do with the dispute between the parties. These subpoenas constitute "unusual circumstances" and should be quashed. *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005).

Besides requesting patently irrelevant information, Chevron's subpoenas are duplicative and harassing. For example, Mr. Donziger has already confirmed that the Google subpoena includes one of his primary accounts for email communications with co-counsel and others regarding the ongoing litigation in Ecuador as well as with his own attorneys regarding the defense of this litigation: sdonziger@gmail.com. *See* Dkt. No. 4. And Chevron has already obtained tens of thousands of his emails and other documents through a proceeding brought under 28 U.S.C. § 1782, and through discovery served in the case now pending in the Southern District of New York. Indeed, during the 1782 proceeding, Mr. Donziger provided Chevron with *sixteen days* of deposition testimony (including extensive testimony regarding email account information). In a further effort to satisfy his discovery obligations in the 1782 proceeding, Mr. Donziger even subpoenaed various ISPs, including Google and Yahoo, to obtain information regarding email accounts identified by Chevron. To the extent Chevron has any legitimate need for information regarding Mr. Donziger's email accounts, that information has already been provided. Given the discovery Chevron has already obtained, and the lack of relevance of the information sought through the instant subpoenas, it appears that Chevron's actual motivation here is to intimidate account holders that it suspects may have supported, or been sympathetic to, the effort to hold Chevron accountable for its unprecedented contamination of the Ecuadorian

---

2007 through September 30, 2007 for Mr. Rodgers. As such, Chevron has withdrawn its request for identity information for Ms. Belanger and Mr. Rodgers, and limited its request for computer usage and IP log information to those time periods. Ms. Belanger and Mr. Rodgers still object to the subpoena to Google in its limited form and join Non-Party Movants' motion to that extent.

Magistrate Judge Nathanael Cousins
November 6, 2012
Page 3 of 7

Amazon.

The Defendants respectfully request the opportunity to fully brief these important issues.

**Summary of Non-Party Movants' Position**
Chevron's subpoenas to Google and Yahoo! must be quashed because they seek privileged information implicating the constitutional free speech, associational, and privacy rights of non-parties against whom Chevron has alleged no cause of action.

Chevron seeks identities and nine years of information about the Non-Party Movants' use of their email accounts—including IP addresses, which correlate to specific geographic locations. This information would allow Chevron to create a comprehensive and detailed map of each person's movements over nearly a decade, create a virtual itinerary of the people each individual has met with, what buildings they have visited, and what organizations they have worked with. Because these subpoenas would reveal sensitive information implicating associational freedoms protected by the Constitution, Chevron's requests are subject to heightened First Amendment scrutiny. *NAACP v. Alabama*, 357 U.S. 449, 460-62 (1958). The subpoenas fail because they violate the Movants' First Amendment right to anonymous speech, First Amendment right to freedom of association, and right to privacy under the California Constitution. Finally, the subpoenas are facially overbroad and not narrowly tailored.

First, when a litigant such as Chevron propounds third-party discovery in order to reveal the identity of a non-party, it must show that the subpoena was issued in good faith, that the information sought relates to a core claim and is directly and materially relevant to that claim, and that information sufficient to establish that claim is unavailable from any other source. *Doe v. 2theMart.com*, 140 F. Supp. 2d 1088, 1095 (W.D. Wash. 2001); *USA Technologies, Inc. v. Doe*, 713 F. Supp. 2d 901, 906 (N.D. Cal. 2010). Chevron cannot make this showing with respect to the information it seeks about the Non-Party Movants or any other non-party.

Second, when discovery requests infringe upon political expression and association, the courts apply heightened discovery standards to protect those constitutional values. *Perry v. Schwarzenegger*, 591 F.3d 1126, 1140 (9th Cir. 2010). Chevron's subpoenas are squarely aimed at identifying and mapping the movements of individuals involved in political speech. The disclosure of the Non-Party Movants' identities and email usage information to Chevron is likely to result in harassment, membership withdrawal, and a chilling of political expression. Thus, the Non-Party Movants have a First Amendment privilege in that information that is subject to heightened scrutiny. Chevron must show that that the information it seeks is rationally related to a compelling government interest and the subpoenas are the least restrictive means of obtaining the information. *Id*. Chevron cannot meet that burden.

Third, the California Constitution "protects against the unwarranted, compelled disclosure of various private or sensitive information regarding one's personal life[.]." *Tien v. Superior Court*, 139 Cal. App. 4th 528, 539 (2006). Under California law, the Non-Party Movants have a privacy interest in their identities and locations. *See, e.g., Planned Parenthood Golden Gate v. Superior Court*, 83 Cal. App. 4th 347, 358-60 (Cal. Ct. App. 2000). Chevron cannot show that its need for nearly a decade of location information about dozens of non-party lawyers, bloggers, journalists, and activists outweighs those individuals' privacy interests.

Finally, the Court should quash the subpoenas as a whole under Fed. R. Civ. P. 26(c) because they are facially overbroad, and are therefore oppressive and unreasonable.

The Non-Party Movants respectfully request the opportunity to fully brief these complex constitutional issues and present declarations demonstrating the chilling effect of Chevron's subpoenas.

**Summary of Chevron's Position**
Chevron's subpoenas to Google and Yahoo! request basic identifying information regarding email accounts that have been used in connection with the enterprise underlying Chevron's RICO claim in *Chevron Corp. v. Donziger*, Case No. 11-cv-0691 (LAK) (S.D.N.Y.). Google and Yahoo! provided notice of Chevron's subpoenas to each account owner more than five weeks ago and 37[3] account owners have chosen not to object to Chevron's requests or have resolved their concerns regarding the subpoenas via agreement with Chevron. Neither the Defendants nor the Non-Party Movants has standing to challenge Chevron's subpoenas "based on alleged rights violations against the [other] subpoenaed parties, who do not challenge the subpoenas." *Kremen v. Cohen*, No. 11-cv-05411 LHK (HRL), 2012 WL 2277857, at *3 (N.D. Cal. June 18, 2012). Chevron thus respectfully requests that this Court order immediate production of responsive information regarding the 37 accounts whose owners have chosen not to object or affirmatively consented to production.

The Defendants and the Non-Party Movants together claim to represent 33 account owners. These account owners include assistants to Steven Donziger when he was actively defrauding the Ecuadorian court and individuals involved in Amazon Watch, a named co-conspirator whose efforts on behalf of the RICO enterprise have been funded and directed by Donziger. These users have not sought to remain anonymous and, indeed, many of the account addresses are variations on the user's name—either @gmail.com or @yahoo.com. Chevron seeks verification in the form of admissible business records establishing ownership and usage of the accounts during the date range of the Defendants' conspiracy.[4] Based on information Chevron has obtained from other sources, any remaining accounts appear to have been used either to transmit computer files in service of the alleged conspiracy or to mask the source of messages sent in furtherance of the conspiracy.

Chevron's subpoenas are narrowly tailored to request standard reports of identifying information and IP logs that all email providers maintain and produce in response to discovery requests. *See, e.g.*, *In re Roebers*, No. 12-mc-80145 RS (LB), 2012 WL 2862122, at *3 (N.D. Cal. July 11, 2012) ("Internet service providers and operators of communications systems are generally familiar with this type of discovery request."). The requested IP log information is not generally captured or saved by email account users, and each of the account owners here affirmatively agreed to Google and Yahoo!'s terms of service, which indicate that this type of user account information will be disclosed in response to legal process. Courts thus "routinely reject the argument that subscribers have a privacy interest in their account information." *Doe v. SEC*, No. 11-mc-80184 CRB (NJV), 2011 WL 4593181, at *4 (N.D. Cal. Oct. 4, 2011).

These subpoenas, accordingly, do not implicate First Amendment rights any more than a request for a telephone number, which is clearly permissible. *See, e.g.*, *California v. FCC*, 75

---

[3] Chevron has withdrawn its request as to one additional email account.

[4] In the underlying action, Judge Kaplan has "infer[red]" that the conduct alleged to be fraud has been under way for more than "eighteen years." *Chevron Corp. v. Donziger*, 768 F. Supp. 2d 581, 641 (S.D.N.Y. 2011). The subpoenas at issue only seek information created since the filing of the current Ecuadorean litigation in 2003. *Id*. at 600.

F.3d 1350, 1362 (9th Cir. 1996) ("Exposure of a telephone number does not violate the First Amendment right not to speak."). The only email accounts at issue whose owners are not already publicly known were used in connection with the alleged fraud, and fraud is not protected by the First Amendment. Moreover, given that most account users have chosen to publicly associate their own names or online identities with these email addresses—*see*, e*.g.*, simeontegel.com and twitter.com/coldmtn—and with the Defendants' enterprise, there is no factual basis to claim that the production of business records verifying their account ownership would chill association or political expression. The information sought here will help Chevron to identify specific computers that have been repeatedly used in furtherance of the fraudulent enterprise, prove the structure and management of the Defendants' RICO enterprise, and establish at trial that specific RICO predicate acts originated in the United States. Chevron served these subpoenas, moreover, in good faith—all of the identified email accounts have been directly involved with the Defendants' enterprise and there is no more efficient, expeditious, or reliable method to obtain this information other than directly from Google and Yahoo!. As a result, these subpoenas are comparable to similar requests that courts have allowed. *See, e.g., Enterline v. Pocono Medical Center*, 751 F. Supp. 2d 782 (M.D. Pa. 2008).

Finally, California's right of privacy only "protects the individual's *reasonable* expectation of privacy." *Pioneer Electronics (USA), Inc. v. Superior Court of Los Angeles County*, 150 P.3d 198, 204 (Cal. 2007) (emphasis in original). None of the objectors had any reasonable expectation that the requested information would be kept private. *See, e.g., In re United States*, 830 F. Supp. 2d 114, 131 (E.D. Va. 2011) (finding no reasonable expectation of privacy in IP address information because "a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties."). Accordingly, Chevron respectfully requests that the proposed objections be overruled.

DATED: November 6, 2012                Respectfully submitted,

                                      */s/ Nathan D. Cardozo*
                                      Marcia Hofmann, Esq.
                                      Nathan D. Cardozo, Esq.
                                      ELECTRONIC FRONTIER
                                      FOUNDATION
                                      454 Shotwell Street
                                      San Francisco, CA 94110
                                      Telephone: (415) 436-9333
                                      Facsimile: (415) 436-9993

                                      Marco Simons, Esq.
                                      EARTHRIGHTS
                                      INTERNATIONAL
                                      1612 K Street NW, Ste 401
                                      Washington, DC 20006
                                      Telephone: (202) 466-5188

                                      *Counsel For Non-Party Movants*

Magistrate Judge Nathanael Cousins
November 6, 2012
Page 6 of 7

*/s/ Garland Murphy*
Garland Murphy
Ty Doyle
SMYSER KAPLAN &
VESELKA, L.L.P.
700 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: (713) 221-2300
Facsimile: (713) 221-2320

*Counsel for Defendants Javier Piaguaje Payaguaje and Hugo Gerardo Camacho Naranjo*

*/s/ Ethan D. Dettmer*
Theodore J. Boutrous, Jr., Esq.
Ethan D. Dettmer, Esq.
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, California 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Counsel for Chevron Corporation*

## ATTESTATION CLAUSE

I, Nathan D. Cardozo, am the ECF User whose ID and password are being used to file this joint letter brief.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Ethan Dettmer, attorney at Gibson, Dunn & Crutcher LLP and Garland Murphy, attorney at Smyser Kaplan and Veselka, LLP, concurred in this filing.

Dated: November 6, 2012                ELECTRONIC FRONTIER FOUNDATION

                                                      By:   */s/ Nathan D. Cardozo*
                                                                 Nathan D. Cardozo