Cindy A. Cohn (SBN 145997)
cindy@eff.org
Marcia Hofmann (SBN 250087)
marcia@eff.org
Nathan D. Cardozo (SBN 259097)
nate@eff.org
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Marco Simons (SBN 237314)
marco@earthrights.org
EARTHRIGHTS INTERNATIONAL
1612 K Street NW, Suite 401
Washington, DC 20006
Telephone: (202) 466-5188

Attorneys for Non-Party Movants

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CHEVRON CORP.,<br><br>                Plaintiff,<br><br>v.<br><br>STEVEN DONZIGER, *et al*.<br><br>                Defendants. | Case No. 5:12-mc-80237 CRB (NC)<br><br>**DECLARATION OF JOHN DOE #4 (OWNER OF KEVINKOENIGQUITO@GMAIL.COM) IN SUPPORT OF NON-PARTY MOVANTS TO QUASH SUBPOENAS TO GOOGLE, INC. AND YAHOO! INC. SEEKING IDENTITY AND EMAIL USAGE INFORMATION**<br><br>Date:    January 16, 2013<br>Time:    1:00 p.m.<br>Place:   Courtroom A, 15th Floor<br>Hon. Nathanael Cousins |

Using my email address, kevinkoenigquito@gmail.com, instead of my actual name, in order to protect my identity pursuant to my rights under the First Amendment and California law, I declare as follows:

1. I am the owner of the email account kevinkoenigquito@gmail.com. I have personal knowledge of all matters set forth in this declaration. If called upon to do so, I could and would testify to all matters set forth herein.

2. I am providing this declaration under my email address because I wish to protect my rights to free speech and participation in associational activities. I also wish to avoid making moot these very issues, which I have raised in this motion. A true and correct copy of my actual signature for this document resides with my attorneys.

3. On September 17, 2012, I received notice from Google of a subpoena issued in *Chevron, Corp. v. Donziger et al.*, Case No. 11-0691 (LAK) (S.D.N.Y.) for identifying and email usage information associated with my email address. I am not a defendant in that case. I am now moving to quash this subpoena.

4. I have worked for many years on a number of human rights, environmental and social justice projects and campaigns. I work at a non-profit organization. For several years I have been involved in an activism campaign that encourages Chevron to remediate the environmental impact of its former oil concession in the Amazon. This campaign has no direct relationship to the litigation against Chevron in Ecuador, and I have never been directly involved in that litigation.

5. I have had this email address since June 2008. I use it primarily as a personal account.

6. Keeping my account and location information private is very important to me for personal and professional reasons. I have used this email address for my private personal communications and on occasion have used it in my communications related to work.

7. I have used this email account to engage in personal and professional communications for approximately four years. It is important to me that Chevron not have access to all my locations during that time period.

8. I am particularly concerned about my personal safety and that of my family. I am based in Ecuador, which has a poor human rights record, and a long history of threats, intimidation, robberies and abuses against the affected communities and those that support them—including civil society NGOs, family, and the legal team involved in the litigation against

Chevron and related activism. It is an unbearable weight and fear to feel that Chevron or third parties might know my whereabouts, particularly when I am traveling in remote and sometimes lawless areas of high violence.

9. I fear Chevron would use this information of my whereabouts to harass or intimidate me, or even pass it along to third parties that operate in the region that could do the same or worse. To hand over specific information to allow the company to track my physical movements would exacerbate the risk of intimidation.

10. My concern is all the more heightened by the fact that on several occasions, much of the information Chevron has obtained through discovery from other individuals has some how become public. This intensifies my concern that information about my whereabouts could fall into the hands of the wrong people, jeopardizing my physical safety and that of my family.

11. I am still active in the activism campaign concerning Chevron, and if Chevron were to gain access to my private email usage records, it could be used to intimidate me and deter me from engaging in activism against Chevron or related advocacy in the future. I know of others who have limited their engagement in the activism campaign due to fear of harassment from Chevron, and others that have limited their involvement as a direct result of harassment.

12. Should Chevron gain access to my information, it would chill my activity more generally as well, knowing that personal information about my email use and location could be revealed concerning any activity that I might engage in. If Chevron were to gain access to my account usage records and locations, it would chill my use of my email account to communicate with others. Furthermore, my ongoing participation in other activism campaigns would be compromised should Chevron gain access to my physical locations, and my participation in future political and activism campaigns may be chilled.

13. I feel harassed by Chevron's attempt to obtain my email usage records and I fear for my own safety as well as that of my family. I fear further harassment should Chevron gain access to the details of my involvement in the activism campaign concerning Chevron, and particularly if Chevron were to gain access to my physical locations.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 22, 2012.

3

*[signature]*

KEVINKOENIGQUITO@GMAIL.COM

3