THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

ETHAN DETTMER, SBN 196046
  edettmer@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Plaintiff
CHEVRON CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHEVRON CORP.,<br><br>  Plaintiff,<br><br>  v.<br><br>STEVEN DONZIGER, *et al.*,<br><br>  Defendant. | CASE NO. 5:12-80237 MISC CRB NC<br><br>**NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING**<br><br>**Hearing:**<br>Date:    Wednesday, January 16, 2013<br>Time:    1:00 p.m.<br>Place:   Courtroom A, 15th Floor<br>Judge:   Hon. Nathanael M. Cousins |

Gibson, Dunn &
Crutcher LLP

NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING – CASE NO. 5:12-MC-80237 CRB NC

Pursuant to Local Rule 3-13, Plaintiff Chevron Corporation ("Chevron") submits this Notice of Pendency of Other Action or Proceeding to give this Court notice of the proceeding entitled *Chevron Corp. v. Donziger, et al.*, Case No. 1:12-mc-65 (N.D.N.Y.) (the "New York Proceeding").

The instant miscellaneous matter before this Court, No. 12-mc-80237, involves two motions to quash subpoenas that were served on Google Inc. and Yahoo! Inc. in this district in connection with an action now pending before the Honorable Lewis A. Kaplan in the U.S. District Court for the Southern District of New York under the caption *Chevron Corp. v. Donziger*, et al., Case No. 11 Civ. 0691 (LAK). *See* Dkt. Nos. 42, 43 (the "California Motions"). The California Motions argue that the Court should not allow Google and Yahoo! to turn over certain requested identifying and login information associated with a number of email accounts. The Court has ordered Chevron to submit oppositions by January 2, 2013. *See* Dkt. No. 41.

The same counsel who filed the California Motions initiated the New York Proceeding on behalf of a number of overlapping parties and non-parties by filing largely identical motions to quash a subpoena that was served on Microsoft Corp. in the Northern District of New York arising from the same underlying case in the Southern District of New York. *See* Exs. A, B (the "New York Motions"). The New York Motions advance the same legal and factual arguments as the California Motions—namely, that the court should not allow an email service provider (there, Microsoft) to turn over certain requested identifying and login information associated with a number of email accounts.

On December 13, 2012, the Honorable Gary L. Sharpe issued an order in the New York Proceeding (attached as Exhibit C) providing that Judge Kaplan will decide the New York Motions. As a result, the judge presiding over the substantive underlying dispute will decide motions that raise issues that overlap substantially with the California Motions now pending before this Court. The New York Proceeding is moving forward on a briefing schedule similar to the one ordered in this proceeding, as Chevron's oppositions to the New York motions are currently due January 15, 2013. *See* Ex. D (December 19, 2012 order in New York Proceeding).

Chevron respectfully submits that coordination with Judge Kaplan would avoid conflicts, conserve resources, and promote an efficient determination of the pending California Motions. In particular, the Court could conserve significant resources if it were to defer issuing its decision on the

California Motions until after Judge Kaplan has first considered and issued a decision on the New York Motions.  Judge Kaplan's decision on the New York Motions will likely assist this Court by minimizing at least some of the judicial resources required to become familiar with the factual and legal background pertinent to the related subpoenas.  Moreover, there is a risk that this Court and Judge Kaplan could reach inconsistent results if both Courts were to proceed with simultaneous independent analysis of overlapping issues.

DATED:  January 2, 2013

GIBSON, DUNN & CRUTCHER LLP


By:   /s/ Ethan Dettmer
           Ethan Dettmer

Attorneys for Plaintiff
CHEVRON CORPORATION