THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California  90071-1512
Telephone:  213.229.7000
Facsimile:  213.229.7520

ETHAN D. DETTMER, SBN 196046
  edettmer@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, California 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

Attorneys for Plaintiff
CHEVRON CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>          Plaintiff,<br><br>     v.<br><br>STEVEN DONZIGER, *et al.*,<br><br>          Defendant. | CASE NO. 5:12-80237 MISC CRB NC<br><br>**DECLARATION OF REBECCA GRAY ON BEHALF OF CHEVRON CORPORATION IN OPPOSITION TO MOTIONS TO QUASH CHEVRON CORPORATION'S SUBPOENAS TO GOOGLE INC. AND YAHOO! INC.**<br><br>**Hearing:**<br>Date:       Wednesday, January 16, 2013<br>Time:      1:00 p.m.<br>Place:     Courtroom A, 15th Floor<br>Judge:    Hon. Nathanael M. Cousins |

Gibson, Dunn & Crutcher LLP

DECLARATION OF REBECCA GRAY ON BEHALF OF CHEVRON CORPORATION IN OPPOSITION TO MOTIONS TO QUASH CHEVRON CORPORATION'S SUBPOENAS TO GOOGLE INC. AND YAHOO! INC. – CASE NO. 5:12-80237 MISC CRB NC

I, Rebecca Gray, declare:

1. I am an attorney licensed to practice law in the State of Maryland and the District of Columbia. I am an associate in the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Chevron Corporation ("Chevron") in the above-captioned matter. I make this declaration, based on personal knowledge, on behalf of Chevron in opposition to two separate motions to quash Chevron Corporation's subpoenas to Google Inc. and Yahoo! Inc. (Dkts. 42 and 43).

2. Attached hereto as **"Exhibit A"** is a true and correct transcription of a voice message from Larry R. Veselka, counsel for certain Defendants in the above-captioned proceeding, which was received by my colleague, Christopher M. Joralemon, on Tuesday, October 2, 2012. In his message, Mr. Veselka indicates that he is "passing . . . on" a request from "counsel for some of the folks on the Google, Microsoft, Yahoo subpoenas . . . about trying to get an extension of the return date on those" and further notes that "it would be some convenience of getting all three of them at the same time."

3. Attached hereto as **"Exhibit B"** is a true and correct copy of an email from my colleague, Howard S. Hogan, to Mr. Veselka on Wednesday, October 3, 2012. In his email, Mr. Hogan confirms receipt of Mr. Veselka's voice message and states that Chevron is "generally amenable to extensions upon reasonable request. If you would like an extension on behalf of any clients of yours that are registered holders of accounts listed in the subpoenas, please let me know which accounts are at issue and the basis for your extension request and I will respond promptly. Should counsel for any other account holders desire an extension, please have them contact me directly."

4. I am informed and believe that Mr. Veselka did not send any response to Mr. Hogan's October 3 email before Defendants' original motion to quash (Dkt. 1) was filed.

5. On September 24, 2012, I spoke by telephone with Laura Belanger regarding Chevron's subpoena to Google. During that conversation, Ms. Belanger confirmed that she is the owner of belanger.laura@gmail.com, and I confirmed that the subpoena does not request email content.

2
DECLARATION OF REBECCA GRAY ON BEHALF OF CHEVRON CORPORATION IN OPPOSITION TO MOTIONS TO QUASH CHEVRON CORPORATION'S SUBPOENAS TO GOOGLE INC. AND YAHOO! INC. – CASE NO. 5:12-80237 MISC CRB NC

Gibson, Dunn & Crutcher LLP

6. On September 29, 2012, I spoke by telephone with Joseph Mutti regarding Chevron's subpoena to Google. During that conversation, Mr. Mutti confirmed that he is the owner of josephmutti@gmail.com, and I confirmed that the subpoena does not request email content.

7. On October 4, 2012, I spoke with Mark A. Robertson regarding Chevron's subpoena to Google. During that conversation, Mr. Robertson represented that he is counsel for the owner of john.wotowicz@gmail.com and asked about the date range of Chevron's requests to Google. I confirmed that Chevron would be willing to narrow the date range requested in the subpoena based on his client's representations as to the relevant date range so long as those representations were not in conflict with evidence already in Chevron's possession.

8. Attached hereto as **"Exhibit C"** is a true and correct copy of a letter I received from Mr. Robertson on October 12, 2012, which says, "thank you for your willingness to limit the scope of Chevron's document request to Google related to john.wotowicz@gmail.com." The letter continues: "As we discussed, Mr. Wotowicz is the only person who has had access to this account and he does not believe the e-mail account has ever been accessed by anyone other than himself. Mr. Wotowicz had contact with Donziger and investigated funding from sometime in July 2009 to sometime in May 2010 and did not deal with Donziger or the investigation of funding outside that time period. Accordingly, you have agreed to limit the document request to Google regarding john.wotowicz@gmail.com to that time period. Mr. Wotowicz consents to the production of documents responsive to Chevron's document request (B) to the extent that request (B) is limited to July 1, 2009 through May 31, 2010."

9. Attached hereto as **"Exhibit D"** is a true and correct copy of a letter I sent to Ms. Nguyen, of Google, on October 15, 2012, to "advise [Google] that Chevron has reached agreement with the owner of john.wotowicz@gmail.com." The letter states that "Chevron is dropping document request (A) for john.wotowicz@gmail.com" and further notes that "the time period covered by document request (B) should be limited to July 1, 2009, through May 31, 2010, for john.wotowicz@gmail.com."

10. On October 4, 2012, I spoke with Ethan A. Balogh regarding Chevron's subpoena to Google. During that conversation, Mr. Balogh represented that he is counsel for the owner of

3

Gibson, Dunn & Crutcher LLP

DECLARATION OF REBECCA GRAY ON BEHALF OF CHEVRON CORPORATION IN OPPOSITION TO MOTIONS TO QUASH CHEVRON CORPORATION'S SUBPOENAS TO GOOGLE INC. AND YAHOO! INC. – CASE NO. 5:12-80237 MISC CRB NC

briansethparker@gmail.com and asked about the date range of Chevron's requests to Google. I confirmed that Chevron would be willing to narrow the date range requested in the subpoena based on his client's representations as to the relevant date range.

11. Attached hereto as **"Exhibit E"** is a true and correct copy of a letter I sent to Mr. Balogh on October 9, 2012, which states that "Chevron's subpoena seeks information about the briansethparker@gmail.com email account as it was (or is) related to the activities and events at issue in *Chevron Corp. v. Donziger* . . . [a]ccordingly, we are willing to withdraw category (A) of Chevron's document requests if Mr. Parker confirms in writing that he created this account and maintained exclusive control over [it] from the time that it was created to the present . . . [f]urther . . . the scope of category (B) can be limited to the dates relevant to Mr. Parker's communications with the defendants and non-party co-conspirators named in the *Chevron Corp. v. Donziger* case."

12. Attached hereto as **"Exhibit F"** is a true and correct copy of a letter dated October 3, 2012, from Mr. Hogan to Nathan Cardozo, counsel for several owners of email accounts listed on Chevron's subpoenas to Google and Yahoo! Inc. In the letter, Mr. Hogan states that "Chevron's subpoena seeks identifying information for the users of email accounts that have been identified through discovery, and seeks routine information about the dates and times that those email accounts were accessed. As is clear from the face of the subpoenas, they do not seek information about the contents or recipients of particular emails."

13. Attached hereto as **"Exhibit G"** is a true and correct copy of an email exchange between myself and Edison Camino-Castro, who appears to be the owner of limcas2002@yahoo.com. In Mr. Camino-Castro's initial October 9, 2012, email, he states that he is "willing and ready to cooperate with you, should you require my information, data, documents and testimony." In my October 14, 2012, response email, I state that "Chevron's subpoena to Yahoo only seeks information directly from Yahoo, not from you. The subpoena asks Yahoo to provide us with user account information and IP logs . . . but not the content of any emails sent using those email addresses."

14. Attached hereto as **"Exhibit H"** is a true and correct copy of a letter Mr. Hogan sent to Mr. Veselka on October 13, 2012, which states that "Chevron's subpoenas . . . include routine

4
DECLARATION OF REBECCA GRAY ON BEHALF OF CHEVRON CORPORATION IN OPPOSITION TO MOTIONS TO QUASH CHEVRON CORPORATION'S SUBPOENAS TO GOOGLE INC. AND YAHOO! INC. – CASE NO. 5:12-80237 MISC CRB NC

Gibson, Dunn & Crutcher LLP

requests for user account information and IP logs . . . [and] do not call for the production of email content or internet searches. Further, Chevron's document requests apply only to responsive information available as of the date of the request. As a result, the claims raised in your motion to quash are unfounded. We suggest again that you withdraw your motion to quash, given that it is based on an incorrect reading of the subpoena. We remain willing to discuss the specific date ranges that you believe should be applied for each of the email accounts."

15. Attached hereto as **"Exhibit I"** is a true and correct copy of a letter Mr. Veselka sent to Mr. Hogan on October 17, 2012, in which Mr. Veselka states that Defendants will not withdraw their Motion.

16. On October 30, 2012, Mr. Hogan and I spoke by telephone with Marcia Hofmann and Nathan Cardozo, counsel for several owners of email accounts listed on Chevron's subpoenas to Google and Yahoo! Inc. During that conversation, Ms. Hofmann and Mr. Cardozo represented that they had become counsel for John Rodgers and Laura Belanger, who had previously represented themselves *pro se*. Mr. Hogan and I confirmed Chevron's willingness to withdraw its request for identity information for any account owner who confirms in writing his or her identity and exclusive control over the account at issue. We also confirmed Chevron's willingness to narrow the timeframe of its request for computer usage and IP log information for any account owner who confirms the timeframe during which he or she was in communication with the Defendants.

17. On October 31, 2012, Mr. Hogan and I spoke by telephone with counsel for the Defendants. During that conversation, Mr. Hogan and I confirmed Chevron's willingness to withdraw its request for identity information for any of the Defendants who confirms in writing that he or she has maintained exclusive control over the account at issue.

18. On November 5, 2012, Mr. Hogan and I again spoke by telephone with Ms. Hofmann and Mr. Cardozo, counsel for John Rodgers and Laura Belanger. Mr. Hogan and I confirmed Chevron's previous offer to withdraw its request for identity information for the accounts held by Mr. Rodgers and Ms. Belanger. We also confirmed Chevron's willingness to narrow the timeframe of its request for computer usage and IP log information with respect to Mr. Rodgers and Ms. Belanger's email accounts in light of the sworn statements filed by Mr. Rodgers and Ms. Belanger in connection

5
Gibson, Dunn & Crutcher LLP

DECLARATION OF REBECCA GRAY ON BEHALF OF CHEVRON CORPORATION IN OPPOSITION TO MOTIONS TO QUASH CHEVRON CORPORATION'S SUBPOENAS TO GOOGLE INC. AND YAHOO! INC. – CASE NO. 5:12-80237 MISC CRB NC

1  with prior motions to quash regarding the time frame of their work with the Defendants, subject to
2  minor correction. Chevron's agreement with Mr. Rodgers and Ms. Belanger is reflected in the joint
3  letter submitted to the Court on November 6, 2012 (Dkt. 35).

4    19. Chevron formally withdrew the request contained in the subpoena to Google for
5  information concerning the email address kevinjonheller@gmail.com. Attached hereto as
6  **"Exhibit J"** is a true and correct copy of a letter I sent to Ms. Nguyen, of Google, on September 28,
7  2012, stating that "Chevron is dropping its request for information regarding the address
8  kevinjonheller@gmail.com. There is no further need to gather or preserve such information." I
9  confirmed this withdrawal to Mr. Cardozo, counsel for non-party movants, by telephone on
10 September 28, 2012.

12   I declare under penalty of perjury under the laws of the United States that the foregoing is true
13 and correct.
14   Executed this 2nd day of January, 2013, in Hurricane, Utah.

            _____
            Rebecca Gray

Gibson, Dunn & Crutcher LLP

6

DECLARATION OF REBECCA GRAY ON BEHALF OF CHEVRON CORPORATION IN OPPOSITION TO MOTIONS TO QUASH CHEVRON CORPORATION'S SUBPOENAS TO GOOGLE INC. AND YAHOO! INC. – CASE NO. 5:12-80237 MISC CRB NC