THEODORE J. BOUTROUS JR., SBN 132009
  tboutrous@gibsondunn.com
ETHAN D. DETTMER, SBN 196046
  edettmer@gibsondunn.com
ENRIQUE A. MONAGAS, SBN 239087
  emonagas@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

*Attorneys for Plaintiff Chevron Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHEVRON CORP., <br><br> Plaintiff, <br><br> v. <br><br> STEVEN DONZIGER, and others, <br><br> Defendants. | CASE NO. 12-mc-80237 CRB (NC) <br><br> **CHEVRON CORPORATION'S REPORT REGARDING REQUESTED PROTECTIVE ORDER TERMS** |

Gibson, Dunn & Crutcher LLP

Pursuant to this Court's August 22, 2013, Order, Chevron Corporation ("Chevron") hereby submits this report summarizing its position regarding those portions of its proposed protective order on which the parties have not reached agreement and attaching (as Exhibit A) the protective order it proposes this Court should adopt to govern the use and distribution of documents produced by Google and Yahoo! in response to the subpoenas that are at issue in this proceeding.

Chevron, the Non-Party Movants, and the Ecuadorian Defendants (Javier Piaguaje Payaguaje, and Hugo Gerardo Camacho) generally agree that this Court should adopt and incorporate the terms of the protective order that Judge Kaplan entered in the underlying proceeding at the request of the parties to that action.  *See* Protective Order (Dkt. 723), *Chevron Corp. v. Donziger*, No. 11 Civ. 0691 (LAK) (S.D.N.Y. January 11, 2013) (attached hereto as Exhibit B).  The confidentiality protections outlined in this core underlying protective order have been successfully adopted and incorporated by reference in a number of similar orders governing productions under other third-party subpoenas in that proceeding.  *See*, *e.g.*, Dkts. 1022, 1163, and 1179 in *Chevron Corp. v. Donziger*, No. 11 Civ. 0691 (LAK) (S.D.N.Y.) (attached hereto as Exhibits C, D, and E).  Accordingly, Chevron suggests that the Court issue an order incorporating these terms:

1.  WHEREAS, this Court has concluded that "[a]ll documents produced" by Google and Yahoo! pursuant to third party subpoenas issued by Chevron on September 19, 2012, and this Court's order of August 22, 2013, "will be subject to the terms of a protective order" (Dkt. 70 at 33); and

2.  WHEREAS, the parties to the underlying proceeding *Chevron Corp. v. Donziger*, Case No. 11 Civ. 0691 (S.D.N.Y.) requested the adoption of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect the confidentiality of certain information disclosed in connection with discovery in that action; and

3.  WHEREAS, United States District Judge Lewis A. Kaplan entered an order establishing a protective order in the underlying proceeding on January 11, 2013 (Dkt. 723, Case No. 11 Civ. 0691 (S.D.N.Y.), hereinafter the "SDNY Protective Order") and requiring the parties to the underlying proceeding, their representatives, agents, experts, and consultants, and any other subject person to adhere to its terms;

4.  NOW, THEREFORE, IT IS HEREBY ORDERED that the terms of the SDNY Protective Order, which are incorporated herein by reference, shall govern all production of documents or other information in response to the subpoenas that are at issue in the above-captioned proceeding; and

5.  IT IS FURTHER ORDERED that the parties to this proceeding, and their representatives, agents, experts, and consultants, shall be bound by the terms of the SDNY Protective Order, as specified herein; and

6.  IT IS FURTHER ORDERED that all documents produced by Google and Yahoo! pursuant to the subpoenas issued by Chevron on September 19, 2012, and this Court's order of August 22, 2013 (Dkt. 70), shall be designated "Confidential" pursuant to the SDNY Protective Order, except that Chevron reserves its right to challenge any such designation pursuant to paragraphs 13 and 14 of that order; and

7.  IT IS FURTHER ORDERED that Chevron may use any document produced by Google and Yahoo! pursuant to the subpoenas issued by Chevron on September 19, 2012, and this Court's order of August 22, 2013 (Dkt. 70), for any purpose, subject to the terms, conditions and restrictions of the SDNY Protective Order and further subject to any objections to the relevance, authenticity or admissibility of any document, all of which objections are expressly reserved.

Though the Non-Party Movants have indicated that they are "generally inclined to agree to the language" incorporated above, they have requested two changes.  First, they have suggested that any documents produced by Google or Yahoo! in response to Chevron's subpoenas should be subject to "attorneys' eyes only" restrictions—this would be accomplished by explicitly excluding  paragraph 8(g) of the SDNY Protective Order, which states that Confidential Information may be properly circulated to "parties and/or in-house counsel for a party."  Second, they have suggested explicitly excluding the standard challenge provisions in paragraphs 13 and 14 of the SDNY Protective Order and modifying the final sentence in paragraph six, above, to read ". . . except that Chevron reserves its right to later move this Court to remove such designation," so that this Court will retain jurisdiction over any challenge to confidentiality designations for specific documents produced by Google or Yahoo!.

Chevron strongly disagrees with the Non-Party Movants' assertion that "attorney's eyes only" limitations are appropriate for the historical email account ownership and usage information sought here.  "Attorney's eyes only" limits are an extreme measure warranted only "when especially sensitive information is at issue or the information is to be provided to a competitor."  *Westbrook v. Charlie Sciara & Son Produce Co., Inc.*, No. 07-2657, 2008 WL 839745 at *4 (W.D. Tenn. March

1    27, 2008).  There are no trade secrets at issue here, nor is it reasonable to suggest that information

2    that is routinely and voluntarily turned over to numerous third parties is particularly sensitive—

3    especially when that information is more than two and half years old.  "While limiting disclosure on

4    an 'attorneys' eyes only' basis is recognized as an appropriate method of protecting information in

5    very limited situations, *e.g.,* cases involving trade secrets, . . . it is a drastic remedy given its impact

6    on the party entitled to the information.  For one thing, it limits the ability of the receiving party to

7    view the relevant evidence, fully discuss it with counsel, and make intelligent litigation decisions. . . .

8    it should not be authorized simply because one of the parties would prefer that certain information

9    not be disclosed to an opposing party."  *Ragland v. Blue Cross Blue Shield of North Dakota*,

10   No. 1:12-cv-080, 2013 WL 3776495 at *1-2 (D. N.D. June 25, 2013) (internal citations

11   omitted).  Nor have the Non-Party Movants offered the "particular and specific demonstration of

12   fact" necessary to meet their burden of proof here—instead they have provided only "stereotyped and

13   conclusory statements" regarding abstract fears and concerns.  *See*, *e.g.*, *Nemir v. Mitsubishi Motors*

14   *Corp.*, 381 F.3d 540, 550 (6th Cir. 2004); *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998);

15   *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).  This is not one of "those rare

16   instances" in which drastic "attorneys' eyes only" limitations are justified.  *See Ragland*, 2013 WL

17   3776495 at 2.

18          Chevron has no objection to the Non-Party Movants' suggestion that this Court retain

19   jurisdiction over any motion to remove confidentiality designations from documents produced by

20   Google and Yahoo!  However, given that Judge Kaplan is already addressing these same issues in the

21   context of numerous related third-party subpoenas, this Court may find it more efficient to refer any

22   such motion to Judge Kaplan for resolution.

23          Counsel for Chevron and the Non-Party Movants met and conferred regarding potential

24   protective order terms by telephone on August 26, 2013, and September 4, 2013, and exchanged at

25   least five substantive writings in a good faith—but ultimately unsuccessful—effort to resolve the

26

27

28

Gibson, Dunn &
Crutcher LLP

CHEVRON CORPORATION'S REPORT REGARDING REQUESTED PROTECTIVE ORDER TERMS
CASE NO. 12-MC-80237 CRB (NC)

1  disagreements outlined above.[1]  Accordingly, Chevron hereby respectfully submits its separate

2  proposed order (Exhibit A) for this Court's consideration.

3  Dated:  September 5, 2013                    GIBSON, DUNN & CRUTCHER LLP

4

5                                                          By:  _____
                                                                            /s/ Ethan D. Dettmer
                                                                            Ethan D. Dettmer

6                                                          Attorney for Plaintiff Chevron Corporation

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23  _____

24  [1]  Counsel for Chevron reached out to counsel for Steven Donziger, The Law offices of Steven R.
        Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, and Hugo Gerardo
25      Camacho on August 27, 2013, and September 4, 2013, regarding the terms of a proposed
        protective order.  On September 4, 2013, counsel for Javier Piaguaje Payaguaje, and Hugo
26      Gerardo Camacho agreed that this Court should adopt the terms of the protective order in the
        underlying Southern District of New York proceeding and designated as "confidential anything
27      produced related to the 'javipi002@gmail.com' email address."  *See* Exhibit F.  To date, there has
        been no response from counsel for Steven Donziger, The Law offices of Steven R. Donziger, and
28      Donziger & Associates, PLLC.

Gibson, Dunn &
Crutcher LLP

CHEVRON CORPORATION'S REPORT REGARDING REQUESTED PROTECTIVE ORDER TERMS
CASE NO. 12-MC-80237 CRB (NC)