Cindy A. Cohn (SBN 145997)
cindy@eff.org
Nathan D. Cardozo (SBN 259097)
nate@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Marco Simons (SBN 237314)
marco@earthrights.org
EARTHRIGHTS INTERNATIONAL
1612 K Street NW, Suite 401
Washington, DC 20006
Telephone: (202) 466-5188

Attorneys for Non-Party Movants

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CHEVRON CORP., <br><br> Plaintiff, <br><br> v. <br><br> STEVEN DONZIGER, *et al.* <br><br> Defendants. | Case No. 3:12-mc-80237 CRB (NC) <br><br> **MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** <br><br> Fed. R. Civ. P. 72(a) <br> Civ. L. R. 72-2 <br><br> Place: Courtroom 6, 17th Floor <br> Hon. Charles R. Breyer |

Pursuant to Federal Rule of Civil Procedure 72(a) and Civil Local Rule 72-2, the Non-Party Movants respectfully request relief from the Magistrate's August 22, 2013 Order Granting in Part and Denying in Part Motions to Quash Subpoenas ("Order"). ECF No. 70.

## I. Introduction

On September 19, 2012, Chevron Corp. ("Chevron") issued Rule 45 subpoenas to non-parties Google Inc. ("Google") and Yahoo! Inc. ("Yahoo") in this Court, in support of *Chevron Corp. v. Donziger, et al.*, Case No. 11-cv-0691 (LAK), filed in the Southern District of New York on February 1, 2011. The subpoenas seek identity information and nine years' of detailed computer "IP logs" associated with 71 email addresses, 44 Gmail addresses and 27 Yahoo! addresses. The IP logs track the location of the users over time. The Movants are not parties to the underlying case, but instead are environmental activists, journalists, bloggers, volunteers, interns, and attorneys who have worked (or associated with those who have worked) to expose and create accountability for the environmental harms caused in Ecuador by Chevron and its predecessor company, Texaco (the "Ecuador campaign"). Chevron admits that it obtained the email addresses largely from the hard drive of defendant Steven Donziger (Chevron Opp. (ECF No. 46 at 6:5-8) and that it seeks the identity information for the 71 email addresses to connect those individuals with the "legal and public relations strategies" in the Ecuador campaign (Opp. at 2:10-13), and it seeks the IP log information to track the location of participants the Ecuador campaign (Opp. at 11:22-12:2).

The Non-Party Movants moved to quash Chevron's subpoenas because they (1) violate the Non-Party Movants' First Amendment rights to anonymous speech and association, (2) violate the Non-Party Movants' right to privacy under the California Constitution, and (3) are facially overbroad. ECF No. 43. The Magistrate quashed Chevron's subpoenas to Google and Yahoo as to twenty-five of the thirty-two email addresses owned by Non-Party Movants and narrowed the subpoenas as to the remaining email addresses.

The Magistrate Court erred in four key ways. First, it erred in holding that the anonymity of people using email addresses cannot be protected by the First Amendment. Second, it erred in holding that the individuals' associations with the Ecuador campaign are not protected by the First Amendment. Third, it erred legally in holding that the fact that IP logs are collected by ISPs

eliminates the privacy interests users have in their locations and factually in asserting that IP logs are public. Finally, the Magistrate erred in finding that the subpoenas as a whole could not be quashed, regardless of their validity and constitutionality, unless all those named in the subpoena participate in the motion to quash. Non-Party Movants ask that this Court quash Chevron's subpoenas in their entirety.

## II. Email Addresses Are Protected by the First Amendment Right to Speak Anonymously.

In sharp contrast to this settled case law, the Magistrate erred by asserting, with no supporting authority, that no anonymity can attach to email addresses. The Court asserted: "Although the Doe movants may believe that using their email addresses will protect their identities, that belief is simply not reflected by the reality of the world we live in." Order at 14.

In the first published case addressing Internet anonymity of non-parties, *Doe v. In re 2theMart.com*, the court observed, "Internet anonymity facilitates the rich, diverse, and far ranging exchange of ideas," 140 F. Supp. 2d 1088, 1093 (W.D. Wash. 2001); *see also Doe v. S.E.C.*, No. 11-cv-80209 CRB, 2011 WL 5600513 (N.D. Cal. Nov. 17, 2011) ("the Ninth Circuit [has] recognized a protectable speech interest in ISP subscriber information"). Notably, in both cases, as here, the question was when an ISP can be required to identify a user from an email address. The Magistrate mistakenly contrasted this situation with the one in *Mount Hope Church v. Bash Back!*, No. 11-cv-00536 RAJ, *rev'd on other grounds,* 705 F.3d 418 (9th Cir. 2012), where the Court held that a subpoena that seeks to tie anonymous critics' identities to their statements must be scrutinized closely so as not to chill expressive activity. Order at 13. The Magistrate asserted that here Chevron was not seeking to link the Movants' names to any particular statement, but this is simply not true. Chevron's discovery is admittedly *precisely intended* to tie the Movants' specific identities to the content of their communications it already obtained from Mr. Donziger's hard drive, so that it can demonstrate their alleged role in the "legal and public relations strategies." Indeed, if the Movants' identities are not to be tied to their specific speech about the Ecuador campaign, it is difficult to imagine how their identities qualify as "likely to lead to discoverable

evidence" as required by Rule 26.[1]

### III. Chevron's Request for the IP Logs of Its Critics in Order to Inquire into the Critics' Associations Clearly Implicates Those Critics' Right to Free Association.

The Supreme Court has made clear that infringements on freedom of association may survive constitutional scrutiny only when they "serve compelling state interests, unrelated to the suppression of ideas, that cannot be achieved through means significantly less restrictive of associational freedoms." *Roberts v. United States Jaycees*, 468 U.S. 609, 623 (1984). The Magistrate erred in assuming that all of the Non-Party Movants had to be a part of the same formal association. Order at 15. There is no such requirement in the law. *Perry v. Schwarzenegger,* 602 F.3d 976, 981 (9th Cir. 2010) (association protection can stretch across multiple entities).

Even more troubling, the Magistrate mistakenly held that the fact that Chevron's subpoenas are so broad that they ensnare "subscribers who are in no way affiliated with this litigation" somehow "undercuts" everyone's claim to First Amendment protection. Yet the protection for associations cannot turn on the scope of the subpoena that seeks to identify them. To hold otherwise, as the Magistrate did, rewards Chevron for issuing an overbroad subpoena.

In fact, this Court has already specifically recognized the First Amendment rights of one group to which some of the Does may belong. *See Chevron Corp. v. Donziger*, No. 13-mc-80038, 2013 WL 1402727, ECF No. 59 (Apr. 5, 2013). In quashing subpoenas issued to Amazon Watch ("AW"), the Magistrate concluded that "there is nothing to suggest that [AW]'s campaigns and speech were more than mere advocacy" protected by the First Amendment. *See* ECF No. 59 at 6. The decision focused on the five areas Judge Kaplan had determined justified discovery – all of which specifically related to the Ecuadorian judgment – and noted that "[i]mportantly, none of those five instances had anything to do with the alleged pressure campaign or [AW]." *Id.* at 7, 8. Here, however, the Magistrate would allow Chevron to circumvent that order and obtain information it was previously prohibited from seeking, and Chevron here admits that it seeks this

---

[1] Chevron also seeks to have it both ways: claiming that it knows the identities of the individuals for purposes of saying that the individuals have no right to anonymity, even going so far as attempting to individually name them, while at the same time claiming that it does not know the identities for purposes of whether they actually need the information. This inconsistency alone should be a basis for quashing the subpoena.

information because of the participation of the Movants in "legal and public relations strategies."[2] But as the Magistrate previously found, communications about public relations and advocacy work do not fall within the areas Judge Kaplan found warranted discovery, and allowing such discovery here would be inconsistent with the Court's prior orders and clear error.

### IV. Chevron's Request for the IP Logs of Its Critics in Order to Track Its Critics' Movements Over Years Clearly Implicates Those Critics' California Right to Privacy.

Chevron seeks IP logs specifically because they would reveal the location where its critics were every time they logged into their email accounts over the course of nine years. Tracking one's critics' movements over the course of nearly a decade surely implicates the right to privacy. The Magistrate did note that no court has found a privacy interest in similar IP logs over a long period of time, Order at 16, and while it seems that this is a question of first impression in this District, that is because Chevron's attempt here is unprecedented.[3]

More importantly, the Magistrate incorrectly relied on the statement in the ISP's privacy policies that the ISPs would provide IP logs in response to a valid subpoena to find that the Non-Party Movants have waived any expectation of privacy. Far from being a waiver, however, the terms of service merely beg the question of whether this subpoena is valid, something to be decided according to the large body of case law concerning standards for the protection of information in the possession of ISPs from civil subpoenas. *See, e.g., Anonymous Online Speakers v. U.S. Dist. Court*, 661 F.3d 1168, 1173 (9th Cir. 2011) (the right to speak anonymously online "promotes the robust exchange of ideas and allows individuals to express themselves freely"); *see also Doe v. SEC*, No. 11-mc-80184 CRB (NJV), 2011 U.S. Dist. LEXIS 132983, at *8 (N.D. Cal. Nov. 17, 2011) (finding a "protectable speech interest in ISP subscriber information").

Finally, the Magistrate made a factual error in holding that "IP logs associated with their

---

[2] For example, the Magistrate indicates that owners of two of the email addresses at issue may be employees of Amazon Watch, "a non-party that has campaigned extensively to raise awareness of the environmental situation in Ecuador as it relates to Chevron." Order at 23. But the Magistrate concluded Chevron is entitled to discovery because they communicated with Donziger about press releases, letters to the editor, and the like. *Id.* at 23-24.

[3] The Magistrate's reliance on *United States v. Forrester*, 512 F.3d 500 (9th Cir. 2008), to find that there can be no privacy interest in IP addresses is inappropriate here. *Forrester* involved a search of a suspect's outgoing Internet connections, not the production of information tending to show where that suspect had been for the last nine years.

email accounts are the addresses visible to the outside world associated with their accounts." Order at 19. This is untrue. The IP logs of Google and Yahoo! are not publicly visible. A single IP address may be visible to a single recipient of a message, but the flow of IP addresses over nine years collected by an ISP is simply not available from any public place. Indeed, if IP logs were in fact public, Chevron would have no need for these subpoenas.

### V. The Magistrate Erred in Finding that Chevron's Subpoenas are Overbroad but Failing to Require Chevron to Present Facts Necessary to Limit Them.

The Magistrate "suspected" that Chevron could have "more closely tailored [its subpoenas] to defendants' alleged actions, for example, starting with the filing of a particular environmental report or the launch of a public relations campaign," instead of seeking everything for nine years. Order at 21. But despite Chevron's failure to "present[] the Court with the facts necessary to so limit the subpoenas," the Court did not require Chevron to more narrowly tailor the subpoenas. Order at 21. Particularly in light of the First Amendment and privacy interests at stake, the Magistrate erred. *See Chevron Corp.*, No. 13-mc-80038, 2013 WL 1402727, at *5 (once a party makes a *prima facie* case that a subpoena seeks discovery into First Amendment protected activity, the burden shifts to the party seeking discovery to show that the subpoena is carefully tailored).

### VI. The Magistrate's Finding that the Non-Party Movants Lack Third-Party Standing to Challenge Chevron's Subpoenas as a Whole Is Contrary to the Law.

Finally, the Magistrate erred in finding that the Non-Party Movants could challenge Chevron's subpoenas only as to the email addresses they own. It is well-settled law that, in First Amendment cases, there are "unique standing considerations . . . that tilt dramatically toward a finding of standing." *Lopez v. Candaele*, 630 F.3d 775, 781 (9th Cir. 2011) (citations omitted). The subpoenas clearly impact speech – they were issued to identify and track the location of those who participated in the Ecuador campaign's "legal and public relations strategies" as to all of those whose information is sought. And the chilling effect of this strategy is clear even as to those who could not move to quash. As with other First Amendment cases, these unconstitutional subpoenas should not be enforced by this Court regardless of who the movants are.

### VII. Conclusion

For the reasons stated above, the Non-Party Movants respectfully request that the Court quash Chevron's subpoenas in their entirety.

| | |
|---|---|
| DATED:  September 5, 2013 | Respectfully submitted, |
| | ELECTRONIC FRONTIER FOUNDATION |
| | /s/ Nathan D. Cardozo<br>Nathan D. Cardozo<br>ELECTRONIC FRONTIER FOUNDATION<br>815 Eddy Street<br>San Francisco, CA 94109<br>Telephone:  (415) 436-9333<br>Facsimile:   (415) 436-9993 |
| | Counsel For Non-Party Movants |