```
                                              PAGES 1 - 15
                    UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
      BEFORE THE HONORABLE NATHANAEL M. COUSINS, MAGISTRATE JUDGE

CHEVRON CORP.,                     )
                                   )
           PLAINTIFF,              )
                                   )
  VS.                              ) NO. C 12-80237 CRB (NC)
                                   )
STEVEN DONZIGER, AND OTHERS,       )
                                   ) SAN FRANCISCO, CALIFORNIA
           DEFENDANTS.             ) WEDNESDAY
                                   ) SEPTEMBER 11 , 2013
_____) 10:25 O'CLOCK A.M.
```

**TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND RECORDINGS**

**APPEARANCES:**

**FOR PLAINTIFF:**       **GIBSON, DUNN & CRUTCHER** LLP
                         555 MISSION STREET, SUITE 3000
                         SAN FRANCISCO, CALIFORNIA 94105-0932
                    BY:  **G. CHARLES NIERLICH, ESQUIRE**
                         **ENRIQUE A. MONAGAS, ESQUIRE**

**FOR DEFENDANTS:**      **ELECTRONIC FRONTIER FOUNDATION**
                         815 EDDY STREET
                         SAN FRANCISCO, CALIFORNIA 94109
                    BY:  **NATHAN DANIEL CARDOZO, ESQUIRE**
                         **CINDY ANN COHN, ATTORNEY AT LAW**

TRANSCRIBED BY:   KATHERINE WYATT, OFFICIAL REPORTER USDC

                  WYATTKATHY994@GMAIL.COM

                  925-212-5224

| | |
|---|---|
| **SEPTEMBER 11, 2013** | **10:25 O'CLOCK  A.M.** |

### P R O C E E D I N G S

**THE CLERK:** CALLING 3-12-80237, CHEVRON CORPORATION VERSUS STEVEN DONZIGER.

**THE COURT:** GOOD MORNING.  COME ON UP.

**UNIDENTIFIED SPEAKER:** GOOD MORNING.

**MR. CARDOZO:** GOOD MORNING, YOUR HONOR.  NATHAN CARDOZO FOR THE NON-PARTY MOVANTS.

**THE COURT:** GOOD MORNING, MR. CARDOZO.  THANK YOU FOR BEING HER.

**MS. COHN:** GOOD MORNING, YOUR HONOR.  CINDY COHN FOR THE NON-PARTY MOVANTS.

**THE COURT:** GOOD MORNING TO YOU, AS WELL.

**MR. MONAGAS:** GOOD MORNING, YOUR HONOR.  ENRIQUE MONAGAS AND CHUCK NIERLICH ON BEHALF OF CHEVRON CORPORATION.

**THE COURT:** GOOD MORNING TO YOU.  THANK YOU FOR BEING HERE.

ALL RIGHT.  WE'RE HERE IN THE CONTINUING SAGA OF THE DONZIGER AND CHEVRON MATTER.  AND I HAD VERY LIMITED ISSUES THAT I HOPE TO GET FURTHER GUIDANCE FROM YOU ON.  AND I GAVE YOU IN DOCUMENT 75 THE ISSUES THAT SEEM TO HAVE SOME CONTINUING DISPUTE POST MY LAST RULING.

AND WE'RE HERE WITHIN THE CONTEXT OF A PROTECTIVE ORDER, AND THE PARTIES HAVE SUBMITTED A PROPOSED PROTECTIVE ORDER WITH

1  CERTAIN ISSUES WHICH YOU HADN'T REACHED AGREEMENT ON AS OF THE
2  TIME OF YOUR FILINGS.
3      MY FIRST QUESTION IS:  HAS THERE BEEN ANY FURTHER
4  DISCUSSIONS ABOUT HOW YOU MIGHT RESOLVE THESE ISSUES UP TO
5  TODAY?
6          **MR. MONAGAS:**  NO, YOUR HONOR.
7          **MR. CARDOZO:**  NO, YOUR HONOR.
8          **THE COURT:**  ALL RIGHT.  SO THEN THE ISSUES AS I
9  DOCUMENTED THEM WERE THE ATTORNEYS' EYES ONLY REQUEST FOR THE
10 WITNESSES AND THE MATTER OF WHICH COURT WOULD BE THE ONE TO
11 HAVE JURISDICTION OVER FUTURE CONFIDENTIALITY DESIGNATIONS.
12      BEFORE I GO ON TO THOSE, ARE THERE ANY OTHER ISSUES THAT
13 THE PARTIES THINK ARE IN DISPUTE?  THOSE ARE DERIVED FROM YOUR
14 PAPERS, BUT ARE THERE ANY OTHERS THAT THE PARTIES THINK NEED MY
15 GUIDANCE?
16         **MR. MONAGAS:**  NO, YOUR HONOR.
17         **THE COURT:**  ALL RIGHT.  AND THEN, AS A FINAL
18 PROCEDURAL REMINDER, AS YOU ALREADY KNOW THAT THIS IS SUBJECT
19 TO APPEAL TO THE DISTRICT COURT.  THIS MATTER IS TO ME ON A
20 REFERRAL, AND SO EVERYONE HAS AN OPPORTUNITY TO OBJECT TO ANY
21 RULING I MAKE.
22         **MR. MONAGAS:**  THANK YOU, YOUR HONOR.
23         **THE COURT:**  ALL RIGHT.  SO LET'S TALK ABOUT THE
24 ATTORNEYS' EYES ONLY QUESTION FIRST.
25      MR. CARDOZO, I'LL KIND OF START WITH YOU.  THE BASIS OF

```
 1   HAVING ATTORNEYS' EYES ONLY MIGHT BE FOR WITNESS SAFETY, AND
 2   THERE COULD BE OTHER BASES, TOO.  IT'S NOT AN UNUSUAL REQUEST
 3   IN THE CONTEXT OF A DISPUTE, BUT HERE THEY ARE LOOKING FOR MORE
 4   PARTICULARITY AS TO WHY PRECISELY IN THIS CASE YOU ARE
 5   CONCERNED THAT CHEVRON, AS COMPARED TO CHEVRON'S ATTORNEYS,
 6   WOULD HAVE ACCESS TO ANY MATERIALS PRODUCED.
 7            MR. CARDOZO:  YEAH, YOUR HONOR.  YES, YOUR HONOR.
 8   THE NON-PARTY MOVANTS ARE A NUMBER OF ACTIVISTS, BLOGGERS,
 9   JOURNALISTS WHO ARE STILL ACTIVE IN LATIN AMERICA.
10        THE DOCUMENTS REQUESTED BY CHEVRON WILL TEND TO SHOW THEIR
11   HABITUAL WHEREABOUTS OVER THE LAST NINE YEARS.  THEY STILL
12   FREQUENT THOSE PLACES.  SO IT'S NOT JUST THAT IT WILL SHOW
13   WHERE THEY HAVE BEEN, BUT WHERE THEY STILL GO.
14            THE COURT:  WELL, THE INFORMATION WILL SHOW WHERE
15   THEY HAVE BEEN.  AND YOU'RE SUGGESTING THAT WHERE THEY HAVE
16   BEEN IS INDICATIVE OF WHERE THEY ARE NOW.
17            MR. CARDOZO:  IT COULD WELL BE, YES.
18            THE COURT:  BUT YOU'RE NOT SUGGESTING IT'S BEEN A
19   REQUEST THAT IT'S GOING TO BE TURNED OVER WHERE THEY ARE RIGHT
20   NOW.
21            MR. CARDOZO:  NO, NOT -- THAT IS NOT THE CASE, YOUR
22   HONOR.
23            THE COURT:  AND WHY -- WHAT WOULD BE THE PROTECTION
24   OF HAVING THE ATTORNEYS VIEW BUT NOT HAVING THE CLIENT?  WHAT
25   IS THE PARTICULAR DANGER OF HAVING THE CLIENT HAVE ACCESS TO
```

1  THIS INFORMATION?
2           **MR. CARDOZO:** SO THERE'S VERY MUCH A LIVE ISSUE AS TO
3  CHEVRON CORPORATION ITSELF AND THEIR CAMPAIGN OF SURVEILLANCE
4  IN LATIN AMERICA.  I THINK THERE'S A MOTION TO -- A MOTION IN
5  LIMINE PENDING IN THE SOUTHERN DISTRICT OF NEW YORK TO EXCLUDE
6  THAT PARTICULAR EVIDENCE.
7       SO WHETHER AND HOW CHEVRON ENGAGES IN SURVEILLANCE OF
8  WITNESSES IN LATIN AMERICA IS AN ISSUE.  ALL OF THE DOE
9  DECLARANTS INDICATED IN THEIR DECLARATIONS THAT THEIR PERSONAL
10 SAFETY AND FEARS OF INTIMIDATION AND HARASSMENT BY CHEVRON
11 CORPORATION, NOT THE OUTSIDE COUNSEL, ARE THE ISSUES THAT THEY
12 ARE MOST CONCERNED ABOUT HERE.
13      SO AN ATTORNEYS' EYES ONLY PROVISION WOULD KEEP THEIR
14 LOCATIONS AND THEIR LOCATIONS IN THE PAST, AS YOUR HONOR
15 INDICATED, IN THE HANDS OF THE ATTORNEYS RATHER THAN THE PEOPLE
16 CONDUCTING SURVEILLANCE AND POSSIBLY HARASSMENT, INTIMIDATION
17 IN LATIN AMERICA.
18          **THE COURT:**  AND CAN YOU POINT ME TO WHAT YOU THINK IS
19 THE BEST EVIDENCE -- AND NOW THERE'S A MOTION IN LIMINE PENDING
20 IN NEW YORK -- THE BEST EVIDENCE THAT CHEVRON CORP. WOULD BE
21 ABLE TO USE THIS INFORMATION IN SOME WAY TO HARASS, INTIMIDATE,
22 THREATEN, CAUSE SOME THREAT OR HARM TO A PARTICULAR WITNESS?
23          **MR. CARDOZO:**  JOHN DOE NUMBER FIVE IN HIS DECLARATION
24 INDICATED THAT HE HAS WORKED FROM SENSITIVE LOCATIONS AND HAS
25 WITNESSED CHEVRON SECURITY STAFF HARASSING AND INTIMIDATING

1  PEOPLE IN LATIN AMERICA.

2      AS YOUR HONOR INDICATED IN THE ORDER, JOHN DOE NUMBER FOUR
3  IS ACTIVE IN LATIN AMERICA AND HAS HIMSELF EXPERIENCED
4  HARASSMENT AND INTIMIDATION BY ACTORS HE BELIEVED TO BE EITHER
5  CHEVRON CORPORATION OR THOSE ACTING UNDER THE CONTROL OF
6  CHEVRON CORPORATION.

7      **THE COURT:** AND WHAT ABOUT -- LET ME KNOW YOUR
8  REACTION TO HAVING ATTORNEYS' EYES ONLY AS TO THOSE PARTICULAR
9  JOE DOES. SO PARTICULAR WITNESSES WHO HAVE WRITTEN IN WITH
10 PARTICULAR CONCERNS FOR THEIR SAFETY. WHAT ABOUT LIMITING IT
11 TO THEIR INFORMATION AND NOT TO ALL PIECES OF INFORMATION?

12     **MR. CARDOZO:** SO ALL OF THE DOE DECLARANTS INDICATE
13 THAT HARASSMENT AND INTIMIDATION BY CHEVRON IS A CONCERN OF
14 THEIRS. AND THOSE CONCERNS AREN'T LIMITED JUST TO THE
15 DECLARANTS AND, IN FACT, WOULD GO NOT JUST TO MY CLIENTS, BUT
16 TO ALL OF THE NONPARTIES THIS INFORMATION THAT CHEVRON SEEKS.

17     THE FACT THAT CHEVRON IS MOVING TO EXCLUDE EVIDENCE OF
18 THIS CAMPAIGN FROM THE EYES OF THE JURY IN NEW YORK I THINK
19 SHOULD INFORM THIS COURT AS TO THE FACT THAT THIS CAMPAIGN OF
20 SURVEILLANCE IS VERY MUCH A LIVE ISSUE AND STILL ONGOING.

21     **THE COURT:** NOW, OF COURSE, MY ORDER HERE IS NOT
22 GOING TO BE AS TO THE ADMISSIBILITY OF ANY OTHER EVIDENCE OR
23 ITS USE IN NEW YORK. WE'RE FOCUSED ON DISCOVERY --

24     **MR. CARDOZO:** ABSOLUTELY.

25     **THE COURT:** -- AND THE USE OF DISCOVERY.

1    AND I'LL BE ASKING CHEVRON THE SAME QUESTION: WHAT
2    CONCERN SHOULD I HAVE THAT THERE'S ONE PROTECTIVE ORDER --
3    WELL, THERE'S MULTIPLE PROTECTIVE ORDERS, BUT THERE'S A
4    PROTECTIVE ORDER IN PLACE IN NEW YORK. AND THERE'S, OF COURSE,
5    QUESTIONS ABOUT THE ADMISSIBILITY OF DOCUMENTS PRODUCED THERE.
6    AS AN ASIDE, WE'VE GOT ANOTHER PROTECTIVE ORDER IN THE
7    WORKS HERE THAT THERE BE A DIFFERENCE STANDARD. IF THIS ONE
8    WERE ATTORNEYS' EYES ONLY AND THAT ONE DOES NOT HAVE THAT
9    PROVISION THAT PRODUCING DOCUMENTS IN THESE DIFFERENT
10   JURISDICTIONS IS GOING TO LEAD TO CONFLICTS BETWEEN THEM IF
11   THERE'S A DIFFERENT STANDARD APPLIED.
12   **MR. CARDOZO:** SO AS YOUR HONOR IS PROBABLY
13   WELL-AWARE, IT'S COMMON TO HAVE DOCUMENTS PRODUCED UNDER
14   MULTIPLE STANDARDS, ESPECIALLY CONFIDENTIAL AND CONFIDENTIAL
15   ATTORNEYS' EYES ONLY. THE PROTECTIVE ORDER WE'RE ASKING THE
16   COURT TO ENTER IS THE NEW YORK PROTECTIVE ORDER WITH TWO
17   PARAGRAPHS STRUCK. SO IT'S PRETTY SIMILAR STANDARDS.
18   CHEVRON CAN STILL USE THE DOCUMENTS IN COURT PURSUANT TO
19   THE NEW YORK PROTECTIVE ORDER, AS WE WOULD REQUEST THAT THIS
20   COURT MODIFY. SO THE CONFLICT WOULD BE MINOR AT BEST.
21   **THE COURT:** ALL RIGHT. ANYTHING ELSE TO ADD, MR.
22   CARDOZO, ON THE ATTORNEYS' EYES ONLY ISSUE?
23   **MR. CARDOZO:** ON THE ATTORNEYS' EYES ONLY, ONLY ONE
24   THING, YOUR HONOR. IN THE MEET AND CONFER EFFORTS THAT I
25   ENGAGED WITH WITH CO-COUNSEL FOR -- YOU KNOW, THIS COUNSEL'S

```
 1   COLLEAGUE, THEY INDICATED NO REASON WHY CHEVRON CORPORATION
 2   ITSELF VERSUS THEIR LITIGATION EXPERTS AND COUNSEL NEEDS THE
 3   DOCUMENTS.
 4        SO BECAUSE WE'VE MADE AN UNREBUTTED SHOWING THAT THERE ARE
 5   LEGITIMATE PERIODS OF HARASSMENT AND INTIMIDATION AND CHEVRON
 6   HAS INDICATED NO REASON WHY A CORPORATION AS A PARTY NEEDS THE
 7   DOCUMENTS. I THINK THE ATTORNEYS' EYES ONLY PROVISION IS
 8   WARRANTED?
 9             **THE COURT:**  ALL RIGHT.  I'LL GIVE THEM AN OPPORTUNITY
10   TO SEE IF THEY AGREE WITH THAT.  SO THAT'S THE FIRST QUESTION.
11        WHAT IS THE NEED -- I'VE ORDERED IT BE PRODUCED TO -- AT
12   LEAST TO COUNSEL. BUT WHAT WOULD BE THE NEED FOR THE CLIENTS AS
13   COMPARED TO OUTSIDE COUNSEL AND LITIGATION EXPERTS TO HAVE
14   ACCESS TO THIS INFORMATION?
15             **MR. MONAGAS:**  THANK YOU, YOUR HONOR.  AS TO THE
16   MANAGEMENT OF OUR CASE, THE SCOPE, CHEVRON'S IN-HOUSE COUNSEL
17   AND THE KEY PERSONAL STAFF HAVE BEEN ACTIVELY ENGAGED IN
18   LITIGATION STRATEGY, DAY-TO-DAY MANAGEMENT OF THIS CASE.
19        TRIAL IS QUICKLY APPROACHING.  WE ARE FOUR WEEKS AWAY, AND
20   WE NEED TO HAVE AN ABILITY TO LOOK AT THIS LATE STAGE EVIDENCE
21   AND (INAUDIBLE) OF THEIR CLIENTS.
22        AN ATTORNEY'S EYES ONLY PROTECTIVE ORDER WOULD CREATE
23   THESE BURDENS WHICH WOULD MAKE IT DIFFICULT TO HAVE THESE TRUE
24   COMMUNICATIONS, AND IT WOULD MAKE IT DIFFICULT TO HAVE
25   INTELLIGENT, INFORMED LITIGATION STRATEGY DECISIONS.
```

 1          AND THAT IS WHY FEDERAL COURTS RECOGNIZE THAT ATTORNEYS'
 2  EYES ONLY PARTICULARS ARE A DRASTIC RESOLUTION THAT SHOULD BE
 3  ONLY USED IN LIMITED CIRCUMSTANCES.  AND TO THAT END THE
 4  NON-PARTY MOVANTS HAVE TO MEET A CERTAIN BURDEN.
 5          THEY HAVE TO SHOW THAT THERE'S SPECIFIC AND PARTICULAR
 6  EVIDENCE THAT SUPPORTS THEIR CLAIMS OF HARM.  AND TO THAT POINT
 7  THEY TURN TO A COUPLE OF JOHN DOE DECLARANTS.
 8          JOHN DOE NUMBER (INAUDIBLE) SAYS A COUPLE OF THINGS.  HE
 9  SAYS, ONE, THAT HE'S CONCERNED THAT THE INFORMATION MAY BECOME
10  PUBLIC.  AND TO QUOTE, IT MIGHT, QUOTE:
11              "GO INTO THE HANDS OF THE WRONG PEOPLE."
12          THE SECOND ISSUE THAT HE HAS WITH RESPECT TO THE CURRENT
13  ORDER AND HOW THAT WOULD LEAD TO INTIMIDATION OR HARASSMENT.
14           WITH RESPECT TO THE FIRST POINT, THE PROTECTIVE ORDER
15  UNDER JUDGE KAPLAN'S CONFIDENTIAL DESIGNATION WILL MAKE SURE
16  THAT THAT DOESN'T HAPPEN.  AND WE DON'T NEED AN ATTORNEYS' EYES
17  ONLY TO MAKE SURE THAT THE INFORMATION DOESN'T BECOME PUBLIC.
18          WITH RESPECT TO HIS CURRENT WHEREABOUTS, AS THIS COURT
19  RIGHTFULLY NOTED, THIS IS HISTORICAL INFORMATION THAT WILL
20  ALLOW CHEVRON TO BUILD ITS CASE BASED ON PAST CONDUCT, WE'RE
21  NOT GOING TO KNOW WHERE ANYBODY IS AT A PARTICULAR TIME TODAY.
22          INDEED, THE MOST RECENT INFORMATION WE'LL GET IS GOING TO
23  BE FROM TWO-AND-A-HALF YEARS AGO.  AND TO FURTHER THAT POINT,
24  THERE'S NO SHRED OF EVIDENCE THAT CHEVRON HAS EVER SOUGHT TO
25  HARASS OR INTIMIDATE ANY OF THE NON-PARTY MOVANTS.

1    AND SEVERAL WE HAVE HERE, OUR DECLARATIONS ARE BASED ON
2    HEARSAY AND PURE SPECULATION.  AND I'M LOOKING AT THE
3    DECLARATION OF JOHN DOE NUMBER. FIVE AND HE'S TALKING ABOUT
4    THAT HE HAS HEARD THAT THINGS HAVE HAPPENED.  THAT HE WAS
5    THREATENED BY UNKNOWN MEN WHO MENTIONED THEIR WORK AS AN
6    ACTIVIST.  THAT SOMEONE PURPORTED TO BE CHEVRON, BUT NOT
7    CHEVRON AT ALL.  THERE'S NO ACTUAL SPECIFIC FACTS THAT CHEVRON
8    HAS DONE ANYTHING, BECAUSE THEY HAVEN'T.  WE FEEL THAT THE
9    PROTECTIVE ORDER THAT KAPLAN HAS WILL BE SUFFICIENTLY -- EMPLOY
10   SUFFICIENT PROTECTION, AND THE NON-PARTY MOVANT JUST HAVEN'T
11   MET THEIR BURDEN.
12           **THE COURT:**  AND WHAT ABOUT THE CONCERN OF HAVING
13   DIFFERENT PROTECTIVE ORDERS HERE AND BEFORE JUDGE KAPLAN?
14           **MR. MONAGAS:**  I APPRECIATE THAT, AND I'M GRATEFUL
15   THAT THE COURT RECOGNIZED THAT.  I THINK AT THIS LATE STAGE IN
16   THE GAME AND WHEN WE'RE FOUR WEEKS FROM TRIAL, THE IDEA THAT
17   WE'RE GOING TO HAVE DIFFERENT STANDARDS WITH RESPECT TO WHAT
18   "CONFIDENTIALITY" MEANS, WHETHER IT MEANS THAT WE CAN SHARE IT
19   WITH A LIMITED GROUP OF PEOPLE THAT INCLUDES CHEVRON'S IN-HOUSE
20   COUNSEL, OR IT MEANS ONLY OUTSIDE COUNSEL, IT DOES MAKE IT
21   DIFFICULT FOR US TO LITIGATE THIS CASE AND MAKE STRATEGY
22   DECISIONS.
23      SO I THINK WHAT I HEAR FROM THE COURT IS THAT THERE IS
24   SOME CONCERN THERE, AND WE AGREE WITH THAT.
25           **THE COURT:**  ALL RIGHT.  ANYTHING FURTHER?

1           **MR. MONAGAS:**  NO, YOUR HONOR.  THANK YOU.

2           **THE COURT:**  ALL RIGHT.  SO LET'S TURN TO THE SECOND

3    ISSUE, WHICH IS THE JURISDICTION FOR FUTURE CONFIDENTIALITY

4    CHALLENGES.  WHAT DO THE PARTIES THINK ABOUT THAT?  I'LL START

5    WITH CHEVRON ON THIS ONE.

6           **MR. MONAGAS:**  YOUR HONOR, THE POINT IS SIMPLE.  IF

7    THE COURT ADOPTS JUDGE KAPLAN'S ORDER WHICH WAS NEGOTIATED

8    BETWEEN THE PARTIES, THERE IS A PROCEDURE IN PLACE WHERE WE

9    COME TO A POINT WHERE WE WANT TO CHALLENGE THE CONFIDENTIALITY

10   DESIGNATIONS, WE GO BEFORE JUDGE KAPLAN.

11        WE ARE AMENABLE.  IF THIS COURT WANTS TO RETAIN

12   JURISDICTION, THAT IS ACCEPTABLE, AS WELL.  WE WERE JUST

13   THINKING FOR JUDICIAL ECONOMY TO NOT BURDEN THIS COURT.  IT

14   MIGHT MAKE SENSE TO GO TO JUDGE KAPLAN.

15          **THE COURT:**  ALL RIGHT.  WHAT DO YOU THINK, MR.

16   CARDOZO?

17          **MR. CARDOZO:**  THE FACT THAT THE NON-PARTY MOVANTS

18   HAVE NOT APPEARED BEFORE JUDGE KAPLAN OR IN THE RICO ACTION, I

19   THINK INDICATES THAT THIS COURT WOULD BE AT LEAST THE COURT OF

20   THE FIRST INSTANCE TO BRING THAT CHALLENGE.

21         IF THIS COURT WISHES TO REFER IT TO JUDGE KAPLAN, BY ALL

22   MEANS THAT WOULD BE THE COURT'S PREROGATIVE.

23          **THE COURT:**  ALL RIGHT.  VERY WELL.

24        ALL RIGHT.  THANK YOU FOR YOUR PRESENTATIONS.

25        ANY FURTHER EVIDENCE THAT I SHOULD CONSIDER?

1          **MR. MONAGAS:**  THERE'S ONE HOUSEKEEPING ISSUE THAT
2  WITH RESPECT TO THE NON-PARTY MOVANTS' MOTION FOR RELIEF FROM
3  THIS COURT'S ORDER.
4          **THE COURT:**  YES.
5          **MR. MONAGAS:**  THEY HAD E-FILED IT AS A MOTION FOR
6  RECONSIDERATION.  WE SPOKE THIS MORNING, AND THEY MEANT IT TO
7  BE A MOTION FOR RELIEF AND NOT A MOTION FOR RECONSIDERATION.
8          **THE COURT:**  ALL RIGHT.  AND THAT'S HOW I INTERPRETED
9  IT.  AND SOMETIMES THEY GET TAGGED THAT WAY IN ECF.  AND I DID
10 REVIEW IT, AND THAT'S HOW I INTERPRETED IT.  GOOD.
11     SO THANK YOU FOR CLARIFYING THAT ISSUE.
12     ALL RIGHT.  WELL, HERE'S HOW I'M GOING TO RULE.  ON THE
13 QUESTION OF WHETHER I'LL RETAIN JURISDICTION FOR FUTURE
14 CHALLENGES, I WILL RETAIN JURISDICTION.
15     THERE ARE MANY ISSUES THAT ARE PRESENTED IN THESE CASES,
16 IN MULTIPLE JURISDICTIONS.  SO I APPRECIATE THE THOUGHT OF
17 JUDICIAL ECONOMY AND EFFICIENCY, BUT THAT'S NEVER GOING TO BE
18 ACCOMPLISHED IN THIS CASE, ANYWAYS.  AND THE FACT THAT THE
19 NONMOVANTS ARE HERE BEFORE THIS COURT AND ARE NOT BEFORE THAT
20 COURT INDICATES THIS IS THE -- AT LEAST A MORE CONVENIENT, BUT
21 ALSO PERHAPS MORE FAIR, FORUM TO ADDRESS THE CONFIDENTIALITY
22 ISSUES THAT ARISE FROM A PROTECTIVE ORDER ISSUED BY THIS COURT.
23      SO IT MAY BE THAT THERE'S SOME CONTINUED NEED TO HAVE THE
24 PROCEEDINGS IN NEW YORK BE COORDINATED WITH THESE PROCEEDINGS
25 OR RELATED, VICE VERSA, THAT WE'RE TRAILING AND WE'RE

1   SUPPORTING WHAT IS GOING ON THERE.
2           BUT I'LL RETAIN JURISDICTION.
3           ON THE ATTORNEYS' EYES ONLY REQUEST, I'M GOING TO DENY THE
4   REQUEST FOR ATTORNEYS' EYES ONLY SPECIAL DESIGNATION OF THESE
5   MATERIALS.  AND THE REASON WHY IS THE TIMING AND THE SHOWING OF
6   CURRENT THREAT, HARASSMENT, DANGER TO THOSE WITNESSES.
7           THE INFORMATION SOUGHT IS FROM MORE THAN TWO YEARS AGO.  I
8   MIGHT HAVE A DIFFERENT ANALYSIS IF IT WAS:  ARE THEY TODAY?
9   WHAT ARE THEY DOING TODAY?  AND A SHOWING THAT THERE WAS A
10  PARTICULAR AND RECENT THREAT TO THOSE WITNESSES.
11          BUT GIVEN THAT THE INFORMATION IS HISTORICAL AND IT'S ONLY
12  PARTIAL INFORMATION AS TO -- IT'S NOT NECESSARY THAT FOR ALL
13  THOSE WITNESSES WE ARE GOING TO KNOW EVERYTHING ABOUT THEM FROM
14  EVEN THAT TIME PERIOD.
15          IT'S REALLY TIMING, BUT WHERE THEY WERE TWO YEARS AGO,
16  WHERE THEY MIGHT HAVE BEEN SENDING E-MAILS FROM.  I THINK IT'S
17  A JUMP TO THAT BEING A PRESENT DANGER PRESENTED BY CHEVRON
18  ITSELF.
19          NOW, THERE ARE CONCERNS ABOUT THE DISTRIBUTION OF THIS
20  INFORMATION, THE USE OF INFORMATION.  THOSE ARE ADDRESSED IN A
21  PROTECTIVE ORDER.  SO WE'RE TALKING ABOUT MAYBE THE CHEVRON
22  CORPORATION ITSELF USING THE INFORMATION.
23          WE'RE NOT SAYING:  CAN CHEVRON TRANSMUTE IT TO THE WORLD
24  AND HAVE SOMEONE ELSE DO SOMETHING WITH IT?
25          BUT I THINK THAT THE PROTECTIONS IN THE PROTECTIVE ORDER

| | |
|---|---|
| 1 | ARE SUFFICIENT GIVEN THE TIMING AND THE SPECIFICS OF WHAT IS |
| 2 | BEING SOUGHT.  AND I AM CONCERNED ABOUT THE COORDINATION |
| 3 | BETWEEN THIS DISCOVERY PROCEEDING AND THE PAROLE TRIAL WHICH IS |
| 4 | SET BEFORE JUDGE KAPLAN. |
| 5 | AND THAT'S A SECOND AND LESS IMPORTANT REASON TO TRY TO |
| 6 | HAVE MORE CONSISTENCY BETWEEN THE PROTECTIVE ORDERS. |
| 7 | SO THAT WOULD BE MY ORDER.  I'LL ASK CHEVRON AS THE |
| 8 | PLAINTIFF IF THEY CAN RESUBMIT A PROPOSED ORDER THAT HAS THOSE |
| 9 | PARAGRAPHS TOGGLED IN THAT WAY. |
| 10 | I CAN'T REMEMBER IF YOU HAVE SUBMITTED IT WITH THAT -- |
| 11 | **MR. MONAGAS:**  WE'LL GET IT OUT. |
| 12 | **THE COURT:**  IF YOU CAN DO THAT, I WOULD APPRECIATE |
| 13 | IT. |
| 14 | **MR. MONAGAS:**  WILL DO. |
| 15 | **THE COURT:**  AND THE PARTIES CAN BOTH SEEK APPEAL TO |
| 16 | JUDGE BREYER FROM THAT RULING. |
| 17 | **MR. CARDOZO:**  IF I MAY, YOUR HONOR. |
| 18 | **THE COURT:**  YES. |
| 19 | **MR. CARDOZO:**  CHEVRON HAS MOVED FOR RECONSIDERATION. |
| 20 | OUR MOVE FOR RELIEF OF YOUR HONOR'S RULING, AND SPECIFICALLY |
| 21 | ASKED ON THE TIMING ISSUE FOR THE TIMING FOR THE PRODUCTION TO |
| 22 | BE EXTENDED UNTIL THE CURRENT POINT. |
| 23 | SO IT'S NOT -- WE'RE NOT JUST DEALING WITH TWO-AND-A-HALF |
| 24 | YEAR OLD.  IF CHEVRON IS SUCCESSFUL IN ITS MOTION FOR RELIEF WE |
| 25 | WOULD BE DEALING WITH INFORMATION UP TO THE CURRENT DAY.  SO |

```
 1  LOCATION INFORMATION UP TO THE CURRENT DAY.
 2           THE COURT:  WELL, I SUPPOSE THAT IF THEY ARE
 3  SUCCESSFUL IN THEIR APPEAL THAT YOU MIGHT HAVE NEW ARGUMENTS TO
 4  MAKE.
 5           MR. CARDOZO:  OKAY.
 6           THE COURT:  BUT ON THE CURRENT RECORD -- AND I
 7  APPRECIATE YOU BRINGING THAT UP -- I THINK ON THE CURRENT
 8  RECORD THE PROTECTIONS TO THE WITNESSES ARE SUFFICIENT IN THE
 9  PROTECTIVE ORDER.  AND IF THE COURT DISAGREES WITH WHAT I HAVE
10  ALREADY DONE THEN WELL SEE WHERE WE ARE WHEN THAT OCCURS.
11           MR. CARDOZO:  THANK YOU, YOUR HONOR.
12           MR. MONAGAS:  AND COUNSEL FOR CHEVRON WILL E-MAIL YOU
13  THAT PROPOSED ORDER THIS AFTERNOON.
14           THE COURT:  VERY GOOD.  THANK YOU VERY MUCH.
15           MR. MONAGAS:  THANK YOU, YOUR HONOR.
16           (THEREUPON, THIS HEARING WAS CONCLUDED.)
17
18
19
20
21
22
23
24
25
```

**CERTIFICATE OF TRANSCRIBER**

I CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT, TO THE BEST OF MY ABILITY, OF THE ABOVE PAGES OF THE OFFICIAL ELECTRONIC SOUND RECORDING PROVIDED TO ME BY THE U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OF THE PROCEEDINGS TAKEN ON THE DATE AND TIME PREVIOUSLY STATED IN THE ABOVE MATTER.

I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR, RELATED TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTIONS IN WHICH THIS HEARING WAS TAKEN; AND, FURTHER, THAT I AM NOT FINANCIALLY NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE ACTION.

SIGNATURE OF TRANSCRIBER

*Kathy Wyatt*  9-12-13 DATE