THEODORE J. BOUTROUS JR., SBN 132009
  tboutrous@gibsondunn.com
ETHAN D. DETTMER, SBN 196046
  edettmer@gibsondunn.com
ENRIQUE A. MONAGAS, SBN 239087
  emonagas@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Plaintiff Chevron Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHEVRON CORP., <br><br> Plaintiff, <br><br> v. <br><br> STEVEN DONZIGER, and others, <br><br> Defendants. | CASE NO. 12-mc-80237 CRB (NC) <br><br> **CHEVRON CORPORATION'S OPPOSITION TO NON-PARTY MOVANTS' OBJECTION TO EVIDENCE AND ADMINISTRATIVE MOTION TO STRIKE** |

On September 5, 2013, Chevron submitted limited objections to an order that partially granted and partially denied the non-party "John Doe" movants' motion to quash subpoenas to Google and Yahoo. *See* Dkt. 74. Among other things, Chevron contended in those objections that the Magistrate Judge imposed on Chevron an incorrect, heightened burden of relevance. *See id.* at 2-3. To illustrate the extent of the Magistrate Judge's error, Chevron included with its objections exhibits showing that each of the email accounts at issue is relevant to its claims. *See* Dkt. 74-1 to 74-26; Dkt. 74 at 3-5.

The Does now move to strike those exhibits on the ground that they "contain documents that Chevron chose not to provide to the Magistrate Judge despite having been available to Chevron" when Chevron filed its opposition to the Does' motion to quash. Dkt. 76 at 1.

The Does' motion rests on a misunderstanding of Chevron's objections and of the parties' respective legal burdens. Chevron properly submitted those exhibits to illustrate the extent of the Magistrate Judge's legal error in partially granting the Does' motion to quash. Importantly, Chevron had no cause to submit that evidence earlier in this case, because the Does did not make ***any*** factual submissions related to these email addresses, and thus had failed to meet their burden to show that the discovery requests were in any way improper. Indeed, none of the owners of these accounts submitted declarations attesting to any facts demonstrating a burden or harm that could result from complying with the subpoenas.[1] As a result, Chevron had no factual showing to rebut with respect to these accounts when it opposed the Does' original motion, and it was not until Magistrate Judge Cousins' own order purported to draw factual conclusions about these accounts that the additional factual evidence became relevant. The Does' motion to strike is therefore meritless and should be denied.

---

[1] Two of the owners of the accounts at issue filed factual submissions under their own names asking that the subpoenas be quashed, but those submissions actually confirmed that they were involved in the events giving rise to the underlying litigation. *See* Dkt. 18, 19. The Magistrate Judge's order overlooked these submissions, *see* Dkt. 70 at 31, despite the Does' acknowledgment of these owners' "involvement in the Ecuadorian matter," Dkt. 43 at 3 n.5. This stands in stark contrast to the email addresses at issue in Chevron's motion for relief, where the owners did not provide any factual submission, yet the Magistrate Judge nevertheless awarded the owners relief.

In its objections, Chevron sought to demonstrate that the Magistrate Judge's order was "contrary to law" (Fed. R. Civ. P. 72(a)) to the extent that it imposed an improper heightened burden on Chevron. Dkt. 74 at 2-3. As Chevron explained, in opposing the Does' motion to quash Chevron had the burden of showing that the subpoenaed information was relevant to its claims. *Id.* at 2. Chevron satisfied that burden. *See id.* After Chevron established the relevance of the subpoenaed material, the Does then had the burden of establishing that the subpoenas were unreasonable. *Id*. As Chevron explained in its objections, however, the Magistrate Judge failed to hold the Does to this burden. *Id.* at 2-3. Instead, the Magistrate Judge required *Chevron* to make an *additional* showing: that its subpoenas are reasonable as to each individual email account even though none of the owners of these accounts had submitted declarations showing any factual basis for relief. *Id.*[2]

As an adjunct to its argument, Chevron submitted several illustrative exhibits to highlight that, even if the Does *had* tried to satisfy their burden of showing that the subpoenas were unreasonable (by presenting evidence that specific account holders should not have been included in its scope), their motion to quash *still* would have had to be denied because Chevron would have refuted those factual contentions with the attached exhibits. *See* Dkt. 74 at 3-5; Dkt. 74-1 to 74-26. Chevron thus submitted those exhibits not to "supplement the record" (Dkt. 76 at 1) but instead to *illustrate*, for the benefit of this Court, that not only had the Magistrate Judge made a legal error, but also that the Magistrate Judge's legal error had caused him to make factual errors as well. Such a complaint of legal error is precisely the basis for relief contemplated by Federal Rule of Civil Procedure 72(a).

Chevron therefore did not (as the Does suggest) sit on evidence that it should have submitted earlier. To the contrary, Chevron had *no reason* to submit these exhibits when opposing the Does' motion to quash because the Does did not even attempt to satisfy their legal burden. It would have been gratuitous for Chevron to come forth with evidence to "rebut" arguments that the Does did not make.

---

[2] The Magistrate Judge's error is notable because, in each instance where the Does submitted a declaration, Chevron *did* provide a response. Dkt. 46 at 7. Where the Magistrate Judge evaluated this competing evidence, he *did* conclude that the requests were proper. Dkt. 70 at 22-26.

Because the motion to strike rests on the Does' confusion over the law, the facts, and the basis of Chevron's motion for relief, it is unsurprising that the authorities cited by the Does do not support its motion to strike. Most fundamentally, none of those cases holds that a party is barred from submitting evidence that the party had *no cause* to submit earlier. The cases on which the Does rely stand instead for two different propositions—neither of which supports the Does' motion to strike.

First, those cases recognize that motions for reconsideration (or motions to amend) generally "are not the place for parties to make *new arguments* not raised in their original briefs." *Hendon v. Baroya*, No. 1:05-cv-01247-AWI-GSA-PC, 2012 WL 995757, at *1 (E.D. Cal. Mar. 23, 2012) (emphasis added); *see Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995) (affirming refusal to consider "an *argument* raised for the first time on reconsideration" (emphasis added)); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) ("A district court does not abuse its discretion when it disregards *legal arguments* made for the first time on a motion to amend . . . ." (emphasis added)). That rule is irrelevant here, however, because Chevron did not advance new *arguments* in moving for relief; it simply asked this Court to apply the correct legal standard, *see* Dkt. 74 at 2-3—the same legal standard that Chevron cited in its opposition briefing, *see* Dkt. 46 at 11, 13.

Second, to the extent the cases cited by the Does recognize that previously available evidence generally cannot be presented on reconsideration, *see Zimmerman*, 255 F.3d at 740; *Hendon*, 2012 WL 995757, at *2, those cases still do not help the Does. For one thing, and as explained above, the evidence here was submitted simply to *highlight* the *legal error* committed by the Magistrate Judge—not to make a new, free-standing factual argument that should have been made first to the Magistrate Judge. The Does' cases do not bar such use of factual materials. For another thing, a district court has discretion to consider evidence not presented to a magistrate judge when a party had good cause for not submitting that evidence earlier. *See United States v. Caro*, 461 F. Supp. 2d 478, 480 n.2 (W.D. Va. 2006), *aff'd*, 597 F.3d 608 (4th Cir. 2010) ("While review of a magistrate judge's decision on nondispositive motions does not normally permit the admission of evidence not considered by the magistrate judge, the district judge has the discretion to do so."); *United States v. Frans*, 697 F.2d 188, 191 n.3 (7th Cir. 1983) ("A magistrate makes recommendations to the district court. That court then may satisfy itself that the recommended actions are fair and proper by

1  receiving additional evidence or conducting a full review."). Chevron had good cause for not
2  submitting the relevant exhibits earlier because the Does failed to satisfy the burden that would have
3  obliged Chevron to come forward with that evidence. Granting the Does' motion to strike would, in
4  short, wrongly penalize Chevron for the Does' failure to satisfy the burden the law imposed on them.
5        The Does are not entitled to the relief that they seek. The motion to strike should be denied.

7  Dated: September 16, 2013      GIBSON, DUNN & CRUTCHER LLP

8      By:     */s/ Ethan D. Dettmer*
          Ethan D. Dettmer

10      Attorneys for Plaintiff Chevron Corporation