THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

ETHAN DETTMER, SBN 196046
  edettmer@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Plaintiff
CHEVRON CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHEVRON CORP.,<br><br>        Plaintiff,<br><br>    v.<br><br>STEVEN DONZIGER, *et al.*,<br><br>        Defendant. | CASE NO. 3:12-MC-80237-CRB-NC<br><br>**NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING** |

Gibson, Dunn & Crutcher LLP

NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING – CASE NO. 3:12-MC-80237 CRB NC

Pursuant to Local Rule 3-13, Plaintiff Chevron Corporation ("Chevron") submits this Notice of Pendency of Other Action or Proceeding to give this Court notice of recent developments in the proceeding entitled *Chevron Corp. v. Donziger, et al.*, Case No. 11-CV-0691 (LAK) (S.D.N.Y.) (the "RICO case").

On August 22, 2013, this Court granted in part and denied in part the Non-Party Movants' motions to quash the subpoenas directed at Google and Yahoo!. Dkt. 70. On September 6, in the RICO case, the Lago Agrio Plaintiffs (the "LAPs") moved Judge Kaplan for "a protective order stating that Google, Yahoo!, and Microsoft are under no obligation to produce the documents requested by" the subpoenas." Exhibit A. The LAPs argued that "Chevron's failure to move to compel production—while the motions to quash were pending and before the end of the discovery period set by the scheduling order in this case—foreclosed any effort by it to obtain the documents once the courts that issued the subpoenas ruled." *Id*. Describing the requested protective order as "unwarranted," Judge Kaplan denied the motion. *Id*. The Court observed:

> "'[A] subpoena is an order of the court.' A recipient who fails to obey it 'without adequate excuse' may be held in contempt of court. The pendency of a motion to quash a subpoena, however, generally constitutes an 'adequate excuse.' Once a motion to quash a subpoena is resolved adversely to the subpoena recipient, the 'adequate excuse' provided by its pendency vanishes. The recipient again becomes subject to the unqualified duty, imposed by the court's issuance of the subpoena itself, to comply. There simply is no good reason to foreclose the server of a timely subpoena—whose efforts to obtain the subpoenaed materials have been frustrated by ultimately meritless motions to quash—from seeking to compel compliance with that court process in the event the subpoena recipients do not then comply."

*Id*. (internal citations omitted).

Chevron respectfully submits that this order is related to the arguments that the parties have previously made before Your Honor.

DATED: October 4, 2013              GIBSON, DUNN & CRUTCHER LLP


                                    By:       */s/ Ethan Dettmer*
                                               Ethan Dettmer

                                    Attorneys for Plaintiff
                                    CHEVRON CORPORATION