# JONES DAY

555 CALIFORNIA STREET, 26TH FLOOR • SAN FRANCISCO, CALIFORNIA 94104

TELEPHONE: +1.415.626.3939 • FACSIMILE: +1.415.875.5700

October 4, 2013

VIA ECF

Magistrate Judge Nathanael Cousins
United States District Court for the Northern District of California
Courtroom A, 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *Chevron v. Donziger*, 12-mc-80237 CRB (NC) – Motion to Compel

Dear Judge Cousins:

Chevron Corporation respectfully asks the Court to compel Yahoo! Inc. to comply with the subpoena that Chevron served on it in September 2012. Yahoo! has not objected to the subpoena, and this Court substantially denied two motions to quash. Dkt. 70 (Aug. 22, 2013). That order is now final. Chevron has asked Yahoo! to produce information responsive to the subpoena so Chevron can review it in time for a trial that is scheduled to begin on October 15, 2013, in the Southern District of New York (the "RICO action"). *See* 11 Civ. 0691 (LAK). However, Yahoo! has refused, asserting that it will not produce responsive data because an appeal has been filed.[1]

Yahoo!'s position has no merit: (1) this Court has unambiguously ruled that Chevron is entitled to the information requested in the subpoena (as modified under the Court's order); (2) the law is clear that, "absent a stay," a subpoena "must be complied with promptly," *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987); and (3) no party has moved for a stay, and this Court has not entered a stay. Chevron is entitled to the subpoenaed information, that information is relevant to Chevron's claims in the fast-approaching trial, Chevron has sought the information diligently, and Chevron will be prejudiced if it is not expeditiously produced. Accordingly, Yahoo! should be ordered to comply forthwith.

**Background:** Chevron served a subpoena on Yahoo! on September 19, 2012. The subpoena requests two categories of information about several email accounts: (1) user identification information, and (2) information about the computers used to log onto these email accounts. The requests do not seek the content of any email communications. This information is routinely produced in lawsuits consistent with the Stored Communications Act. *See* 18 U.S.C. § 2702(c)(6). The information is important to Chevron's claims—*e.g.*, that the Lago Agrio judgment was fraudulently obtained as part of a conspiracy of individuals in Ecuador and the U.S. (the "LAPs")—because it will help corroborate other evidence that (1) the LAPs shared drafts of critical documents such as expert reports and the judgment at issue, and (2) predicate acts of the fraud occurred in the U.S. The need for this information is acute because the trial begins on October 15. The LAPs and the Electronic Frontier Foundation (the EFF, which represented some owners of the accounts

---

[1] Chevron met and conferred with Yahoo!. Chevron notified Yahoo! that Chevron was filing a motion to compel, and invited Yahoo! to provide its portion of a joint brief in accordance with the Court's standing orders. Yahoo! stated that it would not participate in a joint brief or file any other briefing on this issue.

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MOSCOW • MUNICH • NEW YORK • PARIS • PITTSBURGH • RIYADH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Magistrate Judge Nathanael Cousins
October 4, 2013
Page 2

JONES DAY

listed in the subpoena) moved to quash the subpoena in October 2012 and again (after meet and confer sessions) in December 2012.

On August 22, 2013, this Court issued an order recommending that the motions to quash be substantially denied and compelling Yahoo! and Google to produce responsive information. Dkt. 70. Objections to that order were filed on September 5. Because the District Judge did not order briefing on the objections, the order became final on September 19. *See* Civ. L.R. 72-2.

The day after this Court issued its August 22 order, Chevron asked Yahoo! to produce the information requested in the subpoena. Yahoo! stated that it would not produce the information because the parties still could object to the order and a protective order had not yet been entered. After this Court's order became final on September 19, Chevron promptly informed Yahoo! that the order was final and that the Court entered a protective order on September 11. Yahoo! still refused to comply.

Chevron also has been pursuing similar discovery through a subpoena issued to Microsoft Corporation in the Northern District of New York. There, the Honorable Lewis A. Kaplan—who sat by designation and is also the presiding Judge in the RICO action—denied two motions to quash that subpoena and a motion to reconsider that decision. Dkts. 66, 68, 87.

**Argument:** This Court should order Yahoo! to comply with Chevron's subpoena and with this Court's order substantially upholding that subpoena.

The law is clear that, "absent a stay," a subpoena "must be complied with promptly." *In re Crystal Palace*, 817 F.2d at 1365; *In re Debbie Gushlak*, 2012 WL 2564523, at *4 (E.D.N.Y. July 2, 2012). This Court substantially upheld Chevron's subpoena to Yahoo!. *See* Dkt. 70. Neither Yahoo! nor any party has moved for a stay, and no stay has been entered. The presiding Judge in the RICO action—who, like this Court, is very familiar with the issues presented here—recently rejected the LAPs' new effort to thwart these subpoenas, emphasizing that "[o]nce a motion to quash a subpoena is resolved adversely to the subpoena recipient," the recipient is "subject to the unqualified duty, imposed by the court's issuance of the subpoena itself, to comply." Dkt. 87. An appeal does not relieve Yahoo! of its "unqualified duty" (*id*.) to "compl[y] . . . promptly" with this Court's order. *In re Crystal Palace*, 817 F.2d at 1365.

Yahoo! should be ordered to comply with the subpoena, and to do so promptly. Chevron has diligently sought the subpoenaed information: Chevron served its subpoena on Yahoo! more than a year ago, it opposed the motions to quash in January 2013, it promptly asked Yahoo! to comply with this Court's order substantially upholding the subpoena, and it is now asking the Court to compel compliance just after it became clear that Yahoo! is refusing to comply with a lawful order. Chevron has thus reasonably and diligently tried to obtain the information to which it is entitled so that it can use that information in a trial that is less than two weeks away. If that information is not produced promptly, Chevron will be unfairly prejudiced.

For the foregoing reasons, the Court should compel Yahoo! to comply with Chevron's subpoena by no later than October 15, 2013.

Very truly yours,

/s/ David L. Wallach

David L. Wallach
Caroline N. Mitchell

Magistrate Judge Nathanael Cousins
October 4, 2013
Page 3

**JONES DAY**

cc:    Chris Madsen, Yahoo! Inc., Counsel to Yahoo! Inc.
        (via U.S. Mail. and e-mail, cmadsen@yahoo-inc.com)
    Ryan M. Spear, Perkins Coie, LLP, Counsel to Google Inc.
        (via email, RSpear@perkinscoie.com)
    Cindy Ann Cohn, Electronic Frontier Foundation, Counsel to non-party movants
        (via email, cindy@eff.org)
    Nathan Daniel Cardozo, Electronic Frontier Foundation, Counsel to non-party movants
        (via email, nate@eff.org)
    Marco Simons, Earthrights.org, Counsel to non-party movants
        (via email, marco@earthrights.org)
    Julio C. Gomez, Gomez LLC, Counsel for Defendants
        (via email, jgomez@gomezllc.com)
    Steven R. Donziger, Counsel for Defendants
        (via email, StevenR.Donziger@gmail.com)

SFI-839422v1

# PROOF OF SERVICE

I, Sandra Altamirano, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 California Street, 26th Floor, San Francisco, California 94104. On October 4, 2013, I served a copy of the within document(s):

> **OCTOBER 4, 2013 LETTER TO MAGISTRATE JUDGE NATHANIEL COUSINS REGARDING MOTION TO COMPEL**

- ☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

- ☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

- ☐ by placing the document(s) listed above in a sealed United Postal Service envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a United Postal Service agent for delivery.

- ☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

- ☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Chris Madden
Custodian of Records
Yahoo! Inc.
701 First Avenue
Sunnyvale, CA 94089
Email: cmadsen@yahoo-inc.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose

1 | direction the service was made.

2 |     Executed on **October 4, 2013**, at San Francisco, California.

*[signature]*
Sandra Altamirano