**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

555 Mission Street
San Francisco, CA 94105-0921
Tel 415.393.8200
www.gibsondunn.com

October 4, 2013

Ethan Dettmer
Direct: +1 415.393.8292
Fax: +1 415.374.8444
EDettmer@gibsondunn.com

VIA ECF

Magistrate Judge Nathanael M. Cousins
United States District Court for the Northern District of California
Courtroom A, 15th Floor
450 Golden Gate Avenue
San Francisco, CA  94102

Re:   *Chevron Corp. v. Donziger*, 12-mc-80237 CRB (NC) – Motion to Compel

Dear Judge Cousins:

Chevron Corporation respectfully asks the Court to compel Google Inc. to comply with the subpoena that Chevron served on it in September 2012.[1]  This Court has already substantially denied two motions to quash that subpoena.  *See* Dkt. 70.  That order is now final.  In keeping with that order, Chevron has repeatedly asked Google to produce information responsive to the subpoena so that Chevron can review that information in time for a trial that is scheduled to begin on October 15, 2013, in the Southern District of New York.  Google, however, has refused to comply with the subpoena, asserting that it does not have an obligation to produce responsive data because an appeal has been filed.

Google's position has no merit:  (1) this Court has ruled that Chevron is entitled to the subpoenaed information (as modified under the Court's order); (2) the law is clear that, "[a]bsent a stay," a subpoena "must be complied with promptly," *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987) (internal quotation marks omitted); and (3) no party has moved for a stay, and this Court has not entered a stay.  Chevron is entitled to the subpoenaed information, that information is relevant to Chevron's claims in the fast-approaching trial, Chevron has sought it diligently, and Chevron will be prejudiced if that information is not expeditiously produced.  Thus, the Court should order Google to comply forthwith.

**Background**:  This matter arises from a subpoena that Chevron served on Google on September 19, 2012.  The subpoena requests two categories of information about several email accounts:  (1) user identification information, and (2) information about the computers that were used to log onto these email accounts.  The requests do not seek the contents of any email communications.  Indeed, this information is routinely produced in lawsuits consistent with the Stored Communications Act, *see* 18 U.S.C. § 2702(c)(6).  Here, it is important to Chevron's claims—*e.g.*, that the Lago Agrio judgment was fraudulently obtained as part of a conspiracy of individuals in Ecuador and the U.S. (the "LAPs")—because it will help corroborate other evidence that (1) the LAPs shared drafts of critical documents such as expert reports and the judgment at issue, and (2) predicate acts of the fraud occurred in the U.S.  The need for this information is acute because the trial commences in the Southern District of New York on October 15 (the "RICO action").  *See* 11 Civ.

---

[1]  On October 3 and 4, counsel for Chevron and Google conferred by telephone.  The parties were unable to agree to the terms of a joint statement.  Because of the fast approaching trial and Chevron's urgent need for these materials, Chevron and Google are filing separately as set forth in Your Honor's Civil Standing Order.

0691 (LAK).  The LAPs and the Electronic Frontier Foundation (the EFF, which represented some owners of the accounts listed in the subpoena) moved to quash the subpoena in October 2012 and again (after meet and confer sessions) in December 2012.

On August 22, 2013, this Court issued an order recommending that the motions to quash be substantially denied and compelling Google and Yahoo! to produce information responsive to the subpoenas.  Dkt. 70.  Objections to that order were filed on September 5.  Because the District Judge did not issue an order on the objections, the order became final on September 19, 2013.  *See* Civ. L.R. 72-2.

Chevron has consistently asked Google to produce information responsive to the subpoenas.  The day after this Court issued its August 22 order, Chevron emailed Google's counsel asking that Google produce the information requested in the subpoena.  Google stated that it would not produce the subpoenaed information, on the grounds that the parties could object to the order and that the order contemplated a protective order.  After this Court's order became final on September 19, Chevron promptly informed Google's counsel that the August 22 order was final and that the Court had entered a protective order on September 11.  Google again refused to comply, stating that it awaits the outcome of appellate proceedings.

Chevron has also been pursuing similar discovery through a subpoena issued to Microsoft Corporation and defending that subpoena in the Northern District of New York.  There, Judge Kaplan—who sat by designation and is also the presiding Judge in the RICO action—denied two motions to quash that subpoena, a motion to reconsider that decision, and another motion for a protective order.  *See* Dkt. 66, 68, 87.

**Argument**:  This Court should order Google to comply with Chevron's subpoena and with this Court's order substantially upholding that subpoena.

The law is clear that, "[a]bsent a stay," a subpoena "must be complied with promptly."  *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987) (internal quotation marks omitted); *In re Gushlak*, 11-MC-218 (NGG), 2012 WL 2564523, at *4 (E.D.N.Y. July 2, 2012).  This Court has substantially upheld Chevron's subpoena to Google.  *See* Dkt. 70.  Neither Google nor any party has moved to stay that order, and this Court has not stayed its order.  Indeed, the presiding Judge in the RICO action—who, like this Court, is very familiar with the issues presented here—recently rejected the LAPs' new effort to thwart these subpoenas, emphasizing that "[o]nce a motion to quash a subpoena is resolved adversely to the subpoena recipient," the recipient is "subject to the unqualified duty, imposed by the court's issuance of the subpoena itself, to comply."  Dkt. 87, Ex. A at 1.  Indeed, as a matter of well-settled law, an appeal does not relieve Google of its "unqualified duty" (*id.*) to "compl[y] . . . promptly" with this Court's order pending appeal.  *In re Crystal Palace*, 817 F.2d at 1365.  The Court should order Google to comply with its order by producing the documents requested by Chevron.

The Court should, moreover, order Google to comply promptly.  Chevron has diligently sought to obtain the subpoenaed information and has consistently asked Google to produce it:  It served its subpoena on Google more than a year ago, it opposed the motions to quash in January 2013, it promptly asked Google to comply with this Court's order substantially upholding the subpoena, and it is now asking the Court to compel compliance just after it became clear that Google is refusing to comply with a lawful order.  Chevron has thus reasonably and diligently tried to obtain the information to which it is entitled so that it can use that information in a trial that is less than two weeks away.  If that information is not produced promptly, Chevron will be unfairly prejudiced.

For the foregoing reasons, the Court should compel Google to comply with Chevron's subpoena by no later than October 15, 2013.

Respectfully submitted,

*/s/Ethan D. Dettmer*
Ethan D. Dettmer

EDD/bas

cc: Ryan M. Spear, Perkins Coie, LLP, *Counsel to Google Inc.*
      (via email, RSpear@perkinscoie.com)
   Cindy Ann Cohn, Electronic Frontier Foundation, *Counsel to non-party movants*
      (via email, cindy@eff.org)
   Nathan Daniel Cardozo, Electronic Frontier Foundation, *Counsel to non-party movants*
      (via email, nate@eff.org)
   Marco Simons, Earthrights.org, *Counsel to non-party movants*
      (via email, marco@earthrights.org)
   Julio C. Gomez, Gomez LLC, *Counsel for Defendants*
      (via email, jgomez@gomezllc.com)
   Steven R. Donziger, *Counsel for Defendants*
      (via email, StevenR.Donziger@gmail.com)