

915 Battery Street, 2nd Floor, #3
San Francisco, CA 94111

T: 415 590 2340  E: michele@zwillgen.com
W: www.zwillgen.com

October 11, 2013

**VIA ECF**

Magistrate Judge Nathanael Cousins
United States District Court for the Northern District of California
Courtroom A, 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Chevron v. Donziger,* 12-md-80237 CRB (NC)—Motion to Compel

Dear Judge Cousins:

Yahoo! Inc. ("Yahoo") respectfully submits this letter brief in response to Chevron Corporation's Discovery Letter Brief dated Friday, October 4, 2013 [Dkt. 88].[1] In its Letter, Chevron requests an immediate response from Yahoo to a subpoena that it previously served, but that was later subject to a motion to quash brought by defendants and interested third parties. To be clear, Yahoo intends to comply with this Court's orders. As discussed below, however, it is not presently apparent that Yahoo is required to respond due to the pendency of appellate proceedings.

**Background.** The litigation underlying this subpoena is pending in the Southern District of New York. According to Chevron, trial of the underlying matter is scheduled for October 15, 2013. In late 2012, Chevron issued subpoenas to both Yahoo and Google seeking, among other things, information pertaining to the ownership of certain email accounts. Both defendants and some of the third party account holders ("Doe Movants") moved to quash those subpoenas. The Doe Movants moved on the ground that production of the requested documents would violate their federal and state rights of privacy and association. This Court granted the motion in part and denied it in part by its recommendation dated August 22, 2013. The recommendation became final on September 19. The Doe Movants filed a notice of appeal on September 23,

---

[1] Yahoo! received an email communication from Chevron's counsel mid-morning on October 4, 2013 demanding that Yahoo! provide its portion of a joint discovery statement for this Court by 5:00 p.m. *that day*. Counsel further indicated in that email that it would file the unilateral statement that was attached to the email if Yahoo! failed to forward its submission.

2013 [Dkt. 83] and subsequently moved ex parte for a stay pending appeal on October 4, 2013 [Dkt. 90]. Chevron filed the instant motion to compel on the same day.

**Argument.** Yahoo is not a party to the underlying litigation and was not a party to the motion to quash. And, Yahoo intends to comply with the orders of this Court. Chevron's request for *immediate* compliance, however, should be denied because production of the subpoenaed documents will essentially moot the Doe Movant's pending appeal and motion for stay. Thus, Chevron's demand for compliance and present motion to compel puts Yahoo in a difficult position: it must either undermine its account holders' appeal or risk an adverse order of this Court.

The basis for Chevron's motion is two-fold. First, Chevron argues that immediate production is required because "neither Yahoo nor any party has moved for a stay, and no stay has been entered." Indeed, Chevron cites authority noting that filing a notice of appeal does not stay underlying litigation when that notice of appeal is not accompanied by a motion for a stay. *Crystal Palace Gambling Hall, Inc.*, 817 F. 2d 1361, 1363 (9th Cir. 1987)(noting "Crystal Palace did not seek a stay of the district court's order pending appeal"). But, Chevron's statement of fact is incorrect: the Doe Movants filed an ex parte application seeking a stay pending appeal on October 4, 2013, the same day that Chevron filed the instant motion to compel. See, Ex Parte Application for Stay Pending Appeal, Dkt. 90. Thus, the factual basis for their first argument fails.

Second, Chevron asserts urgency and prejudice, noting that the underlying litigation is scheduled for trial on October 15, 2013 and that it has "diligently sought the subpoenaed information." This urgency and any resulting prejudice, however, is not of Yahoo's making. Yahoo is a third party. Chevron served the subpoena on September 10, 2012 and then re-served it on September 18, 2012, noting an October 5, 2012 return date. Defendants filed a motion to quash on that day. See, Dkt. 1. And, the dispute surrounding the subpoena persisted for nearly a year. Thus, any urgency and resulting prejudice was not Yahoo's creation.

The question here is not of compliance—Yahoo will comply with this Court's orders—but is one of timing. And, the circumstances here are exceptional. While Yahoo is a third party to this dispute, it does have a legitimate interest in protecting its account holders' interests to the extent permitted by law. Here, Chevron has placed Yahoo in the untenable position of essentially mooting the Doe Movants' notice of appeal and request for a stay by producing the documents or face Court intervention. Yahoo therefore requests that the Court deny Chevron's request for immediate production and allow the Ninth Circuit to determine Chevron's entitlement to the personal information sought in due course.

Respectfully submitted,

Michele Floyd

Cc: Ryan M. Spear, Perkins Coie, LLP, Counsel to Google Inc.
    (via email, RSpear@perkinscoie.com)
    Cindy Ann Cohn, Electronic Frontier Foundation, Counsel to non-party movants
    (via email, cindy@eff.org)
    Nathan Daniel Cardozo, Electronic Frontier Foundation, Counsel to non-party movants
    (via email, nate@eff.org)
    Marco Simons, Earthrights.org, Counsel to non-party movants
    (via email, marco@earthrights.org)
    Julio C. Gomez, Gomez LLC, Counsel for Defendants
    (via email, jgomez@gomezllc.com)
    Steven R. Donziger, Counsel for Defendants
    (via email, StevenR.Donziger@gmail.com)

Chevron v. Donziger, et al.
Northern District of California
San Francisco Division
Case No. 12-md-80237 CRB (NC)

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO:**

I am a citizen of the United States and employed in the county aforesaid; I am over the age of eighteen years, and not a party to the within action; my business address is 915 Battery Street, Second Floor, Suite 3, San Francisco, CA. On the date set forth below I served the **OCTOBER 11, 2013 LETTER TO MAGISTRATE JUDGE NATHANIEL COUSINS REGARDING MOTION TO COMPEL** on the following person(s) in this action:

David L. Wallach
Caroline N. Mitchell
**JONES DAY**
555 California Street, 26th Floor
San Francisco, CA 94104
Tel: (415) 626-3939
Fax: (415) 875-5700
dwallach@jonesday.com
cnmitchell@jonesday.com

☒ **(VIA MAIL -- CCP §§ 1013(a), 2015.5)** By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection and mailing on that date following ordinary business practices. I am readily familiar with my firm's business practice of collection and processing of correspondence for mailing with the U.S. Postal Service and correspondence placed for collection and mailing would be deposited in the U.S. Postal Service at Redwood City, California, with postage thereon fully prepaid, that same day in the ordinary course of business.

☐ **(VIA PERSONAL DELIVERY -- CCP §§ 1011, 2015.5)** By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and causing each envelope(s) to be hand delivered on that day by           , in the ordinary course of my firm's business practice.

☐ **(VIA FACSIMILE -- CCP §§ 1013(e), 2015.5, CRC 2008)** By arranging for facsimile transmission from facsimile number           to the above-listed facsimile number(s) prior to 5:00 p.m. I am readily familiar with my firm's business practice of collection and processing of correspondence via facsimile transmission(s) and any such correspondence would be transmitted in the ordinary course of business. The facsimile transmission(s) was reported as complete and without error, and a copy of the transmission report is attached.

☐ **(VIA OVERNIGHT MAIL/COURIER -- CCP §§ 1013(c), 2015.5)** By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection by overnight mail service or overnight courier service. I am familiar with my firm's business practice of collection and processing of correspondence for overnight mail or overnight courier service, and my correspondence placed for collection for overnight delivery would, in the ordinary course of business, be delivered to an authorized courier or driver authorized by the overnight mail carrier to receive documents, with delivery fees paid or provided for, that same day, for delivery on the following business day.

☒ **(E-MAIL OR ELECTRONIC TRANSMISSION -- CCP §§ 1013, 2015.5)** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on October 11, 2013, at San Francisco, California.

Maria Layna