UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHEVRON CORP.,<br><br>    Plaintiff,<br><br>    v.<br><br>STEVEN DONZIGER, and others,<br><br>    Defendants. | Case No. 12-mc-80237 CRB (NC)<br><br>**ORDER DENYING EX PARTE APPLICATION FOR STAY OF ORDER PENDING APPEAL; GRANTING REQUEST TO COMPEL COMPLIANCE WITH SUBPOENA**<br><br>Re: Dkt. Nos. 72, 88, 89, 90, 92, 94 |

Non-Party Movants are thirty-two Doe individuals whose email addresses are among those subpoenaed by Chevron. Non-Party Movants request a temporary stay pending appeal of this Court's August 22, 2013 order granting in part and denying in part a motion to quash subpoenas ("Order"). Dkt. Nos. 70, 90. Meanwhile, Chevron has asked the Court to compel compliance with the subpoenas and with the Order. Dkt. Nos. 88, 89.

The Court finds the motions appropriate for determination without oral argument. *See* Civ. L.R. 7-1(b). For the reasons set forth below, the Court DENIES a temporary stay of the Court's Order pending appeal. Accordingly, Chevron's request to compel compliance with the subpoenas is GRANTED.

## I. BACKGROUND

The Court set forth a comprehensive background of this case in its August 22, 2013 order, so only recent procedural history is necessary. Dkt. No. 70. Defendants and Non-Party Movants sought District Court review of this Court's Order, but the motion for review was deemed denied when Judge Charles R. Breyer did not rule on the motion within 14 days. *See* Civ. L.R. 72-2. Thereafter Defendants and Non-Party Movants appealed the Order to the Ninth Circuit. Dkt. No. 83. Meanwhile, Chevron requested that the Court compel Yahoo! and Google to comply with the subpoenas immediately. Dkt. Nos. 88, 89. Yahoo! and Google opposed the request for compliance with the subpoenas, arguing that compelled compliance would moot the appeal. Dkt. Nos. 92, 94. The Non-Party Movants also filed an ex parte application for a stay of the Order pending the appeal to the Ninth Circuit. Dkt. No. 90. Judge Breyer referred to this Court the Non-Party Movants' ex parte application for a stay, as well as the discovery letter briefs seeking compliance with the subpoenas. Dkt. No. 95.

## II. LEGAL STANDARD

"A stay is not a matter of right" but is instead "an exercise of judicial discretion" and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 416, 433 (2009) (citations omitted); *see also Hilton v. Braunskill*, 481 U.S. 770, 777 (1987) ("[T]he traditional stay factors contemplate individualized judgments in each case). The requesting party bears the burden of showing that the circumstances justify an exercise of the court's discretion. *Nken*, 556 U.S. at 434 (citations omitted).

In determining whether a stay pending appeal is appropriate, the Court considers the following four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 434 (citing *Hilton*, 481 U.S. at 776).

Case No. 12-mc-80237 CRB (NC)
ORDER DENYING EX PARTE
APPLICATION FOR STAY

2

## III. DISCUSSION

### A. The Stay Factors

All four factors weigh in favor of denying a stay.

#### 1. Likelihood of Success on the Merits

Employing the four-part test established to determine the appropriateness of a stay, the Supreme Court has held that "[t]he first two factors of the traditional standard are the most critical." *Nken*, 129 S. Ct. at 1761. As for the first factor, the movant's likelihood of success on the merits must be "better than negligible" as "[m]ore than a mere possibility' of relief is required." *Id.* (citations omitted). The Court finds that the Non-Party Movants have not shown a likelihood of success on the merits that is better than negligible. The Non-Party Movants have not demonstrated that they have a First Amendment freedom of speech or association right at stake, nor that revelation of identifying information associated with specific email accounts would be a serious violation of privacy in contravention of the California Constitution. The Court significantly limited the scope of the subpoenas, the remaining information sought is relevant, and the use and distribution of the information is governed by a protective order.

#### 2. Irreparable Injury Absent Stay

Non-Party Movants here argue that they will suffer irreparable harm if the Court compels compliance with the subpoena because once the Does' information is learned by Chevron, it can never be unlearned. This is undeniable, however the Non-Party Movants have not demonstrated that the information sought is privileged or that revelation of the information will violate their constitutional rights. Further, any loss of privacy in the information is mitigated by the fact that Does voluntarily disclosed their information to third party ISPs, and because there is a protective order in place. Therefore, the Non-Party Movants have not demonstrated they will suffer irreparable harm if a stay is not granted.

#### 3. Irreparable Injury if Stay Granted

Although Non-Party Movants complain that compliance with the Court's order would moot the pending appeal, the flip side of the coin is that granting a stay would

effectively moot the Court's order, considering that the already-underway trial before the Honorable Judge Lewis A. Kaplan in the Southern District of New York would likely conclude before the Ninth Circuit could hear an appeal. If the Court granted a stay, Chevron would likely complete trial without the benefit of the information to which the Court found they are entitled. Therefore, Chevron has demonstrated that it will suffer irreparable harm if the stay is granted, considering the present posture of the case. Although Non-Party Movants argue that Chevron will not suffer harm because the information is of limited value at trial, the Court has already ruled that the information is relevant and that Chevron may use the Non-Party Movants' identities and ISP information to substantiate their RICO claims.

### 4. Public Interest

Although Non-Party Movants argue there is a public policy in favor of protecting privacy interests, the Court has already ruled that the privacy interests at stake are limited considering the Does' lack of anonymity. Additionally, a protective order is in place to prevent the general public from accessing the subpoenaed information. Further, there is a strong public interest in favor of timely compliance with orders of the court. There is also a public interest in proceeding with one trial in which all relevant information is available. Therefore, on balance, the public interest weighs in favor of denying the stay.

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES the Non-Party Movants' ex parte application for a stay pending appeal, and GRANTS Chevron's request to compel immediate compliance with the subpoenas. Yahoo! and Google are ORDERED, by 5:00 p.m. PST on Wednesday, October 23, 2013, to provide Chevron with documents as set forth in this Court's August 22, 2013 order.

Any party may seek review of this order from the District Court within 14 days. Civ. L.R. 72-2. However, the parties are reminded that absent a stay, immediate compliance with a discovery order is required.

1    IT IS SO ORDERED.

2    Date: October 21, 2013

                                                       _____
                                                       Nathanael M. Cousins
                                                       United States Magistrate Judge